**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| LORI WIGOD, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE, f/k/a WACHOVIA MORTGAGE, FSB,<br><br>Defendant. | Case No: 1:10-cv-02348<br>Honorable Blanche M. Manning |

## <u>ANSWER OF WELLS FARGO BANK, N.A.</u>

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, hereby answers the First Amended Complaint ("FAC") brought by plaintiff Lori Wigod ("plaintiff"), on behalf of herself and a purported class of others similarly situated.

Except as expressly admitted or denied hereon below, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the FAC.

1.    Paragraph 1 sets forth plaintiff's characterizations of this action to which no response is required.  To the extent that a further response may be required, Wells Fargo denies the allegations set forth therein.

2.    Wells Fargo denies the allegations set forth in Paragraph 2.

3.      In response to the first sentence of Paragraph 3, Wells Fargo states that 12 U.S.C. § 5211 speaks for itself as to its content.  Wells Fargo admits the allegations set forth in the second sentence of Paragraph 3.

4.      In response to the first sentence of Paragraph 4, Wells Fargo states that TARP and HAMP speak for themselves as to their content.  In response to the second sentence of Paragraph 4, Wells Fargo admits that it participates in HAMP and that it and other participants receive incentive payments in connection with the modification of mortgage loans for qualified borrowers.  Wells Fargo denies the remaining allegations in Paragraph 4.

5.      In response to the allegations in Paragraph 5, Wells Fargo admits that Michael J. Heid of Wells Fargo Home Mortgage executed an SPA on April 13, 2009, a copy of which is attached as Exhibit B to the FAC.  The SPA speaks for itself as to its content.

6.      In response to the allegations in Paragraph 6, Wells Fargo admits that it provided plaintiff, as well as other borrowers, with a HAMP Trial Period Plan ("TPP") pursuant to HAMP guidelines then in effect, and United States policy.  Wells Fargo denies the remaining allegations set forth in Paragraph 6.

7.      Wells Fargo denies the allegations set forth in Paragraph 7.

8.      Wells Fargo denies the allegations set forth in Paragraph 8.

## JURISDICTION

9.      Wells Fargo admits that the Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332(d)(2).

10.     Wells Fargo admits that venue is proper in this District and that the Court has supplemental jurisdiction over plaintiff's state law claims, but denies that it has engaged in any unlawful practices alleged in the FAC.

## PARTIES

11.     In response to the allegations in the first two sentences of Paragraph 11, Wells Fargo admits that plaintiff's home mortgage is the loan at issue in the case but Wells Fargo is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.  Wells Fargo denies the remaining allegations set forth in Paragraph 11.

12.     In response to Paragraph 12, Wells Fargo admits that it is a national banking association chartered in Sioux Falls, South Dakota, that one of the activities that Wells Fargo engages in is mortgage lending, and that Wells Fargo has offices at 420 Montgomery Street, San Francisco, California 94104.  Wells Fargo further admits Wells Fargo Home Mortgage is an operating division of Wells Fargo and that it has offices in Des Moines, Iowa.  Wells Fargo denies the remaining allegations set forth in Paragraph 12.

13.     In response to Paragraph 13, Wells Fargo states that Wachovia Mortgage, FSB merged into Wells Fargo Bank, N.A. and that Wells Fargo has committed to complying, and is obligated to comply, with HAMP guidelines as to each borrower's loan, including plaintiff's, regardless of whether the loan modification or TPP was provided by Wachovia or Wells Fargo.  Wells Fargo denies the remaining allegations set forth in Paragraph 13.

## FACTUAL BACKGROUND

14.     In response to the allegations set forth in Paragraph 14, Wells Fargo states that the report of the Congressional Oversight Panel speaks for itself as to its content. Wells Fargo further admits that there has been an increase in residential mortgage foreclosure activity in this country in the last several years. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14.

15.     Wells Fargo admits the allegations in Paragraph 15 and further states that the Emergency Economic Stabilization Act of 2008 and the American Recovery and Reinvestment Act of 2009 speak for themselves as to their content. To the extent that a further response is required, Wells Fargo admits that "protect[ing] home values" and "preserve[ing] homeownership" are among the purposes listed in 12 U.S.C. § 5201.

