IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LORI WIGOD, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE, f/k/a WACHOVIA MORTGAGE, FSB,<br><br>Defendant. | Case No: 1:10-cv-02348<br><br>Honorable Blanche M. Manning |

**RESPONSE OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S REQUEST FOR DEFERRED RULING ON MOTION FOR CLASS CERTIFICATION**

Pursuant to the Court's Minute Order dated June 4, 2012 (Dckt. No. 90), defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully responds to the portion of plaintiff's motion for class certification requesting a deferred ruling on class certification (plaintiff's "Motion for Class Certification," Dckt. No. 87). Plaintiff seeks to represent classes of Wells Fargo customers who were "pre-verified" for a permanent HAMP modification, made payments under a trial plan, but did not ultimately receive a permanent modification.

Plaintiff filed her Motion for Class Certification on May 29, 2012, even though no discovery in the case has been completed.[1] Plaintiff, through counsel, has stated that

---

[1] Plaintiff has wrongly insinuated to the Court that Wells Fargo has not met its existing discovery obligations in the case. See Dckt. No. 87 at 4-5. In fact, by agreement of the parties, Wells Fargo's responses to plaintiff's 75 document requests are not due until June 21, 2012, but Wells Fargo has already begun producing responsive documents. The parties have not yet

the Motion for Class Certification is merely a "placeholder motion" for class certification, filed by plaintiff's counsel to avoid the possibility that Wells Fargo might try to "buy off" plaintiff and moot her ability to pursue class certification. Plaintiff, however, recognizes that some discovery is necessary to adequately brief her Motion and prepare a sufficient record for the Court's adjudication.

Plaintiff's claims, on their face, are not suitable for class certification for many reasons, including, because class treatment of plaintiff's claims is not the superior method for adjudicating putative class members' rights. The recently executed Consent Judgment between Wells Fargo (along with other loan servicers) and the United States and 49 of the 50 States (i.e., the National Mortgage Settlement),[2] and the Consent Order entered into between Wells Fargo and the Office of the Comptroller of the Currency (the "OCC"), provides relief that largely overlaps with what plaintiff seeks here. Manson v. GMAC Mortgage, LLC, --- F. Supp. 2d ----, 2012 WL 1500203, at *8 (D. Mass. Apr. 30, 2012) (denying class certification).

Moreover, the OCC Consent Order relieves the Court of jurisdiction over plaintiff's claims. See In re Wells Fargo Bank, N.A., AA-EC-11-19 (U.S. Treasury Dep't.

---

conducted depositions, but Wells Fargo has identified its Rule 30(b)(6) witness and plaintiff's counsel has the names of numerous other potential witnesses. Plaintiff has not yet served any interrogatories (not even 25), but instead has filed a motion for leave to serve 150 interrogatories (Dckt. Nos. 74, 78). Finally, plaintiff has served Wells Fargo with 297 requests for admission for which Wells Fargo has sought a protective order (Dckt. No. 93).

[2] The Wells Fargo Consent Judgment that is a part of the National Mortgage Settlement is available online at https://d9klfgibkcquc.cloudfront.net/Consent_Judgment_WellsFargo-4-11-12.pdf.

Mar. 31, 2011 ("Consent Order").[3] The OCC issued the Consent Order pursuant to 12 U.S.C. § 1818, which is part of the Financial Institutions Supervisory Act ("FISA"). Through FISA, Congress mandated that "no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order." 12 U.S.C. § 1818(i)(1). Under its Consent Order, Wells Fargo is required to undergo a retrospective review to identify and remediate injuries caused by any improper conduct with respect to Wells Fargo's loss mitigation activities -- including loan modifications and forbearance agreements -- during 2009 and 2010. See Consent Order. This squarely implicates the time period and activities during which plaintiff's claims arose. The adjudication of plaintiff's claims by this Court could directly impact the factual determinations and remediation undertaken in the OCC review process.

Finally, any common issues will not predominate over questions affecting only individual class members. Rather, as to each putative class member, the factfinder will have to decide, among other things, whether Wells Fargo complied with HAMP guidelines when it determined that it could not provide the borrower with a permanent HAMP modification based on the borrower's individual factual, including financial, circumstances. See Yau v. Deutsche Bank National Trust Co., SACV 11-00006-

---

[3] A copy of the Wells Fargo Consent Order is available online at http://www.occ.gov/news-issuances/news-releases/2011/nr-occ-2011-47k.pdf ("Wells Fargo Consent Order").

