# Group Exhibit A

# Exhibit A-1

DRAFT – CLAIM FORM – Grp 1

# ***GROUP 1 CLAIM FORM***

### *LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 1 IN CONNECTION WITH THE *WIGOD* SETTLEMENT. AS A GROUP 1 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM IF YOU WISH TO RECEIVE A NEW LOAN MODIFICATION REVIEW OR TO OBTAIN A MONETARY BENEFIT**

**THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY OCTOBER 10, 2014**

If you wish to apply for a loan modification in connection with the *Wigod* settlement, you must complete and submit this Claim Form to the Settlement Administrator by **October 10, 2014** (at the address provided below**).** If you submit a timely Claim Form requesting a loan modification review, a Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. **If there is more than one borrower on a single account, only one Claim Form may be submitted**. Please read the accompanying Notice and this Claim Form to understand all of your legal rights and options under the Settlement.

| **INSTRUCTIONS FOR SUBMITTING CLAIM FORM** |
| --- |
| Fill out Part A on the next page by providing your contact and property information. As set forth in Part B, if you are currently the owner-occupier of the property, you may elect to have your loan reviewed to determine if it qualifies for a modification *even if the loan has already been reviewed*, to receive holistic credit counseling services, or both. If your loan is currently being reviewed for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement. In Part C, include any necessary information and sign the Claim Form. Submit the signed Claim Form via U.S. Mail, email, facsimile, or via the Settlement Website to the Settlement Administrator at the address below. Mailed Claim Forms must be postmarked by **October 10, 2014.** Claim forms submitted via email, facsimile, or via the Settlement Website (www.WigodHAMPSettlement.com) must be transmitted by **October 10, 2014**. Keep a copy of the completed Claim Form for your records. Unsigned claim forms will not be accepted. If you are seeking a new loan modification review, you must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel, which you will receive approximately two weeks after October 10, 2014 if you submit a Claim Form. |

The Settlement Administrator's contact information
is as follows:

<<Settlement Administrator>>
<<Address Line 1>>
<<Address Line 2>>
<<email address>>
<<Facsimile number>>
<<Toll free number>>

If you are approved for a loan modification based on the information you submit, Wells Fargo will send you a notice that will enclose either a trial or permanent modification, depending on investor and program guidelines. If you wish to accept the modification that is offered, you may do so by following the instructions set forth in the approval notice. If your loan does not meet the requirements for modification, you will receive a denial notice. If you wish to contest Wells Fargo's determination of your eligibility or the terms of any modification offered, you may do so by following the appeal instructions set forth in the notice of approval or denial that you receive from Wells Fargo. If you are denied for a modification, and your appeal (if any) is thereafter denied, you will have the opportunity to enter into a Relocation Agreement with Wells Fargo, under

DRAFT – CLAIM FORM – Grp 1

which you will be required to vacate your property in exchange for a monetary payment. (If you are approved for a loan modification or appeal the terms of any offered modification, you are not eligible to receive a Relocation Agreement under the Settlement.) The amount of the payment will be determined once all claims are submitted. If your loan does not qualify for a permanent modification and you choose not to enter into a Relocation Agreement, your property may be subject to foreclosure proceedings.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

## *WIGOD SETTLEMENT GROUP 1 CLAIM FORM*

### PART A - CLAIMANT INFORMATION (all information in this section is required)

Name: _____ _____ _____ *
    *(First)*                          *(Middle)*                      *(Last)*

Address: _____
          *(Street)*

_____ ____ _____ ___ ___ __
*(City)*                               *(State)*        *(Zip Code)*

Phone Number: **( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___**

Email Address: _____ @ _____

Loan Number (if available): _____

Address of property securing the loan serviced or held by Wells Fargo (if different from address above):

_____ _____
      *(Street*

_____ _____ ____ _____ ____
      *(City)*                        *(State)*        *(Zip Code)*

_____

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court ordered name change).*

### PART B – ELECTION OF SETTLEMENT RELIEF (both may be selected)

☐ I elect to receive a new review to determine if my loan qualifies for a modification. I understand that I must submit to Wells Fargo all required documents on the Document Checklist that will be provided to me by Class Counsel after I submit this claim form.

☐ My mortgage loan is currently under review for a loan modification by Wells Fargo.

☐ I elect holistic credit counseling services through the Homeownership Preservation Foundation network.

```
DRAFT – CLAIM FORM – Grp 1
```

## PART C – CERTIFICATION

By signing this Claim Form, I verify that:

- I am a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

- I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

- I made at least three (3) trial plan payments but never received a permanent HAMP modification.

- I am currently at least one month past due on my mortgage loan.

- I have not already entered into a legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

- If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you:$ _____/_____(date).

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

Signature: _____ Date: _____

_____

Print Name: _____

*Only 1 borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

## NOTIFICATIONS

**ATTENTION:** Class Counsel have been appointed by the Court to assist you in this case and in connection with the loan modification review process that is a part of this Settlement. You may contact Class Counsel with any questions toll free at (866) 354-3015. Additional information, including a copy of the Settlement Agreement, court filings, and the Document Checklist, can be obtained by visiting www.WigodHampSettlement.com.

***Class Members may choose to seek independent tax advice regarding the impact of any modification that may be offered as part of the Settlement***

# Exhibit A-2

DRAFT – CLAIM FORM – Grp 2

# ***GROUP 2 CLAIM FORM***

### *LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 2 IN CONNECTION WITH THE *WIGOD* SETTLEMENT. AS A GROUP 2 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM IF YOU WISH TO RECEIVE A NEW LOAN MODIFICATION REVIEW OR TO OBTAIN A MONETARY BENEFIT**

THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY **OCTOBER 10, 2014.**

If you wish to apply for a modification in connection with the *Wigod* settlement, you must complete and submit this Claim Form to the Settlement Administrator prior to **October 10, 2014** (at the address provided below). If you submit a timely Claim Form requesting a loan modification review, a Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. **If there is more than one borrower on a single account, only one Claim Form may be submitted.** Please read the accompanying Notice and this Claim Form to understand all of your legal rights and options under the Settlement.

