**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION**

LORI WIGOD, on her own behalf and on
behalf of all others similarly situated,

Plaintiff,

v.

WELLS FARGO BANK, N.A. d/b/a
WELLS FARGO HOME MORTGAGE, f/k/a
WACHOVIA MORTGAGE, FSB,

Defendant.

Case No: 1:10-cv-02348

Honorable Elaine E. Bucklo

**ASSENTED TO MOTION FOR LEAVE TO FILE THIRD
AMENDED CLASS ACTION COMPLAINT**

Jay Edelson
jedelson@edelson.com
Steven L. Woodrow
swoodrow@edelson.com
Megan Lindsey (Admitted *Pro Hac Vice*)
mlindsey@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6379
Fax: 312.589.6378

*Counsel for Plaintiff and Putative Class*

Plaintiff Lori Wigod ("Wigod" or "Plaintiff"), on behalf of herself and all others similarly situated, and in accordance with the Settlement reached between the Parties filed concurrently with the instant Motion, respectfully requests that the Court grant her leave to file a Third Amended Class Action Complaint (attached hereto as Exhibit 1) for settlement purposes only. In support of her Motion, Plaintiff states as follows:

## I.    INTRODUCTION

1.    As the Court knows well, this lawsuit challenges Wells Fargo's handling of certain borrowers' loan modification applications in connection with the Home Affordable Modification Program ("HAMP").

2.    Following a year-long mediation process overseen by the Honorable Morton Denlow (Ret.), the Parties have reached a proposed settlement in this case to resolve the claims of former Wachovia borrowers who, like Wigod, received trial payment plans ("TPPs") from Wachovia in connection with HAMP and whose loans were transferred to Wells Fargo Bank, N.A. ("Wells Fargo"), but who did not thereafter receive a permanent loan modification.

3.    Wigod, on behalf of herself and a putative class of all others similarly situated, respectfully requests that the Court grant her leave to file her Third Amended Complaint, for settlement purposes only, in order to effectuate the Settlement reached between the Parties in this case as follows:

## II.    FACTUAL AND PROCEDURAL BACKGROUND

4.    The contemporaneously-filed Settlement Agreement contemplates the filing of a Third Amended Complaint for the purposes of settlement only. (Agreement § 1.9.)

2

5.      The Third Amended Complaint conforms the allegations to the facts, focuses the allegations on the claims of former Wachovia borrowers, and makes the class definition consistent with the definition set forth in the Agreement. (*See* Ex. A.)

## III.   ARGUMENT

6.      The Court should grant Plaintiff leave to file a Third Amended Complaint as contemplated by the Parties' proposed Settlement Agreement.

7.      Federal Rule of Civil Procedure 15(a) provides that:

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

8.      Applied here, amendment is sought with Wells Fargo's written consent obtained through the proposed Settlement Agreement. Specifically, § 1.9 of the Definitions contemplates that Plaintiff will file a Third Amended Complaint for settlement purposes only in connection with the Settlement. In the event the Settlement does not receive the Court's final approval, the Third Amended Complaint would be withdrawn and the Second Amended Complaint would serve as the operative pleading.

9.      The proposed amendments ensure that the class definition set forth in the Settlement is identical to that contained in the pleadings, specifically a class defined as:

All borrowers (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation, (2) whose HAMP TPP was signed by both the borrower and Wachovia (Raleigh),

(3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009, and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing.

Excluded from the Class are any Judge or Magistrate presiding over this Action and members of their immediate families, officers and directors (and members of their immediate families) of Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parent companies have a controlling interest, Persons who properly execute and file a timely Request for Exclusion from the Class, Persons who have already released their claims against Wells Fargo that are covered by this Settlement, and the legal representatives, successors or assigns of any such excluded persons.

(Agreement § 1.5.)

10.    The proposed amendments thus focus the claims of the Settlement Class on Wells Fargo's handling of HAMP TPPs of former Wachovia Mortgage, F.S.B. borrowers. As such, the proposed amendments remove the Finlinsons and their associated allegations as the Finlinsons' loan was not formerly serviced by Wachovia and thereafter transferred to Wells Fargo.[1]

11.    Furthermore, motions to amend under Rule 15 should be granted unless there is evidence of undue prejudice to the opposing party; undue delay, bad faith, or dilatory motive on the part of the movant; or if the proposed amendment is futile. *See, e.g., Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

12.    Applied here, the proposed amendment will not cause undue prejudice to the opposing party—Wells Fargo has agreed to the amendment. Likewise, there is no undue delay, bad faith, or dilatory motive on the part of the movant—the entire purpose of the amendment is

---

[1]    As Wells Fargo has claimed it applied different rules to the Wachovia loans when compared to the other loans it held and serviced, the Parties have agreed to resolve the Finlinsons' claims through a separate settlement agreement and to dismiss without prejudice the putative class claims the Finlinsons initially sought to represent.

to facilitate the Parties' Settlement. Nor is the amendment futile. In general the class allegations must be supported, like any other allegations, by a formal pleading.

13.     As such, the Court should grant the instant motion and, for the purposes of settlement only, allow Plaintiff to file the Third Amended Complaint *instanter*.

WHEREFORE Plaintiff Lori Wigod respectfully requests that this Court grant her Motion for Leave to File Third Amended Complaint and allow her to file the proposed Third Amended Complaint, for settlement purposes only, *instanter*.

Dated: June 17, 2014

Respectfully submitted,

LORI WIGOD, on her own behalf and on behalf of all others similarly situated,

By: /s/ Steven L. Woodrow
        One of Plaintiff's attorneys

Jay Edelson
jedelson@edelson.com
Steven L. Woodrow
swoodrow@edelson.com
Megan Lindsey (Admitted *Pro Hac Vice*)
mlindsey@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6379
Fax: 312.589.6378

*Counsel for Plaintiff and Putative Class*

**CERTIFICATE OF SERVICE**

I, Steven L. Woodrow, hereby certify that on June 17, 2014, I electronically filed the

foregoing *Assented to Motion for Leave to File Third Amended Class Action Complaint* with the

Clerk of the Court using the CM/ECF system. Notice of this filing is sent to all counsel of record

by operation of the Court's electronic filing system.


/s/ Steven L. Woodrow