IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI WIGOD, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE, f/k/a WACHOVIA MORTGAGE, FSB, and d/b/a AMERICA'S SERVICING COMPANY,<br><br>        Defendant. | Case No: 10-cv-02348<br><br>Honorable Elaine E. Bucklo |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on the motion of Plaintiff for preliminary approval (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action" or "Litigation") between Plaintiff Lori Wigod ("Plaintiff"), individually and on behalf of the Settlement Class, and Defendant Wells Fargo Bank, N.A. ("Defendant"), as set forth in the Parties' Stipulation of Class Action Settlement (the "Agreement" or "Settlement"), and having duly considered the papers and arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

2. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Agreement has been negotiated in

good faith at arms'-length between experienced attorneys familiar with the legal and factual issues of this case and with the assistance of a neutral mediator, and (iii) the form and manner of notice to Settlement Class Members (*see* Short Form Notice, attached as Exhibit B to the Agreement; Long Form Notice, attached as Exhibit C to the Agreement) are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

3. Pursuant to the Agreement, as well as Federal Rule of Civil Procedure 23(b), the Court certifies a class for settlement purposes only as follows:

> All borrowers (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation, (2) whose HAMP TPP was signed by both the borrower and Wachovia (Raleigh), (3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009, and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing.
>
> Excluded from the Class are any Judge or Magistrate presiding over this Action and members of their immediate families, officers and directors (and members of their immediate families) of Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parent companies have a controlling interest, Persons who properly execute and file a timely Request for Exclusion from the Class, Persons who have already released their claims against Wells Fargo that are covered by this Settlement, and the legal representatives, successors or assigns of any such excluded persons. The Court hereby confirms the appointment of Plaintiff Lori Wigod as the Class Representative.

In connection with class certification for settlement purposes only, the Court concludes that the class consisting of 835 persons satisfies the requirements of Fed. R. Civ. P. 23(b)(3), including that Plaintiff Wigod is capable of fairly and adequately protecting the interests of the proposed Settlement Class in connection with the Settlement Agreement.

4. The Court hereby preliminarily approves and appoints Jay Edelson, Steven L. Woodrow, and Megan Lindsey of Edelson PC as Class Counsel. The Court further preliminarily approves and appoints Lori Wigod as the Class Representative for the Settlement Class.

5. The Court finds that for the purposes of granting preliminary approval that the proposed Settlement provides fair, reasonable, and adequate relief to the Settlement Class Members. The proposed Settlement provides relief in the form of reviews for loan modifications, monetary payments, foreclosure holds, and holistic credit counseling in addition to notice and administrative costs. As set forth in the Motion for Preliminary Approval, Class Counsel has provided a sufficient basis for calculating the proposed value of such benefits and that the value of such relief compared to the present day value of the claims asserted in the pleadings falls within the range of final approval. As such, the Court preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate such that notice should be issued and a hearing on final approval should be held.

6. On October 24, 2014 at 1:00 P.M. in courtroom 2243 of the Everett McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive award to Plaintiff, should be granted, and in what amount. No later than September 22, 2014, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive awards to the Class Representative. No later than October 17, 2014, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than October 17, 2014.

7. Pursuant to the Agreement, Epiq Systems is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

8. The Court approves the proposed Notice Plan for giving notice to the Settlement Class (i) directly via U.S. First Class Mail and (ii) by establishing a Settlement Website, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The notice and claim forms are approved in substantially the same forms attached as Exhibits A, B and C to the Agreement and the Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than August 4, 2014, in accordance with the terms of the Agreement.

9. Any Class Member may request to be excluded from the Class at any time before the Opt-Out/Objection Deadline of October 3, 2014 by complying with the procedures for doing so as set forth in this Order and the Notice. To exercise the right to opt-out and be excluded from the Class, the Class Member seeking to do so must mail a Request for Exclusion to the Settlement Administrator that is postmarked by the October 3, 2014 Opt-Out/Objection Deadline. Requests for Exclusion post-marked after the October 3, 2014 Opt-Out/Objection Deadline will be considered invalid and of no effect, and the Class Member who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court (including a Judgment approving the Agreement and implementing the Release contemplated thereby). All Settlement Class Members (exclusive of those who submit a valid Request for Exclusion) will be bound by this Agreement and the Judgment, including the Release contained therein. Any Class Member who timely and properly

4

submits a Request for Exclusion shall not: (i) be bound by any orders or Judgment entered in this Litigation nor by the Release herein contained; (ii) be entitled to any Settlement Benefit under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement or this Litigation. Each Class Member who requests exclusion from the Class must personally sign his or her own individual Request for Exclusion and include the case caption, *Wigod v. Wells Fargo Bank, N.A.*, Case No. 10-cv-02348 (N.D. Ill.) No Class Member may opt-out of the Class for any other person or be opted-out by any other person, and no Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Notwithstanding the above, when a loan is associated with more than one Class Member, a Request for Exclusion signed by one Class Member will serve to opt-out any other Class Member who is an obligor on the same loan.

10. Any Class Member who intends to object to this Agreement must file with the Court by the Opt-Out/Objection Deadline, either *pro se* or through counsel hired at the Class Member's own expense, a Notice of Intent to Appear and Object that includes (i) his or her personal signature, (ii) his or her full name and address, (iii) his or her objections to this Agreement, as well as all arguments, citations, and evidence supporting the objection, (iv) a statement that the Person submitting the Notice of Intent to Appear and Object is a Class Member, and (v) a statement indicating whether the objector intends to appear at the Fairness Hearing, either with or without counsel. A copy of such Notice of Intent to Appear and Object must also be sent to the Settlement Administrator, Class Counsel, and Wells Fargo's Counsel at the time of filing. Objections must be filed and postmarked by the Opt-Out/Objection Deadline, which is October 3, 2014. No Class Member shall be heard and no papers, briefs, or pleadings submitted by such Class Member shall be received and considered by the Court unless the Court

5

receives the Class Member's properly completed and signed Notice of Intent to Appear and Object by the October 3, 2014 Opt-Out/Objection Deadline. Any Class Member who fails to timely or properly file a Notice of Intent to Appear and Object shall be deemed to have waived his or her objections and be forever barred from making any such objections in this Action, the Underlying Class Action, any appeal or in any other action or proceeding.

11. If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the incentive award in accordance with the deadline and procedure set forth in this Order and the Notice, and the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendant's Counsel no later than October 3, 2014, and comply with all other requirements of the Court for such an appearance.

12. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of Paragraph 9-11 above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Action or any other related action or proceeding.

13. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or

deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent the Parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

14. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

Dated this 27th day of June, 2014.

HONORABLE ELAINE E. BUCKLO
UNITED STATES DISTRICT JUDGE