16.     In response to the allegations set forth in Paragraph 16 of the FAC, Wells Fargo states that 12 U.S.C. §§ 5211 and 5213(3) speak for themselves as to their content. To the extent that a further response is required, Wells Fargo admits the allegations set forth in Paragraph 16.

17.     In response to the allegations set forth in Paragraph 17 of the FAC, Wells Fargo states that 12 U.S.C. §§ 5219 and 5220 speak for themselves as to their content. To the extent that a further response is required, Wells Fargo admits that 12 U.S.C. § 5219 provides that "[t]o the extent that the Secretary acquires mortgages, mortgage backed securities, and other assets secured by residential real estate, including multifamily housing, the Secretary shall implement a plan that seeks to maximize assistance for

homeowners and use the authority of the Secretary to encourage the servicers of the underlying mortgages, considering net present value to the taxpayer, to take advantage of the HOPE for Homeowners Program under section 1715z–23 of this title or other available programs to minimize foreclosures. In addition, the Secretary may use loan guarantees and credit enhancements to facilitate loan modifications to prevent avoidable foreclosures," and admits that 12 U.S.C. § 5220 contains similar language.

18.     Upon information and belief, Wells Fargo admits the allegation set forth in the first sentence of Paragraph 18.   In response to the second and third sentences of Paragraph 18, Wells Fargo states that the guidelines, rules, and regulations that comprise HAMP speak for themselves as to their content.  Wells Fargo admits that, as a servicer participating in HAMP, it receives incentive payments under certain conditions as identified in HAMP program documentation.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the second and third sentences of Paragraph 18.

19.     In response to Paragraph 19, Wells Fargo admits that, as a mortgage servicer, it processes payments, manages escrow accounts, forwards interest and principal payments to appropriate noteholders or investors, and, among other things, assists customers with loss mitigation activities.  Wells Fargo's legal status and obligations as a servicer are contained in its servicing agreements with investors.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19.

20.     Wells Fargo states that, with respect to certain loans, a servicer must execute an SPA in order to participate in HAMP.  Wells Fargo denies the remaining allegations set forth in Paragraph 20.

21.     Wells Fargo admits that Michael J. Heid of Wells Fargo Home Mortgage executed an SPA on April 13, 2009, a copy of which is attached as Exhibit B to the FAC. Wells Fargo further states that the SPA speaks for itself as to its content.

22.     In response to Paragraph 22, Wells Fargo states that the SPA speaks for itself as to its content.  To the extent that a further response may be required, Wells Fargo admits that the SPA contains substantially similar language to that quoted in Paragraph 22.

23.     In response to Paragraph 23, Wells Fargo states that the SPA speaks for itself as to its content.

24.     In response to Paragraph 24, Wells Fargo states that the guidelines, rules, and regulations that comprise HAMP speak for themselves as to their content.

25.     In response to the allegations set forth in Paragraph 25, Wells Fargo admits that HAMP modifications generally proceed in two stages and that, prior to June 1, 2010, servicers were permitted, and encouraged as a matter of public policy, to place borrowers on TPPs prior to making a decision as to whether they qualified for a permanent HAMP modification.  Wells Fargo denies the remaining allegations, including that Wells Fargo determined that plaintiff was qualified for a permanent HAMP modification before it offered her a TPP.  In further answering, Wells Fargo

states that the guidelines, rules, and regulations that comprise HAMP speak for themselves as to their requirements.

26.     Wells Fargo admits that various form TPPs that servicers are required to use as a component of the HAMP program require borrowers, among other things, to make certain representations, provide certain information, and make trial period payments.  Wells Fargo further states that the form TPPs, guidelines, rules, and regulations that comprise HAMP speak for themselves as to their content.  Wells Fargo denies the remaining allegations set forth in Paragraph 26.