JVS(RNBx), slip op. at 16-17, (C.D. Cal. May 9, 2011) (HAMP-based claims not subject to class certification due to predominance of individual issues).[4]

Nonetheless, with respect to issues that require a factual analysis, such as (but not limited to) plaintiff's adequacy as a potential class representative, Wells Fargo agrees that the parties may need to conduct certain discovery for the Court to conduct a "rigorous analysis" as to whether plaintiff can satisfy the requirements of Rule 23. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). (As reflected by footnote 1 above, however, the parties disagree on the appropriate scope of pre-certification discovery.) Accordingly, Wells Fargo does not object to plaintiff's request for a deferred ruling on class certification pending a reasonable period to complete discovery of facts bearing on whether plaintiff's claims satisfy the requirements for certification pursuant to Rule 23.

In accordance with the deferred ruling, Wells Fargo also requests that its response to plaintiff's Motion also be deferred. In her Motion, plaintiff seeks the

---

[4] The Finlinsons, who plaintiff seeks to add as class representatives (Dckt. No. 83), illustrate the manner in which individualized issues predominate in this case. The Finlinsons allege that they failed to receive a permanent modification due to issues pertaining to federal tax liens on their property. Dckt. 83-1, ¶ 55. Because HAMP guidelines mandate that any modified mortgage loan be in a first-lien position,[4] such lien issues must be resolved prior to the issuance of a permanent loan modification. Whether the federal tax liens could have or should have been subordinated (and whether subordination would have entitled the Finlinsons to a modification) is a fact-intensive question that is unique to the Finlinsons. That the Finlinsons may have been pre-verified and made their TPP payments does not end the inquiry into whether they were entitled to a permanent modification. Accordingly, putative class members' claims will not succeed or fail "in one stroke," but rather through a mini-trial that examines the circumstances of each particular borrower.

opportunity to submit supplemental briefing after "a reasonable period to complete discovery." Pl. Mot. at ii. Wells Fargo requests that the deadline for its response to plaintiff's Motion for Class Certification be set for thirty (30) days after plaintiff files her supplemental briefing.[5] Requiring Wells Fargo to respond to plaintiff's Motion for Class Certification at this early stage of the discovery process would be unfairly prejudicial, because Wells Fargo does not yet know what factual record plaintiff intends to rely upon to support her motion.

## Conclusion

For all of these reasons, defendant Wells Fargo Bank, N.A. respectfully requests that, if the Court defers ruling on plaintiff's Motion for Class Certification until after a reasonable period to complete discovery of facts bearing on whether plaintiff can satisfy the requirements of Rule 23, the Court sets the date for Wells Fargo to respond to plaintiff's Motion for Class Certification thirty (30) days from plaintiff's filing of any supplemental briefing related thereto. Wells Fargo further requests such other relief as this Court deems just and proper.

---

[5] Wells Fargo does not object to plaintiff's request for supplemental briefing on her Motion, provided that Wells Fargo need not respond to her Motion until *after* such supplemental briefing is filed.

Respectfully submitted,

WELLS FARGO BANK, N.A. d/b/a
WELLS FARGO HOME MORTGAGE, f/k/a
WACHOVIA MORTGAGE, FSB,

By its attorneys,

June 8, 2012

*/s/ Irene C. Freidel*

Irene C. Freidel (N.D. Ill. Bar No. 559051)
David D. Christensen (*pro hac vice*)
Kristin A. Davis (*pro hac vice*)
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
irene.freidel@klgates.com
david.christensen@klgates.com
kristin.davis@klgates.com

Michael J. Hayes (Bar No. 01161725)
Jessica A. Baer (Bar No. 6295818)
**K&L GATES LLP**
70 W. Madison St., 3100
Chicago, IL 60602
Telephone: 312.372.1121
Facsimile: 312.827.8000
michael.hayes@klgates.com
jessica.baer@klgates.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 8, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on the below service list.

/s/ Irene C. Freidel
Irene C. Freidel

## SERVICE LIST

**Case No. 1:10-cv-02348**

Rafey S. Balabanian
rbalabanian@edelson.com
**Edelson McGuire, LLC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

*Counsel for Plaintiff Lori Wigod*

Steven Lezell Woodrow
swoodrow@edelson.com
**Edelson McGuire LLC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

*Counsel for Plaintiff Lori Wigod*

Irina Slavina
islavina@edelson.com
**Edelson McGuire, LLC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

*Counsel for Plaintiff Lori Wigod*