| INSTRUCTIONS FOR SUBMITTING CLAIM FORM |
| --- |
| Fill out Part A on the next page by providing your contact and property information. As set forth in Part B, if you are currently the owner-occupier of the property, you may elect to have your loan reviewed to determine if you are eligible for a modification *even if the loan has already been reviewed*, or to receive an alternative monetary payment of up to $250. If your loan is currently being reviewed for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement. You may also elect to receive holistic credit counseling services in addition to all other benefits. In Part C, include any necessary information and sign the Claim Form. <u>Submit the signed Claim Form via U.S. Mail, email, facsimile, or via the Settlement Website to the Settlement Administrator at the address below.</u> Mailed Claim Forms must be postmarked by **October 10, 2014.** Claim forms submitted via email, facsimile, or via the Settlement Website (www.WigodHAMPSettlement.com) must be transmitted by **October 10, 2014**. Keep a copy of the completed Claim Form for your records. <u>Unsigned claim forms will not be accepted.</u> If you are seeking a new loan modification review, you must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel, which you will receive approximately two weeks after October 10, 2014 if you submit a Claim Form. |
| The Settlement Administrator's contact information:<br><br>    <<Settlement Administrator>><br>    <<Address Line 1>><br>    <<Address Line 2>><br>    <<email address>><br>    <<Facsimile number>><br>    <<Toll free number>> |

If you are approved for a loan modification based on the information you submit, Wells Fargo will send you a notice that will enclose either a trial or permanent modification, depending on investor and program guidelines. If you wish to accept the modification that is offered, you may do so by following the instructions set forth in the approval notice. If your loan does not meet the requirements for modification, you will receive a denial notice. If you wish to contest Wells Fargo's determination of your eligibility or the terms of any

DRAFT – CLAIM FORM – Grp 2

modification offered, you may do so by following the appeal instructions set forth in the notice of approval or denial that you receive from Wells Fargo. If you are denied for a loan modification or if you decide not to accept the loan modification offered to you, you may thereafter complete and return a Monetary Benefit Request Form for a monetary payment. The amount of the payment will be determined once all claims are submitted. (If you reject a modification offered to you, the maximum you may receive is $250.) If you choose not to submit a new application for a loan modification review, you may simply elect to receive the alternative payment of $250. You will receive a check in the event that the Court approves the Settlement and the Settlement becomes Final.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

---

### *WIGOD SETTLEMENT GROUP 2 CLAIM FORM*

### PART A - CLAIMANT INFORMATION (all information in this section is required)

**Name**: _____ *
　　　　　　　*(First)*　　　　　　　　　*(Middle)*　　　　　　*(Last)*

**Address**: _____
　　　　　　*(Street)*

_____　_____　_____ _____ _____
*(City)*　　　　　　　　　　　　　　　*(State)*　　　*(Zip Code)*

Phone Number: (___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ ___

Email Address: _____@_____

Loan Number (if available): _____

**Address of property securing the loan serviced or held by Wells Fargo** (if different from address above):

_____
　　　　*(Street)*

_____　_____　_____ _____ _____
　　　*(City)*　　　　　　　　　　　　　*(State)*　　　*(Zip Code)*

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court ordered name change).*

### PART B – ELECTION OF SETTLEMENT RELIEF (You may check one of the first two options. You may additionally check the third option regardless of which of the first two options, if either, you select)

☐ I elect to receive a new review to determine if my loan qualifies for a modification. I understand that I must submit to Wells Fargo all of the required documents on the Document Checklist that will be provided to me by Class Counsel after I submit this claim form.

☐ My mortgage loan is currently under review for a loan modification by Wells Fargo.

☐ Instead of a loan review, I elect the Monetary Benefit of $250.

```
DRAFT – CLAIM FORM – Grp 2
```

☐ I elect holistic credit counseling services through the Homeownership Preservation Foundation network.

| **PART C – CERTIFICATION** |
|---|

By signing this Claim Form I verify that:

- I am a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

- I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

- I made at least three (3) trial plan payments but never received a permanent HAMP modification.

- I am current on my mortgage loan.

- I have not already entered into a legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

- If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you: $ _____/_____(date).

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

Signature:_____ Date: _____

Print Name: _____

*Only 1 borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

| **NOTIFICATIONS** |
|---|

**ATTENTION**: Class Counsel have been appointed by the Court to assist you in this case and in connection with the loan modification review process that is a part of this Settlement. You may contact Class Counsel with any questions toll free at (866) 354-3015.

***Class Members may choose to seek independent tax advice regarding the impact of any modification that may be offered as part of the Settlement***

# Exhibit A-3

DRAFT – CLAIM FORM – Grp 3

# ***GROUP 3 CLAIM FORM***

### *LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 3 IN CONNECTION WITH THE *WIGOD* SETTLEMENT.  AS A GROUP 3 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM TO BE ELIGIBLE FOR A MONETARY BENEFIT**

THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY <u>OCTOBER 10, 2014</u>.

If you wish to obtain a monetary benefit from the *Wigod* settlement, you must complete and mail this Claim Form, along with a completed and signed IRS Form W-9 which is available on the Settlement Website (www.WigodHAMPSettlement.com), to the Settlement Administrator by **October 10, 2014**.  You may submit this Claim Form and IRS Form W-9 via the Settlement Website or via mail, email, or facsimile to the Settlement Administrator at the addresses or number set forth below. **If there is more than one borrower on a single loan, only one claim form may be submitted**. Please read the accompanying Notice and this Claim Form to understand all of your legal rights and options under the Settlement. The amount of the payment that you are eligible to receive will be determined after all claims are submitted.

---

### INSTRUCTIONS FOR SUBMITTING CLAIM FORM

Fill out Part A on the next page by providing your contact and property information. In Part B, check the box indicating your election to receive the Monetary Benefit, holistic credit counseling, or both. In Part C, include any necessary information and sign the Claim Form. Additionally, you must submit a completed and signed IRS Form W-9.  For Claim Forms sent via mail, email, or facsimile, you must complete and sign IRS Form W-9, which is available on the Settlement Website, and submit it with the Claim Form.  For Claim Forms submitted through the Settlement Website, you will be prompted to electronically provide the information for the IRS Form W-9 before your Claim Form can be submitted.