27.     Wells Fargo denies the allegations set forth in Paragraph 27.

28.     Wells Fargo denies the allegations set forth in Paragraph 28.

## FACTS RELATING TO NAMED PLAINTIFF

29.     In response to the allegations set forth in Paragraph 29, Wells Fargo states that, on or about September 4, 2007, plaintiff obtained a mortgage loan from American Mortgage Network, Inc., d/b/a AmNet Mortgage, secured by real property located in Chicago, Illinois.  Wells Fargo states that Wachovia Mortgage, FSB merged into Wells Fargo Bank, N.A.  Wells Fargo denies the remaining allegations set forth in Paragraph 29.

30.     In response to the first sentence of Paragraph 30, Wells Fargo admits that plaintiff communicated with Wells Fargo regarding obtaining a HAMP loan modification in April 2009.  Wells Fargo denies the remaining allegations set forth in Paragraph 30.

31.     In response to Paragraph 31, Wells Fargo admits that in May 2009 it communicated to plaintiff that she was eligible for a HAMP TPP and sent her documents related to the TPP for her execution.  To the extent that a further response may be required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31.

32.     In response to Paragraph 32, Wells Fargo admits that plaintiff returned an executed copy of a Home Affordable Modification Program Trial Loan Period to Wells Fargo, with a signature date of May 28, 2009.  Wells Fargo denies the remaining allegations set forth in Paragraph 32.

33.     In response to Paragraph 33, Wells Fargo states that the TPP, attached as Exhibit A to the FAC, speaks for itself as to its content.  To the extent that a further response may be required, Wells Fargo admits the allegations set forth in Paragraph 33 to the extent that Plaintiff's TPP, attached as Exhibit A to the FAC, contains the language quoted therein.

34.     In response to Paragraph 34, Wells Fargo states that the TPP, attached as Exhibit A to the FAC, speaks for itself as to its content.[1]  To the extent that a further response may be required, Wells Fargo admits the allegations set forth in Paragraph 34 to the extent that Plaintiff's TPP, attached as Exhibit A to the FAC, contains substantially similar language to that quoted in Paragraph 34.

---

[1]     Wells Fargo notes that the FAC includes two consecutive paragraphs labeled as Paragraph 34.  For clarity's sake, Wells Fargo refers to the second Paragraph 34 as "Paragraph 34a."

34a.    Wells Fargo denies the allegations set forth in Paragraph 34a.[2]

35.    Wells Fargo admits that it executed a copy of plaintiff's TPP, which bears the signature of a Wachovia Mortgage, FSB representative from June 4, 2009, and returned a copy to plaintiff.  Wells Fargo denies the remaining allegations set forth in Paragraph 35.

36.    In response to Paragraph 36, Wells Fargo states that the letter and TPP, attached as Exhibits C and A to the FAC, speak for themselves as to their content.  Wells Fargo admits that, on or about June 4, 2009, it sent plaintiff a letter regarding her HAMP application as well as a signed copy of her TPP.  Wells Fargo denies that either the referenced letter or TPP signified that plaintiff was determined qualified for a permanent HAMP modification.

37.    In response to Paragraph 37, Wells Fargo states that the documents attached as Exhibit D to the FAC speak for themselves as to their content.  To the extent that a further response may be required, Wells Fargo admits that plaintiff made, and Wells Fargo accepted pursuant to plaintiff's TPP, a number of payments to Wells Fargo in 2009 in the amount of $1,756.14.

38.    Wells Fargo denies the allegations set forth in Paragraph 38.

39.    In response to the allegations set forth in Paragraph 39, Wells Fargo admits that it has not provided plaintiff with a permanent modification of her mortgage loan because it determined that she was not qualified for such a modification under

_____

[2]    See note 1, supra.

applicable guidelines.  Wells Fargo denies the remaining allegations set forth in

Paragraph 39.

40.     In response to the allegations set forth in Paragraph 40, Wells Fargo states

that the letter, attached as Exhibit E to the FAC, speaks for itself as to its content.  To the

extent that a further response may be required, Wells Fargo admits it sent plaintiff a

letter dated October 7, 2009 that set forth her outstanding balance (as of October 3, 2009)

on her mortgage loan, including certain late charges that were added to her account

consistent with the terms of her note.  Wells Fargo denies the remaining allegations set

forth in Paragraph 40.