Mailed Claim Forms must be postmarked by **October 10, 2014**.  Claim Forms submitted via email, facsimile, or via the Settlement Website must be transmitted no later than **October 10, 2014**.  Keep a copy of the completed Claim Form for your records. <u>Unsigned claim forms will not be accepted</u>.

The Settlement Administrator's contact information is as follows:

&lt;&lt;Settlement Administrator&gt;&gt;
&lt;&lt;Address Line 1&gt;&gt;
&lt;&lt;Address Line 2&gt;&gt;
&lt;&lt;email address&gt;&gt;
&lt;&lt;Facsimile number&gt;&gt;
&lt;&lt;Toll free number&gt;&gt;

If the Court approves the Settlement and the Settlement becomes Final, and your Claim is approved, you will receive a check in an amount to be determined after all claims are received.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

DRAFT – CLAIM FORM – Grp 3

### *WIGOD SETTLEMENT GROUP 3 CLAIM FORM*

### PART A - CLAIMANT INFORMATION (all information in this section is required)

**Name**: _____ _____
         *(First)*                       *(Middle)*               *(Last)*

**Address**: _____
          *(Street)*

_____ _____ ___ ___ ___ ___ ___
*(City)*                         *(State)*           *(Zip Code)*

**Phone Number: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___**

**Email Address:**_____@_____

**Loan Number (if available):** _____

**Address of property that secured the loan serviced or held by Wells Fargo** (if different from address above):

_____ _____
          *(Street)*

_____ _____ ___ ___ ___ ___ ___
          *(City)*                       *(State)*       *(Zip Code)*

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court ordered name change).*

### PART B – ELECTION OF SETTLEMENT RELIEF (both may be checked)

☐ I elect the Monetary Benefit.

☐ I elect holistic credit counseling services through the Homeownership Preservation Foundation network.

### PART C – CERTIFICATION

By signing this Claim Form I verify that:

•      I was a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

•      I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

•      I made at least three (3) trial plan payments but never received a permanent HAMP modification.

DRAFT – CLAIM FORM – Grp 3

• My loan was subject to a foreclosure sale, deed-in-lieu, short sale, was transferred to a new servicer other than Wells Fargo, or has been paid-in-full.

• I have not entered into another legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

• If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you: $_____/_____(date).

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

Signature: _____ Date: _____
_____
Print Name: _____ _____

*Only 1 borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

# Exhibit B

# LEGAL NOTICE
## IF YOU RECEIVED A HAMP TRIAL PLAN (TPP) FROM WACHOVIA MORTGAGE, F.S.B. (RALEIGH) IN 2009 AND MADE THREE OR MORE PAYMENTS BUT DID NOT RECEIVE A PERMANENT HAMP LOAN MODIFICATION FROM WELLS FARGO BANK, N.A., YOU MAY BE ENTITLED TO BENEFITS UNDER A CLASS ACTION SETTLEMENT

*Wigod et al. v. Wells Fargo Bank, N.A.* Case No. 10-cv-02348 (N.D. Ill.)
*Visit www.WigodHAMPSettlement.com for more information*

A nationwide settlement has been proposed in a class action lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo"). The lawsuit, called *Wigod v. Wells Fargo*, is pending in the United States District Court for the Northern District of Illinois. Your legal rights may be affected whether you act or don't act. Please read this notice carefully. Please also visit **www.WigodHAMPSettlement.com** to learn more about the Settlement and access important case documents.

### What is This Case About?
The lawsuit claims that Wells Fargo failed to provide permanent HAMP loan modifications to borrowers who made at least three trial period payments under a verified HAMP trial plan. A verified HAMP trial plan is one where the borrower's eligibility for a permanent HAMP modification is determined prior to the start of his or her HAMP trial plan based on verified financial documents provided by the borrower. Wells Fargo denies that it violated any law and maintains that it did nothing wrong. The Court has not determined who is right. Instead, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of further litigation.

### How Do I Know if I am Included in the Settlement?
The settlement includes a group of people called "Class Members." You are a Class Member if you are or were a U.S. borrower: (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation, (2) whose HAMP TPP was signed by both you and Wachovia (Raleigh), (3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009, and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing.

### What Can I Get From the Settlement?
If approved, Settlement Class Members who still own and reside in their homes, and whose loans are still serviced by Wells Fargo, but are in default or at risk of default (Group 1) are eligible to submit a new loan modification application and, if determined by Wells Fargo to be ineligible for a modification, may enter into a Relocation Agreement with Wells Fargo, which will entitle the Settlement Class Member to a monetary payment in exchange for agreeing to vacate the property by a date certain. Settlement Class Members who still own and reside in their homes, whose loans are still serviced by Wells Fargo, and are current on their loans (Group 2), may submit a new loan modification application or elect to receive an alternative monetary payment of $250. Group 2 Class Members who are eligible to be reviewed for a loan modification but whose application is denied (or who decline an offered modification) may request a monetary benefit. Settlement Class Members who no longer own their homes or no longer have a loan that is serviced by Wells Fargo (Group 3) may only claim a cash payment.

If your loan is already under review for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement.

### How Can I Obtain a New Loan Modification Review?
Group 1 and Group 2 Class Members may elect to receive a new review to determine if they are eligible for a permanent loan modification by completing the included Claim Form, submitting it to the Settlement Administrator by **October 10, 2014**. If you submit a timely Claim Form requesting a modification review, in approximately two weeks following October 10, 2014, Class Counsel will send you a Document Checklist that sets forth the documents that you need to send to Wells Fargo in order for your loan to be reviewed for a modification. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel . Wells Fargo will review new loan modification applications, under all available programs, within thirty (30) days of receiving all required documents. Class Members must sign the Claim Form under penalty of perjury, and Wells Fargo reserves the right to confirm that the information provided in the Claim Form is accurate.