41.     In response to the allegations set forth in Paragraph 41, Wells Fargo states

that the letter, attached as Exhibit F to the FAC, speaks for itself as to its content.  To the

extent that a further response may be required, Wells Fargo admits that it sent plaintiff

a letter dated November 13, 2009 regarding its decision that plaintiff did not qualify for

a loan modification.

42.     In response to the allegations set forth in Paragraph 42, Wells Fargo states

that the November 15, 2009 letter from Wells Fargo speaks for itself as to its content.  To

the extent that a further response may be required, Wells Fargo admits that it accepted

plaintiff's trial payments and, further, that the letter notified plaintiff that her loan was

in default.  Wells Fargo denies the remaining allegations set forth in Paragraph 42.

43.     Wells Fargo denies the allegations set forth in Paragraph 43.

44.     In response to Paragraph 44, Wells Fargo states that any notices sent to

plaintiff speak for themselves as to their content.  In further response, Wells Fargo

admits that, to date, it has not provided plaintiff with a permanent modification of her mortgage loan, that plaintiff's loan is in default, and that plaintiff's mortgage and note permit acceleration of plaintiff's note and foreclosure in the event of such default.

## CLASS ALLEGATIONS

45.     Wells Fargo incorporates by reference its above responses in full.

46.     Paragraph 46 consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response may be required, Wells Fargo denies that the putative class meets the requirements for certification under Fed. R. Civ. P. 23.

47.     Paragraph 47 consists of plaintiff's nationwide class definition to which no response is required.  To the extent that a further response may be required, Wells Fargo denies that the putative class meets the requirements for certification under Fed. R. Civ. P. 23.

48.     Paragraph 48 consists of plaintiff's Illinois subclass definition to which no response is required.  To the extent that a further response may be required, Wells Fargo denies that the putative class meets the requirements for certification under Fed. R. Civ. P. 23.

49.     Paragraph 49 consists of plaintiff's characterization of this action to which no response is required.  To the extent that a further response may be required, Wells Fargo denies that the putative classes meet the requirements for certification under Fed. R. Civ. P. 23.

50.     Wells Fargo denies the allegations set forth in Paragraph 50.

51.     In response to the allegations set forth in Paragraph 51, Wells Fargo admits, upon information and belief, that the amount in controversy exceeds $5 million.

52.     Wells Fargo denies the allegations set forth in Paragraph 52, including subparagraphs (a) though (j).

53.     Wells Fargo denies the allegations set forth in Paragraph 53.

54.     Wells Fargo denies the allegations set forth in Paragraph 54.

55.     Wells Fargo denies the allegations set forth in Paragraph 55.

56.     Wells Fargo denies the allegations set forth in Paragraph 56.

57.     Wells Fargo denies the allegations set forth in Paragraph 57.

### COUNT I
### Breach of Contract
(On Behalf of Nationwide Class)

58.     Wells Fargo incorporates by reference its above responses in full.

59.     Paragraph 59 sets forth plaintiff's characterization of this action to which no response is required.   To the extent that a further response may be required, Wells Fargo denies that the putative class meets the requirements for certification under Fed. R. Civ. P. 23.

60.     Wells Fargo denies the allegations set forth in Paragraph 60.

61.     Wells Fargo denies the allegations set forth in Paragraph 61.

62.     Wells Fargo denies the allegations set forth in Paragraph 62.

63.     Wells Fargo denies the allegations set forth in Paragraph 63.

64.     Wells Fargo denies the allegations set forth in Paragraph 64.

65.     Wells Fargo denies the allegations set forth in Paragraph 65.

66.     Wells Fargo denies the allegations set forth in Paragraph 66.

67.     In response to the allegations set forth in Paragraph 67, Wells Fargo states that the TPP, attached as Exhibit A to the FAC, speaks for itself as to its content.  To the extent that a further response may be required, Wells Fargo admits that plaintiff's TPP contains the language quoted in Paragraph 67.

68.     In response to the allegations set forth in Paragraph 68, Wells Fargo states that the TPP, attached as Exhibit A to the FAC, speaks for itself as to its content.  To the extent that a further response may be required, Wells Fargo admits that plaintiff's TPP contains the language quoted in Paragraph 68, but otherwise denies the allegations set forth in Paragraph 68.