### How Can I Receive a Cash Payment from the Settlement?

Group 1 Settlement Class Members who are determined to be ineligible for a loan modification (including after an appeal) can receive a cash payment by timely submitting a Request for Relocation Agreement form that will be provided by the Settlement Administrator and available on the Settlement Website. The amount of cash payments will be determined after all claims are received. Group 1 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

Group 2 Settlement Class Members who are determined to be ineligible for any loan modification (including after appeal) or who reject a loan modification offered by Wells Fargo can receive a cash payment by completing the Monetary Benefit Request Form provided by the Settlement Administrator and available on the Settlement Website. The amount of cash payments will be determined after all claims are received. As an alternative, Group 2 Settlement Class Members may elect to receive a $250 Payment in lieu of submitting a new loan modification application by checking the appropriate box on the Group 2 Claim Form and timely submitting it to the Settlement Administrator. Except for those electing a $250 payment, Group 2 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

Group 3 Settlement Class Members can receive a cash payment by timely submitting the Group 3 Claim Form to the Settlement Administrator. The amount of cash payments will be determined after all claims are received. Group 3 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

A copy of the Claim Form applicable to your loan is enclosed with this Notice. If you wish to contest your group classification, you must contact Class Counsel within 15 days of receiving this notice. Claim Forms for all groups, the Document Checklist, the Request for Relocation Agreement (Group 1), and Monetary Benefit Request Form (Group 2) are also available from the Settlement Website at **www.WigodHAMPSettlement.com**.

You can submit the applicable Claim Form to the Settlement Administrator by email, U.S. Mail, facsimile, or through the Settlement Website. **Claim Forms must be submitted no later than October 10, 2104.**

Modifications and Payments will be made only if the Court approves the Settlement and the Settlement becomes Final.

### What Are My Other Options?

You may choose to stay in the lawsuit, request to exclude yourself from the lawsuit, object, and/or appear in court.

If you do nothing, you are choosing to stay in the Class. If the Settlement is approved and becomes Final, you will be bound by all orders and judgments of the Court and you will not be able to sue or continue to sue Wells Fargo regarding any claims arising from the servicing of your mortgage loan that fall within the Class Definition or Wachovia/Raleigh's or Wells Fargo's conduct with respect to HAMP.

If you stay in the lawsuit, you can object to the Settlement. You or your lawyer may also ask to appear before the Court. Your written objection and/or request to appear must be submitted by **October 3, 2014** to the Settlement Administrator**.**

*If you want to keep your right to sue Wells Fargo for the claims that are being released in the Settlement, you must submit a request for exclusion by October 3, 2014*. If you exclude yourself, you cannot receive any of the benefits this settlement provides, but you will keep your right to sue Wells Fargo in a different lawsuit. You will not be bound by any orders and judgments of the Court. Your exclusion request must be submitted by **October 3, 2014.** The detailed notice, available at **www.WigodHAMPSettlement.com**, explains all of your rights and options and how to act on them.

### Who Represents Me?

The Court has approved Jay Edelson, Steven Woodrow, and Megan Lindsey of Edelson PC to represent the Class as Class Counsel in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Class Counsel will ask the Court for attorneys' fees and expenses. They will also ask for an incentive award to be provided to the Class Representative for her services in this case. The Court may award less than the award requested. If approved, the award will be provided separately by Wells Fargo.

### The Court's Fairness Hearing.

The Court will hold the Final Approval Hearing at __:__ __.m. on _____, 2014 at the U.S. District Court for the Northern District of Illinois located at United

States Courthouse, Courtroom 2243, 219 South Dearborn Street, Chicago, IL 60604. At this hearing, the Court will consider whether to approve the terms of the Settlement, attorneys' fees and expenses and the Class Representative incentive award, and it will hear any objections concerning the Settlement. You are not required to come to the Final Approval Hearing.

### How Do I Get More Information?

More information, including the Settlement Agreement, detailed notice and Claim Form is available at **www.WigodHAMPSettlement.com.** You may also call the Settlement Administrator toll free at **1-8__-___-____**, or contact Class Counsel at the addresses or phone numbers below.

| **CLASS COUNSEL** | **SETTLEMENT ADMIN** |
|---|---|
| Jay Edelson | <NAME> |
| Steven Woodrow | <Address Line 1> |
| Megan Lindsey | <Address Line 2> |
| Edelson PC | <Address Line 3> |
| 999 West 18th Street | Fax: |
| Suite 3000 | Email: |
| Denver, CO 80202 | |
| Tel: (866) 354-3015 | |
| www.edelson.com | |

**1-8__-___-____**
**www.WigodHAMPSettlement.com**

# Exhibit C

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

***Wigod, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-CV-02348**
**(U.S. District Court for the Northern District of Illinois)**

**You may be entitled to obtain a new review for a mortgage loan**
**modification or to receive payment from a class action settlement**
**if you obtained a signed HAMP trial plan (TPP) from Wachovia**
**Mortgage, F.S.B. in 2009, made three or more trial payments, but**
**did not receive a permanent loan modification**
**from Wells Fargo Bank, N.A.**

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT,
AND IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT, TO OBJECT TO THE SETTLEMENT, OR REQUEST
TO BE EXCLUDED FROM THE SETTLEMENT

(*A federal court authorized this notice. It is <u>not</u> a solicitation from a lawyer.*)

Your legal rights are affected whether or not you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY OCTOBER 10, 2014** | The only way to receive a payment or loan modification review as part of the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY OCTOBER 3, 2014** | Receive no payment or loan modification review as a part of the Settlement. This is the only option that allows you to pursue claims that will be released by the Settlement against the Defendant by filing your own lawsuit at your own expense. |
| **COMMENT BY OCTOBER 3, 2014** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **ATTEND A HEARING ON [DATE]** | Ask to speak to the Court about the fairness of the Settlement. (*The date and time of the final fairness hearing is subject to change by Court Order. See Section 10 below.*) |
| **DO NOTHING** | Receive no payment or loan modification review as a part of the Settlement, and give up your rights to sue. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.

- The Court overseeing this case still has to decide whether to approve the Settlement. Where applicable, loans will be reviewed to determine if they are currently eligible for modification and payments will be made if the Court approves the Settlement and after any appeals are finally resolved and the Settlement becomes Final. Please be patient. It may be some time before the Settlement becomes Final.

| 1.  What is this notice and why should I read it? |
|---|

This notice is to inform you of the settlement of a class action lawsuit entitled *Wigod, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-cv-02348 (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of Illinois. You need not live in Illinois to receive a benefit under the Settlement if you are eligible. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on [date and time] in the United States Courthouse, 219 South Dearborn Street, Courtroom 2243, Chicago, IL 60604, to determine if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the Class Representative. This Notice explains the nature of the Action, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Your legal rights are affected regardless of whether you act.

| 2.  What is a class action lawsuit and what is this lawsuit about? |
|---|

A class action is a lawsuit in which one or more plaintiffs—in this case, the individual Lori Wigod ("Plaintiff")—sue on behalf of themselves and other people who have allegedly similar claims. Here, the Plaintiff has decided to settle the claims against the Defendant on behalf of all members of the Settlement Class by entering into a written settlement agreement entitled "Class Action Settlement Agreement." The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (*i.e.*, the Settlement Class Members) are described in section 4 below.