69.     Wells Fargo denies the allegations set forth in Paragraph 69.

70.     Wells Fargo denies the allegations set forth in Paragraph 70.

71.     Wells Fargo denies the allegations set forth in Paragraph 71.

72.     Wells Fargo denies the allegations set forth in Paragraph 72.

73.     Wells Fargo denies the allegations set forth in Paragraph 73, including subparagraphs (a) through (g).

74.     Wells Fargo denies the allegations set forth in Paragraph 74.

75.     Wells Fargo denies the allegations set forth in Paragraph 75.

76.     Wells Fargo denies the allegations set forth in Paragraph 76.

## COUNT II
### Promissory Estoppel, In the Alternative to Count I
(On Behalf of Nationwide Class)

77.     Wells Fargo incorporates by reference its above responses in full.

78.     Paragraph 78 sets forth plaintiff's characterization of this action to which no response is required.

79.     Wells Fargo denies the allegations set forth in Paragraph 79.

80.     Wells Fargo denies the allegations set forth in Paragraph 80.

81.     Wells Fargo denies the allegations set forth in Paragraph 81.

82.     Wells Fargo denies the allegations set forth in Paragraph 82.

83.     Wells Fargo denies the allegations set forth in Paragraph 83.

<div align="center">

**COUNT III**
**Breach of Servicer Participation Agreement as Intended Third-Party Beneficiary**
(On Behalf of Nationwide Class)

</div>

Wells Fargo does not respond to Paragraphs 84 through 91 because plaintiff's claim for breach of the SPA was dismissed by this Court's Order dated January 25, 2011, and plaintiff did not appeal that dismissal.  *See* Docket No. 59; Plaintiff's Appellate Brief, at n. 4 (7th Cir. Appeal No. 11-15166, Dckt. No. 20).

<div align="center">

**COUNT IV**
**Negligent Hiring and Supervision**
(On Behalf of Nationwide Class)

</div>

Wells Fargo does not respond to Paragraphs 92 through 102 because the United States Court of Appeals for the Seventh Circuit affirmed this Court's previous dismissal of plaintiff's claim for negligent hiring and supervision.  *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012).

<div align="center">

**COUNT V**
**Fraudulent Misrepresentation/Concealment**
(On Behalf of Nationwide Class)

</div>

103.    Wells Fargo incorporates by reference its above responses in full.

104.    Wells Fargo denies the allegations set forth in Paragraph 104.

105.    Wells Fargo denies the allegations set forth in Paragraph 105.

106.    Wells Fargo denies the allegations set forth in Paragraph 106.

107.    Wells Fargo denies the allegations set forth in Paragraph 107.

108.    Wells Fargo denies the allegations set forth in Paragraph 108.

*Concealment I – Failure to Disclose Participation Renders Borrower In Default*

Wells Fargo does not respond to Paragraphs 109 through 113 because the United States Court of Appeals for the Seventh Circuit affirmed this Court's previous dismissal of plaintiff's claim for fraudulent concealment. *See Wigod*, 673 F.3d 547.

*Concealment II – Failure to Disclose Potential for Reconsideration*

Wells Fargo does not respond to Paragraphs 114 through 118 because the United States Court of Appeals for the Seventh Circuit affirmed this Court's previous dismissal of plaintiff's claim for fraudulent concealment. *See Wigod*, 673 F.3d 547.

<u>**COUNT VI**</u>
**Negligent Misrepresentation/Concealment**
(On Behalf of Nationwide Class)

Wells Fargo does not respond to Paragraphs 119 through 122 because the United States Court of Appeals for the Seventh Circuit affirmed this Court's previous dismissal of plaintiff's claim for negligent misrepresentation or concealment. *See Wigod*, 673 F.3d 547.