The Settlement has already been preliminarily approved by the Court. However, as the settlement of a class action determines the rights of all members of the proposed class, the Court in which this lawsuit is pending must give final approval to the Settlement before it can take effect. The Court has conditionally certified the Settlement Class for settlement purposes only so that members of the Settlement Class can be given this notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to final approval of the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get the relief offered by the Settlement. If the Settlement is not given final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no Settlement or certification of the Settlement Class.

In this case, the Plaintiff is Lori Wigod, a resident of the state of Illinois. The Defendant is Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). Together the Plaintiff and Defendant are referred to in this notice as the "Parties." Wells Fargo is a participant in the federal government's Home Affordable Modification Program ("HAMP"). In 2009, Wells Fargo acquired the mortgage servicing rights for certain loans serviced by Wachovia Mortgage, F.S.B. ("Wachovia/Raleigh"). Plaintiff alleges that in 2009 she applied for a HAMP loan modification, was approved, and received a signed HAMP trial plan (also known as a "TPP") based on verified financial documentation from Wachovia/Raleigh prior to the transfer of her loan to Wells Fargo. A verified HAMP TPP is one where the borrower's eligibility for a permanent HAMP modification is determined prior to the start of his or her HAMP TPP based on financial documentation provided by the borrower reflecting all of the borrower's income, which the servicer has verified. Following the transfer of Plaintiff's loan from Wachovia/Raleigh to Wells Fargo in October 2009, Wells Fargo did not provide Plaintiff with a permanent HAMP loan modification.

On April 15, 2010, Plaintiff filed a class action lawsuit against Defendant in the United States District Court for the Northern District of Illinois on behalf of mortgage borrowers who had received HAMP trial plans in 2009 signed by Wachovia/Raleigh based on verified financial documentation, made the required trial plan payments, but who did not receive a permanent loan modification from Wells Fargo following the transfer of their loans from Wachovia/Raleigh. After repeated meetings between the Parties discussing the merits of Plaintiff's claims, extensive litigation that included an appeal to the United States Court of Appeals for the Seventh Circuit, and settlement discussions overseen by a mediator, the Parties were able to reach this Class Action Settlement Agreement.

## 3.   Why is there a settlement?

The Court has not decided in favor of either side in the case. Defendant denies all allegations of wrongdoing or liability against it and believes that it has meritorious defenses to Plaintiff's claims. Defendant has agreed to this Settlement in order to resolve this matter without the expense and uncertainties of litigation.  Plaintiffs and their attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

## 4.   Who is included in the settlement?

The class covered by the Settlement is defined as follows: all U.S. borrowers: (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation, (2) whose HAMP TPP was signed by both the borrower and Wachovia (Raleigh), (3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009, and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing, *except that* excluded from the Settlement Class are the following: any (i) Judge or Magistrate presiding over this Action and members of their immediate families, (ii) officers and directors (and members of their immediate families) of Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity

in which Defendant or its parent companies have a controlling interest, (iii) Persons who properly execute and file a timely Request for Exclusion from the Class, (iv) Persons who have already released their claims against Wells Fargo that are covered by this Settlement, and (v) the legal representatives, successors or assigns of any such excluded persons.

| 5. What does the settlement provide? |
| --- |

**A. Relief Available to Group 1 Class Members (In Default or At Risk of Default on Their Mortgage Loans on Their Primary Residences Serviced By Wells Fargo).** Group 1 consist of Class Members whose loans were in default (more than 60 days past due) or at risk of default (between 31-59 days past due) when the Motion for Preliminary Approval was filed on June 13, 2014. Group 1 Class Members will be eligible to receive a new review of their eligibility for a loan modification by timely submitting a complete and accurate Group 1 Claim Form to the Settlement Administrator by the Claims Deadline of **October 10, 2014** and by submitting all documents required by the Document Checklist to Wells Fargo. If you submit a timely Claim Form requesting a loan modification review, the Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. If additional documents are needed, Wells Fargo will so notify Class Members. Once all documents are received, Wells Fargo will review the loan under all available programs to determine whether it is eligible for a modification. If your loan is already under review for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement.

If the Group 1 Settlement Class Member is determined to be eligible for a loan modification, Wells Fargo will send a notice to the borrower that will set forth the terms of the modification, including how and when payments should be made. The notice will include the appropriate trial plan or permanent modification agreement. If Wells Fargo determines that the Group 1 Settlement Class Member's loan is ineligible for a modification, Wells Fargo will send the Group 1 Settlement Class Member a notice stating the reasons for denial. A Group 1 Settlement Class Member may appeal Wells Fargo's determination by following the instructions set forth in the notice received.

Each Group 1 Settlement Class Member who is determined ineligible for a loan modification will have the opportunity to enter into a Relocation Agreement with Wells Fargo. Under the Relocation Agreement, the Class Member will vacate their property in exchange for a monetary payment. The amount set forth in the Relocation Agreement shall be determined by Class Counsel based upon objective criteria and shall be paid after the Court approves the Settlement and the Settlement becomes Final. The total amount of monetary benefits available collectively to Group 1 Settlement Class Members under the Settlement is $700,000. A borrower who does not accept the Relocation Agreement may be subject to continued foreclosure proceedings.