<u>**COUNT VII**</u>
**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") 815 ILCS 505/1 *et seq.***
(On Behalf of Illinois Subclass)

123.    Wells Fargo incorporates by reference its above responses in full.

124.    Wells Fargo denies the allegations set forth in Paragraph 124.

125.    Wells Fargo denies the allegations set forth in Paragraph 125.

126.    Wells Fargo denies the allegations set forth in Paragraph 126, including subparagraphs (a) through (i).

127.    Wells Fargo denies the allegations set forth in Paragraph 127.

## PRAYER FOR RELIEF

Wells Fargo denies that plaintiff is entitled to the requested relief, including subparagraphs (A) through (L).

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's claims are barred, in whole or in part, because she has not suffered any damages or ascertainable loss.

### Second Defense

Plaintiff's claims are barred by plaintiff's binding, voluntary agreement to the terms and conditions of her Mortgage and Note.

### Third Defense

Plaintiff's claims are barred by the voluntary payment doctrine.

### Fourth Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and ratification.

### Fifth Defense

Plaintiff's claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

### Sixth Defense

Plaintiff's claims are barred by her failure to mitigate damages.

### Seventh Defense

Wells Fargo has, at all times relevant to this action, complied with all applicable rules, requirements, laws, and regulations, including as set forth in its Amended Servicer Participation Agreement and the program guidelines that comprise the Home Affordable Modification Program ("HAMP"), with respect to plaintiff's mortgage loan.

### Eighth Defense

Count One is barred due to lack of consideration.

### Ninth Defense

Any alleged violation by Wells Fargo was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Tenth Defense

Plaintiff's claims are barred by application of the doctrine of unclean hands.

### Eleventh Defense

Plaintiff's claims are barred because any damages incurred by plaintiff were a direct and proximate result of acts, omissions, negligence, or other culpable conduct of plaintiff or third parties not within the knowledge or control of Wells Fargo, for which acts or omissions Wells Fargo is not responsible.

**Twelfth Defense**

Plaintiff's claims are subject to set-off, including, but not limited to, against all sums due and owing by plaintiff under her Note.

**Thirteenth Defense**

Plaintiff's claims are barred, in whole or in part, because any alleged acts or failures to act on the part of Wells Fargo were excused by the actions of plaintiff.

**Fourteenth Defense**

The Court lacks subject matter jurisdiction over plaintiff's claims.

**Fifteenth Defense**

Plaintiff's claims are barred by the doctrine of first in material breach.

**Sixteenth Defense**

Plaintiff's claims are preempted by federal law.

**Seventeenth Defense**

Wells Fargo hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

**WHEREFORE**, defendant Wells Fargo Bank, N.A. respectfully requests that the Court:

i.      Enter judgment in Wells Fargo's favor on all counts of the First Amended Complaint;

ii.     Dismiss the First Amended Complaint with prejudice;

iii.    Award Wells Fargo its costs and expenses, including attorneys' fees, incurred in this action; and

iv.    Grant such other relief as the Court deems just and proper.

<div style="margin-left:40%">

WELLS FARGO BANK, N.A.

By its attorneys,

*/s/ Irene C. Freidel*
Irene C. Freidel (N.D. Ill. Bar No. 559051)
David D. Christensen (*pro hac vice*)
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175
irene.freidel@klgates.com
david.christensen@klgates.com

Michael J. Hayes (Bar No. 01161725)
Jessica A. Baer (Bar No. 6295818)
**K&L GATES LLP**
70 W. Madison St., 3100
Chicago, IL 60602
Telephone: 312.372.1121
Facsimile: 312.827.8000
michael.hayes@klgates.com
jessica.baer@klgates.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 10, 2012, I will electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will then

send a notice of electronic filing to all counsel or parties of record on the attached

service list.

<div align="right">

*/s/ Irene C. Freidel*
Irene C. Freidel

</div>

## <u>SERVICE LIST</u>

### Case No. 1:10-cv-02348

Rafey S. Balabanian
rbalabanian@edelson.com
**Edelson McGuire, LLC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

*Counsel for Plaintiff Lori Wigod*

Steven Lezell Woodrow
swoodrow@edelson.com
**Edelson McGuire, LLC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

*Counsel for Plaintiff Lori Wigod*

Irina Slavina
islavina@edelson.com
**Edelson McGuire, LLC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

*Counsel for Plaintiff Lori Wigod*