**B. Relief Available to Group 2 Class Members (Current on Their Mortgage**

**Loans on Their Primary Residences Serviced By Wells Fargo).** Group 2 Class Members consist of borrowers whose loans were current (not in default or at risk of default) when the Motion for Preliminary Approval was filed on June 13, 2014. Group 2 Class Members may be eligible to receive a new review of their eligibility for a loan modification by timely submitting a complete and accurate Group 2 Claim Form to the Settlement Administrator by the Claims Deadline of **October 10, 2014** and by submitting all documents required by the Document Checklist to Wells Fargo. If you submit a timely Claim Form requesting a loan modification review, the Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. If additional documents are needed, Wells Fargo will so notify Class Members. Once all documents are received, Wells Fargo will determine if the Class Member is eligible for a loan modification review and, if so, the loan will be reviewed under all programs available. If your loan is already under review for a loan modification, you may elect to have that current modification review constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement.

If the Group 2 Settlement Class Member is determined to be eligible for a loan modification, Wells Fargo will send him or her a notice setting forth the terms of the modification, including how and when payments should be made. Wells Fargo will also send to the Class Member the appropriate trial plan or permanent modification agreement. If Wells Fargo determines that the Group 2 Settlement Class Member's loan is ineligible for a modification, Wells Fargo will send the Class Member a notice stating the reasons for denial. A Group 2 Settlement Class Member may appeal Wells Fargo's decision by following the instructions set forth in the notice. The Settlement Administrator shall send a "Monetary Benefit Request Form" to each Group 2 Settlement Class Member who receives either a Notice of Approval or Notice of Denial. Group 2 Settlement Class Members may thereafter submit the Monetary Benefit Request Form to the Settlement Administrator, along with a IRS Form W-9, which will be available on the Settlement Website. Upon receipt and after the Court approves the Settlement and the Settlement becomes Final, a check shall be issued to the Group 2 Settlement Class Member in an amount determined by Class Counsel based upon objective criteria.

In lieu of seeking a new loan modification review, any Group 2 Settlement Class Members may elect to receive a payment of up to $250 by checking the appropriate box on the Group 2 Claim Form and submitting the form to the Settlement Administrator by October 10, 2014.

The total amount of monetary benefits available collectively to Group 2 Settlement Class Members under the Settlement is $100,000.

**C.      Relief Available to Group 3 Class Members (Borrowers Whose Loans Are No Longer Serviced By Wells Fargo).** Group 3 Class Members consist of borrowers whose mortgage loans on their primary residences are no longer held or serviced by Wells Fargo due to a foreclosure, deed-in-lieu, or short sale, loan pay off, or servicing transfer. Group 3 Class Members will be eligible to receive monetary benefits by signing and submitting a complete and

accurate Group 3 Claim Form, along with a IRS Form W-9, which will be available on the Settlement Website, by the Claims Deadline of **October 10, 2014**. Upon receipt and after the Court approves the Settlement and the Settlement becomes Final, a check shall be issued to the Group 3 Settlement Class Member in an amount determined by Class Counsel based upon objective criteria. The total amount of monetary benefits available collectively to Group 3 Settlement Class Members under the Settlement is $2,000,000.

Any payment amounts to any Settlement Class Members, regardless of group, shall be offset by any amounts previously paid to the Settlement Class Member in connection with the National Mortgage Settlement, the Independent Foreclosure Review, or any other settlement or agreement with Wells Fargo. Further, payouts will be on a per loan basis, regardless of the number of individual borrowers on a given loan.

### D.    Credit Counseling

Wells Fargo will make holistic credit counseling services available to all members of the Settlement Class, regardless of group classification, at Wells Fargo's expense, through the Homeownership Preservation Foundation network. To receive such credit counseling services, Settlement Class Members must check the box on the appropriate Claim Form.

| 6.   Who represents the Settlement Class? |
|---|

**A.    Class Representatives**.  For purposes of the Settlement, the Court has appointed Plaintiff Lori Wigod to serve as the Class Representative.

**B.    Settlement Class Counsel.**  The Court has approved the appointment of Jay Edelson, Steven Woodrow, and Megan Lindsey of Edelson PC as Settlement Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in April 2010 to the present, Settlement Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. The Court has appointed the attorneys listed above to represent the Settlement Class. At the fairness hearing described herein, Class Counsel will be seeking final approval of the Settlement and request approval by the Court of an award of attorneys' fees and litigation costs.

If the Court approves the attorneys' fee application, it will be paid by Wells Fargo. The Settlement Class members will not have to pay anything toward the fees or expenses of Settlement Class Counsel. Settlement Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

In recognition of her efforts on behalf of the Settlement Class, the Class Representative, Lori Wigod, shall, subject to Court approval, receive an Incentive Award that consists of a permanent loan modification for her time and effort serving the Class in the Action.

| 7. How can I exclude myself from the Settlement Class? |
| --- |

You can exclude yourself (or "opt-out") from the Settlement. If you do so, you will not be able to submit a Claim Form, and you will not be entitled to claim any of the relief offered by the Settlement. If you choose to exclude yourself from the Settlement Class, you may pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class. Your exclusion request must include your name, address, telephone number, signature, and a signed statement to the effect that: "I hereby request to be excluded from the proposed Settlement Class in *Wigod v. Wells Fargo Bank*." **Your exclusion request must be postmarked no later than October 3, 2014, and sent to the Settlement Administrator at the following address: [insert address/email address].**

A request for exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not postmarked on time, will not be valid and the person asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Class Member by the Settlement.

If you elect to opt-out, you will (i) <u>not</u> have any rights as a member of the Settlement Class pursuant to the Settlement, (ii) <u>not</u> be able to receive any payments as provided herein, (iii) <u>not</u> be bound by any further orders or judgments in this case, and (iv) remain able to pursue the claims alleged in the case against Defendant by filing your own lawsuit at your own expense. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under this Settlement, or no benefit at all.

| 8. How can I tell the Court what I think about the Settlement? |
| --- |

If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so. **Your objection to or comment on the Settlement or your intent to appear before the Court must be submitted in writing to the Settlement Administrator at the following address: [insert], and be postmarked by October 3, 2014.** You must also send copies of your comment or objection to the Court and the attorneys for the Parties at the following addresses:

**Clerk of the Court          Settlement Class Counsel      Defendant's Counsel**

| | | |
|---|---|---|
| Thomas G. Bruton, Clerk of Court | Jay Edelson | Irene C. Freidel |
| Everett McKinley Dirksen | Steven Woodrow | David Christensen |
| United States District Court for | Megan Lindsey | K&L Gates LLP |
| the Northern District of Illinois | Edelson PC | State Street Financial Center |
| 219 South Dearborn Street | 999 W. 18<sup>th</sup> Street | One Lincoln Street |
| Chicago, IL 60604 | Suite 3000 | Boston, MA 02111 |
| | Denver, CO 80202 | |

The objection or comment or intent to appear must be in writing and signed and include the case name ***Wigod et al. v. Wells Fargo Bank, N.A.*, Case No. 10-cv-02348 (N.D. Ill.)**, and: (a) the Settlement Class Member's full name and current address; (b) a statement that he or she is a member of the Settlement Class; (c) the specific grounds for the objection or comment; (d) all arguments, citations, evidence, and documents or writings that such Settlement Class member desires the Court to consider; and (e) notice of the Class Member's intention to appear (if any). The Court will consider all objections and comments from Settlement Class Members. If you intend to appear at the fairness hearing through counsel, your objection or comment must also state the identity of all attorneys representing you who will appear at the fairness hearing.

If you do not submit a written objection or comment on the proposed Settlement or the application of Plaintiffs' counsel for incentive awards and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the fairness hearing.

***If you do not exclude yourself from the Settlement Class by filing a Request for Exclusion by October 3, 2014, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and to have released the Released Claims (as defined in the Settlement Agreement).***

| |
|---|
| **9. What is the effect of final settlement approval?** |

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment, and dismiss the case. The release by Settlement Class Members will take effect. All members of the Settlement Class will release any and all rights, duties, obligations, claims, actions, causes of actions, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, from the beginning of time to the date of Preliminary Approval that that were or could have been alleged in the Complaint by Plaintiff Wigod on behalf of the Settlement Class arising out of or relating in any way to the servicing of their mortgage loans that falls within the Class Definition or the policies, systems, standards, practices, and procedures used by Wachovia/Raleigh and Wells Fargo for reviewing, providing, accepting, denying, or otherwise determining eligibility in connection with Class Members' HAMP loan modification applications, trial plans, and/or permanent modification agreements. Please refer to Section 4 of the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not timely exclude themselves (or "opt-out") from the Settlement Class will <u>not</u> be permitted to continue to assert released claims in any other litigation against Defendant or other persons and entities covered by the release. You can obtain a copy of the Settlement Agreement from the Clerk of the Court, online at www.WigodHAMPSettlement.com, or by writing to the Settlement Administrator at [insert]. If you do not wish to be a Settlement Class member, you must exclude yourself from the Settlement Class (see Question No. 7, above).

**If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes that the Settlement Class will recover more than is provided for under the Settlement or that it will recover anything at all.**

| **10. When and where will the Court hold a hearing on the fairness of the Settlement?** |
|---|

A fairness hearing has been set for [date & time], before Judge Elaine Bucklo in her courtroom (2243) at the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. **At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed settlement, including the amount requested by Settlement Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.**

<u>Note</u>: The date and time of the fairness hearing are subject to change by Court Order.

| **11. Do I have to come to the fairness hearing?  May I speak at the hearing?** |
|---|

You do not need to attend the fairness hearing to remain a class member or submit a claim for a cash payment. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Settlement Class counsel for attorneys' fees and expenses by following the instructions in number 8 above.

| **12. How do I receive my share of the Settlement?** |
|---|

**If you do not exclude yourself from the Settlement Class and would like to be considered for a permanent modification or receive money, you must submit a timely and valid claim form as set forth in the answer to Question No. 5 above.  The claim form you submit must be for the Settlement Group (1-3) to which you have been assigned based on the status of your loan.** To be eligible for a payment or loan modification review pursuant to the Settlement, a Settlement Class member must submit a Claim Form that (i) is submitted online via the settlement website, emailed, faxed, or postmarked by October 10, 2014, (ii) contains all of the required information and documentation set forth in the Claim Form, and (iii) is signed under penalty of perjury by the member of the Settlement Class submitting the claim. Settlement Class

Members who wish to receive a cash payment will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

You can download a Claim Form from the Settlement Administrator by going to www.WigodHAMPSettlement.com and following the instructions provided on the website. You can also get a claim form by writing to the Settlement Administrator at [address] or calling toll-free [phone number]. Your Claim Form must be emailed, faxed, postmarked, or completed online by October 10, 2014.

- **Claims must be submitted to the Settlement Administrator by email at [address], by facsimile at [number], or through the settlement website at [website address] by October 10, 2014, or by mail at [address] postmarked by October 10, 2014.**

### 13. What happens if I do nothing at all?

If you do nothing, you will receive no payment from the Settlement. You will still be part of the Settlement Class, however, and, subject to the release described in Section 4 of the Settlement Agreement; this means you will not be permitted to continue to assert released claims in any other case against Wells Fargo or other persons and entities covered by the release. Please refer to Sections 1.36, 1.37, and 4 of the Settlement Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

### 14. Where do I get additional information?

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information at www.WigodHAMPSettlement.com. You can also get more information by calling toll-free [number]. The Settlement Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of Illinois at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Clerks Office, Chicago, IL 60604.

If you would like additional information, you can write to Settlement Class Counsel at the address listed in Question No. 8.

PLEASE DO NOT CONTACT THE COURT OR THE JUDGE
WITH QUESTIONS ABOUT THE SETTLEMENT

# Exhibit D

***LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,***
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

# MONETARY BENEFIT REQUEST FORM

You are receiving this Monetary Benefit Request Form, allowing you to request a Monetary Benefit in connection with the *Wigod* settlement, because you are a Group 2 Settlement Class Member whose loan has been reviewed as part of the settlement and has been determined ineligible to be modified under available programs. If you have been offered a modification but choose to reject it, you may also submit this form and request a payment. If you would like to receive a cash payment, please fill out and return the form to the Settlement Administrator, along with a completed and signed IRS Form W-9 which is available on the Settlement Website (www.WigodHAMPSettlement.com), **within twenty-one (21) days** of the later of (1) your receipt of this Monetary Benefit Request Form; or (2) the date you receive a written decision regarding your appeal, if you decide to appeal, of the decision on your loan modification application made in connection with the *Wigod* settlement. The amounts of the payments distributed will be determined by Class Counsel after all Claim Forms are received. This Monetary Benefit Request Form may be submitted via U.S. Mail, email, or facsimile to the Settlement Administrator at the following addresses/number:

<<Settlement Administrator>>
<<Address Line 1>>
<<Address Line 2>>
<<email address>>
<<Facsimile number>>
<<Toll free number>>

------------------------------------------------------------------------------------------------------

**Select box, sign, and provide property address. Choose one.**

☐      Because my loan is not eligible for a loan modification, I am electing to receive a Monetary Benefit, and I have enclosed a completed and signed IRS Form W-9.

☐      I am rejecting the modification that was offered to me and am electing to receive a Monetary Benefit, and I have enclosed a completed and signed IRS Form W-9.

_____          _____

Borrower Name                               Date

_____

Property Address (street address, city, state, and zip code)

\*\*\* Only 1 borrower needs to fill out this Monetary Benefit Request Form for each loan regardless of the number of borrowers on each loan.

**ATTENTION**: Class Counsel with the law firm of Edelson PC have been appointed by the Court to assist you in this case. You may contact Class Counsel with any questions toll free at (866) 354-3015.

# Exhibit E

## RELOCATION AGREEMENT

This Relocation Agreement (the "Agreement") is entered into by and between [**Insert Borrower Name(s)**] (the "Borrower(s)") and Wells Fargo Bank, N.A. ("Wells Fargo"). The Borrower(s) are/is a Settlement Class Member(s) in connection with the Class Action Settlement Agreement and Release (the "Class Settlement Agreement") approved by the Court on [**Insert Date**] in the class action lawsuit styled *Wigod, et al. v. Wells Fargo Bank, N.A.*, C.A. No. 10-cv-2348 (N.D. Ill.) (the "Litigation"), pending in the United States District Court for the Northern District of Illinois (the "Court"). The Borrower(s) and Wells Fargo are collectively referred to as the "Parties" and may individually be referred to as "Party."

The Borrowers financed their home with a mortgage loan currently serviced by Wells Fargo (the "Loan") and secured by property located at [PROPERTY ADDRESS]. The Borrowers have elected to receive a settlement cash payment of $_____ (the "Payment") in exchange for, among other items, an agreement by the Borrowers to vacate the Property under the terms of Paragraph _____ of the Class Settlement Agreement.

Accordingly, the Parties agree as follows:

1.      The Property is to be turned over to Wells Fargo or its designated agent no later than [90 days following date agreement is sent to class member];

2.      The Property is to be turned over in broom clean condition, with all trash, debris and personal property removed from the interior and exterior of the premises;

3.      All keys, garage door openers, community keys, gate openers, cards, etc. (collectively, the "keys") where applicable, will be turned over to Wells Fargo or its designated agent;

4.      All attached fixtures and installed appliances will remain, as installed, in addition to landscape;

5.      Pursuant to Paragraph ____ of the Class Settlement Agreement, the Payment will be made to the Borrowers or their attorneys within 21 days of the delivery of the keys to Wells Fargo or its designated agent, and the Property being vacated in the condition as outlined above. The Payment is contingent on, among other things, Wells Fargo's receipt of an executed IRS form W-9 from the Borrower(s).

6.      Counsel for the Parties shall meet and confer with respect to any disputes regarding the condition of or vacation of the Property prior to the delivery of the Payment.

7.      The Payment is in lieu of, and not in addition to, any other relocation assistance payment that may otherwise have been available through Wells Fargo.

8.      Any personal property that remains on the Property after it has been vacated will be abandoned property and will be disposed of accordingly.

9.     The Borrowers agree that they will not contest any foreclosure proceedings regarding the Property that commence after execution of this Agreement. If the Property is not vacated by [DATE], Wells Fargo reserves all of its rights in connection with the Property, including through legal eviction.

10.     The Class Settlement Agreement, including all applicable releases, is expressly incorporated herein.

AGREED:


Wells Fargo Bank, N.A.,


By:  _____

      [signatory]
      [Title]
      Wells Fargo Bank, N.A.


Date: _____


**By our signatures, we acknowledge and accept the terms of this Agreement:**


_____
Borrower #1

Date: _____


_____
Borrower #2

Date: _____

Exhibit F

*LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

# REQUEST FOR RELOCATION AGREEMENT

You are receiving this Relocation Agreement Request Form because you are a Group 1 Settlement Class Member who has submitted a loan modification application in connection with the *Wigod* settlement, but whose loan is not eligible to be modified under available programs. You are eligible to receive a Relocation Agreement, under which you would receive a monetary payment in exchange for your agreement to vacate your property by a date certain, among other conditions set forth in the Relocation Agreement. The form Relocation Agreement is available for your review on the Settlement Website at (www.WigodHAMPSettlement.com). If you are interested in receiving a Relocation Agreement, please fill out and return the below form to the Settlement Administrator, along with a completed and signed IRS Form W-9 which is available on the Settlement Website, within **twenty-one (21) days** of the later of (1) your receipt of this Request for Relocation Agreement; or (2) the date you receive a written decision denying your appeal, if you decide to appeal, of the decision on your loan modification application made in connection with the *Wigod* settlement. This Request for Relocation Agreement may be submitted via U.S. Mail, email, or facsimile to the Settlement Administrator at the following addresses/number:

<<Settlement Administrator>>
<<Address Line 1>>
<<Address Line 2>>
<<email address>>
<<Facsimile number>>
<<Toll free number>>

-----------------------------------------------------------------------------------------------------------------

**Select box, sign, and provide property address.**

☐      I wish to enter into a Relocation Agreement, and I have enclosed a completed and signed IRS Form W-9. (If you select this option, a Relocation Agreement will be sent to you within 90 days).

☐      I do not wish to enter into a Relocation Agreement. I understand that foreclosure proceedings may continue against my property and I will not be eligible for a cash payment in connection with the *Wigod* settlement.


_____          _____
       Borrower Name                                                                Date


_____
Property Address (street address, city, state, and zip code)

*** Only 1 borrower needs to fill out this Request for Relocation Agreement for each loan regardless of the number of borrowers on each loan.

**ATTENTION**: Class Counsel have been appointed by the Court to assist you in this case. You may contact Class Counsel with any questions toll free at (866) 354-3015.