# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LORI WIGOD, DAN FINLINSON and SANDRA FINLINSON, on behalf of themselves and all others similarly situated, | Case No: 10-cv-02348 |
| Plaintiffs, | |
| v. | Honorable Elaine E. Bucklo |
| WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE, f/k/a WACHOVIA MORTGAGE, FSB, and d/b/a AMERICA'S SERVICING COMPANY, | |
| Defendant. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement") is entered into by Lori Wigod, on behalf of a class defined herein ("Plaintiff Wigod"), and Wells Fargo Bank, N.A. ("Wells Fargo").

This Agreement is intended by Plaintiff Wigod and Wells Fargo (collectively "the Parties") to fully, finally and forever compromise, resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof, and subject to approval of the Court.

**I.      RECITALS**

1.      On April 15, 2010, Plaintiff Lori Wigod filed a putative class action Complaint in the United States District Court for the Northern District of Illinois alleging that Wells Fargo violated Illinois law in connection with a fully-executed trial modification ("TPP") she obtained from Wachovia Mortgage FSB's Raleigh, North Carolina facility ("Wachovia/Raleigh") in 2009

pursuant to the Home Affordable Modification Program ("HAMP"). (Dkt. 1.) Plaintiff Wigod sought to represent other Wachovia/Raleigh customers, like her, whose loans were held in a portfolio serviced by Wachovia/Raleigh and who also obtained fully-executed, verified HAMP TPPs during the same time period prior to the servicing transfer of their loans from Wachovia/Raleigh to Wells Fargo.

2.      On May 12, 2010, Wells Fargo moved to dismiss. (Dkt. 13.) In response, on June 23, 2010, Plaintiff Wigod filed her First Amended Complaint. (Dkt. 23.) On July 23, 2010, Wells Fargo moved to dismiss the First Amended Complaint with prejudice. (Dkt. 27.)

3.      On January 25, 2011, the District Court, the Honorable Blanche Manning presiding, granted Wells Fargo's Motion to Dismiss the First Amended Complaint and dismissed the case with prejudice. (Dkt. 59.)

4.      Plaintiff Wigod thereafter timely appealed the dismissal to the United States Court of Appeals for the Seventh Circuit. (Dkt. 62.) On March 7, 2012, the Seventh Circuit reversed the dismissal as to Counts I, II, and VII and the fraudulent misrepresentation claim of Count V and affirmed dismissal of Counts IV, VI and the fraudulent concealment claim of Count V. (Dkt. 69). *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012).

5.      Following remand, on July 3, 2012, Plaintiff filed a Second Amended Class Action Complaint adding Dan Finlinson and Sandra Finlinson as named plaintiffs. (Dkt. 117.)

6.      Also following remand, Plaintiffs and Wells Fargo engaged in significant discovery (including the production and review of thousands of documents, the Rule 30(b)(6) deposition of Wells Fargo, and the Finlinsons' depositions) and litigated numerous discovery and other motions.

7.      In June 2013, the Parties began a mediation process overseen by the Honorable

Morton Denlow (Ret.) of JAMS. On July 18, 2013, counsel for the Parties engaged in a full-day mediation session with Judge Denlow at JAMS's offices in Chicago, Illinois. On October 31, 2013, counsel for the Parties engaged in a second mediation session with Judge Denlow at Class Counsel's offices in Chicago, Illinois. On March 25, 2014, the Parties engaged in a third mediation session with Judge Denlow at JAMS's offices in Chicago, Illinois.

8. The Parties further engaged in a series of telephonic conferences overseen by Judge Denlow to achieve a resolution. Only after the Parties reached an agreement in principle with respect to the class relief, the Parties, with Judge Denlow's continued oversight and involvement, negotiated incentive awards and class counsel's attorneys' fees.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties and their respective counsel that, subject to approval of the Court after a hearing or hearings as provided for in this Agreement, in consideration of the benefits flowing to the Parties as set forth herein, that the Released Claims shall be finally and fully compromised, settled and released, and the Action and the Underlying Class Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## II.    DEFINITIONS

As used in this Agreement, the following terms have the meanings specified below:

**1.1**    **"Action" or "Litigation"** means the putative class action styled *Wigod, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 10-C-02348 (N.D. Ill.).

**1.2**    **"At Risk of Default"** refers to a loan that is, according to Wells Fargo's records, 31-59 days past due.

**1.3**    **"Claim Form"** means and refers to the documents that members of Group 1, Group 2, and Group 3 must submit to obtain the Settlement Benefits designated for each group

3

as described in Sections 3.1 through 3.3 of this Agreement, substantially in the forms attached

hereto as Group Exhibit A, as approved by the Court. The Claim Forms shall be available in

paper format and in downloadable form on a website administered by the Settlement

Administrator ("Settlement Website").

      1.4     "**Claims Deadline**" means the date by which all Claim Forms must be received

by the Settlement Administrator to be considered timely and shall be no later than October 10,

2014.

      1.5     **"Class Definition," "Class," or "Settlement Class."** For the purposes of

settlement only, the Parties agree to the following Class definition:

> All borrowers (1) who received a HAMP TPP from Wachovia/Raleigh between
> March 1, 2009 and October 15, 2009 based on verified financial documentation,
> (2) whose HAMP TPP was signed by both the borrower and Wachovia (Raleigh),
> (3) who made all scheduled payments and satisfied all conditions set forth in the
> TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo
> Home Mortgage for servicing in October 2009, and (5) who did not receive a
> permanent HAMP modification at any time after the transfer of servicing.

Excluded from the Class are any Judge or Magistrate presiding over this Action and members of

their immediate families, officers and directors (and members of their immediate families) of

Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity

in which Defendant or its parent companies have a controlling interest, Persons who properly

execute and file a timely Request for Exclusion from the Class, Persons who have already

released their claims against Wells Fargo that are covered by this Settlement, and the legal

representatives, successors or assigns of any such excluded persons.

      1.6     **"Class List"** means the list of individuals identified by Wells Fargo who fall

within the Class Definition set forth in Paragraph 1.5 above. Wells Fargo shall provide the final

Class List to Class Counsel containing each Class Member's status as belonging to Group 1,

Group 2, or Group 3 (identifying their respective statuses as of the date the Motion for

Preliminary Approval is filed) no later than thirty (30) calendar days following the entry of the Order granting Preliminary Approval to this Settlement.

1.7     **"Class Member" or "Settlement Class Member"** means an individual who falls within the Class Definition or appears on the Class List and, in all cases, has not submitted a valid Request For Exclusion. Where applicable, references to "Class Member" or "Settlement Class Member" in this Agreement shall refer to and include all individuals who fall within the Class Definition with respect to a single loan.

1.8     **"Class Representative."** For the purposes of settlement only, the Parties agree, subject to Court approval, to the appointment of Lori Wigod as the Class Representative.

1.9     **"Complaint"** means the Third Amended Class Action Complaint to be filed by Plaintiffs, for settlement purposes only, concurrently with Class Representative's Motion for Preliminary Approval of this Agreement.

1.10     **"Court"** means the United States District Court for the Northern District of Illinois.

1.11     **"Current"** refers to a loan that, according to Wells Fargo's records, is not in Default or At Risk of Default.

1.12     **"Default"** means and refers to a loan that, according to Wells Fargo's records, is 60 or more days past due.

1.13     **"Document Checklist"** refers to the list of documents, records, and other information Wells Fargo requires Class Members in Groups 1 and 2 to submit in order to have their current eligibility for a Loan Modification reviewed. A copy of the Document Checklist shall be made available on the Settlement Website.  The Document Checklist shall also be sent

5

by Class Counsel to Class Members in Group 1 and 2 who have indicated on a timely Claim Form their election to have their current eligibility for a Loan Modification review.

      1.14    **"Document Submission Deadline"** means thirty (30) calendar days following the date on which Class Counsel sends the Document Checklist to the Class Members in Group 1 and 2 who have indicated on a timely Claim Form their election to have their current eligibility for a Loan Modification reviewed must submit all documents required by the Document Checklist to Wells Fargo.

      1.15    **"Effective Date"** means the date, if any, on which the Judgment entered pursuant to this Agreement becomes Final.

      1.16    **"Fairness Hearing"** means the hearing before the Court where the Parties will request Judgment be entered by the Court approving the Agreement as fair, reasonable and adequate, and ruling on the requests for Fee Award and the incentive award to the proposed Class Representative.

      1.17    **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

      1.18    **"Final"** means one business day following the later of the following events: (a) the date upon which the time expires for filing any appeal of the Court's Judgment ordering the dismissal with prejudice of the Released Claims and approving the Agreement; (b) if there is an appeal, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any

subsequent appeal or appeals following decisions on remand); or (c) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

       **1.19**    **"Foreclosure Hold"** means that, except as otherwise ordered by a court in an existing individual judicial foreclosure action, Wells Fargo will suspend any scheduled foreclosure sale, will not refer any loan to foreclosure, record a notice of default, notice of trustee's sale, or similar notice, move for foreclosure judgment or order of sale, or seek a foreclosure sale while the hold is in place, but any pending foreclosure action will not be dismissed and may be resumed from the point at which it was suspended when the hold is lifted, and no new notice of default, notice of intent to accelerate, notice of acceleration or similar notice will be necessary to continue the foreclosure action.

       **1.20**    **"Group 1"** means Class Members whose loans, according to Wells Fargo's records as reflected by the Class List, are in Default or At Risk of Default as of the date the Motion for Preliminary Approval is filed.

       **1.21**    **"Group 2"** means Class Members whose loans, according to Wells Fargo's records as reflected by the Class List, are Current as of the date the Motion for Preliminary Approval is filed.

       **1.22**    **"Group 3"** means Class Members who, according to Wells Fargo's records as reflected in the Class List, have No Existing Relationship with Wells Fargo as of the date the Motion for Preliminary Approval is filed.

       **1.23**    **"Home Affordable Modification Program" or "HAMP" or "Program"** means and refers to the federal government's HAMP Program, including all guidelines and directives, created by the Department of the Treasury as authorized by the Emergency Economic

Stabilization Act of 2008 and the Troubled Asset Relief Program ("TARP") created thereunder.

12 U.S.C. § 5211, *et seq.*

      **1.24** **"Judgment"** means the Order of Final Judgment to be entered by the Court, without modifications that are unacceptable to Plaintiff or Wells Fargo, at the Fairness Hearing or such other time approving this Agreement as fair, adequate and reasonable in accordance with applicable jurisprudence, confirming the certification of the Class, ordering the dismissal with prejudice of the Action and approving the Settlement and Fee Award, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.

      **1.25** **"Mediator"** means and refers to the Honorable Morton Denlow (Ret.) of JAMS, Chicago. Wells Fargo shall be responsible for all payments due the Mediator under this Agreement in relation to the Mediator's adjudication of any dispute submitted to the Mediator consistent with this Agreement.

      **1.26** **"Monetary Benefit"** means and refers to the cash payments available to individuals in Groups 1, 2, and 3 as further described in Sections 3.1(b), 3.2(b), and 3.3 below.

      **1.27** **"Monetary Benefit Request Form"** means and refers to the form substantially in the form attached as Exhibit D that must be submitted by a Group 2 Class Member within twenty-one (21) calendar days of receipt if the class member wishes to receive a Monetary Benefit in lieu of a modification. If a Group 2 Class Member appeals the loan modification decision, the Class Member must submit the Monetary Benefit Request Form within twenty-one (21) calendar days after receiving notification of a final decision on the appeal.

      **1.28** **"No Existing Relationship"** means there is no longer an active mortgage relationship between the Class Member and Wells Fargo, with respect to a mortgage loan that

would otherwise fall within the Class Definition, due to: (a) foreclosure, a deed in lieu, or short sale, (b) the transfer of the mortgage servicing rights for the Class Member's loan to another loan servicer, or (c) the payment in full of the Class Member's loan.

1.29    **"Notice" or "Notice Plan"** means the documents disseminated to the Class describing this Agreement that shall be provided in the manner described in Section 5 below, and includes a "long form" notice form to be posted on the Settlement Website, as well as summary notice forms sent by U.S. Mail in the manner described in Section 5, to each Class Member.

1.30    **"Notice of Approval"** refers to the notice, letter, or other document to be sent by Wells Fargo to Group 1 and Group 2 Class Members who have been determined eligible for a loan modification in connection with the Settlement. Depending on investor requirements, the Class Member may be required to successfully complete a trial modification in order to receive a permanent modification. Class Counsel is to be provided a copy of all Notices of Approval sent to Class Members at the time the notice is sent to the Class Members.

1.31    **"Notice of Denial"** refers to the notice, letter, or other document to be sent by Wells Fargo to Group 1 and Group 2 Class Members who have been determined ineligible for a Loan Modification in connection with the Settlement. Each Notice of Denial shall set forth the ground(s) for the denial. Class Counsel shall be provided a copy of all Notices of Denial sent to Class Members at the time such notices are sent to the Class Members.

1.32    **"Notice of Intention to Appear and Object"** is the written communication that must be filed with the Court on or before the last day of the Opt-Out/Objection Deadline by any Class Member in order to object to the approval of any portion of this Agreement.

1.33    **"Opt-Out/Objection Deadline"** means the date to be set by the Court for Class Members to submit a Request For Exclusion or a Notice of Intention to Appear and Object. The

deadline for post marking a Request For Exclusion or a Notice of Intention to Appear and Object will be clearly set forth in the Notice and shall be October 3, 2014 unless otherwise ordered by the Court.

      **1.34** **"Permanent Modification"** means an agreement provided by Wells Fargo in conjunction with this Settlement to permanently modify a Class Member's loan as described in Sections 3.1 and 3.2. A borrower may receive a Permanent Modification via one of two paths depending on investor requirements. First, for investors that do not require the borrower to complete a trial modification before receiving a permanent loan modification, the Permanent Modification will be sent to the borrower upon a determination that the borrower is qualified to receive such modification. Second, for investors who require that borrowers complete a trial modification before receiving a permanent loan modification, the Permanent Modification will be provided to the Class Member promptly after he or she completes all necessary trial payments and satisfies any other terms in the trial plan. If a Class Member accepts a modification that is conditioned on the making of trial payments, Wells Fargo will have satisfied its obligations under this Agreement if the Class Member does not comply with the trial payment schedule or other conditions set forth in the trial modification. A permanent modification that is accepted and signed by the Class Member shall be promptly executed by Wells Fargo unless no signature is otherwise required. A fully-executed copy of the permanent modification shall thereafter be promptly returned to the Class Member.

      **1.35** **"Preliminary Approval"** means the Court's certification of the Class solely for settlement purposes, entry of an order granting preliminary approval of this Agreement ("Preliminary Approval Order," as set forth in Section 2.1 below), as well as approval of the form and methods of dissemination of the Notice, the Notice Plan, and the Claim Form.

**1.36** **"Releasing Parties"** means Plaintiff Wigod and any Settlement Class Member who does not submit a valid and timely Request for Exclusion, and each and all of their present or past heirs, executors, personal representatives, guardians, estates, authorized users, guarantors, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representatives of any of these Persons and entities.

**1.37** **"Released Parties"** means Wells Fargo and each and all of its past, present and future predecessors, successors, assigns, parents, attorneys, divisions, subsidiaries, associates, affiliated companies and corporations, including Wachovia Mortgage FSB, and each and all of their respective past, present and future representatives, employees, managers, agents, consultants, insurers, directors, committees, managing directors, officers, partners, general partners, limited partners, principals, members, insurers, reinsurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers, directors, other individuals or entities in which Wells Fargo Bank, N.A. has a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities, and each and all of their respective executors, successors, assigns and legal representatives.

**1.38** **"Relocation Agreement"** means the document substantially in the form attached as Exhibit E that will be offered to Group 1 Class Members as set forth in Section 3.1(b).

**1.39** **"Request For Additional Documents"** refers to the letter or electronic communication that will be provided to the Settlement Class Member if Wells Fargo determines that the Class Member's loan modification application package is missing documents or requires supplementation. Whenever Wells Fargo determines that documents set forth in the Document Checklist with respect to a particular claimant are incomplete, Wells Fargo shall notify the Class Member within five (5) business days of the missing documents, and the Class Member shall have thirty (30) calendar days to submit the requested documents to Wells Fargo at the address set forth in the Request for Additional Documents. Upon request by Class Counsel, Wells Fargo shall provide a report regarding such Requests for Additional Documents.

**1.40** **"Request For Exclusion"** is a timely written communication by a Class Member stating that he or she wishes to be excluded (or "opt out") from the Class. To be timely, any Request for Exclusion must be mailed to the Settlement Administrator, postmarked on or before the last day of the Opt-Out/Objection Deadline, and otherwise comply with the terms of the Preliminary Approval Order.

**1.41** **"Request For Relocation Agreement"** means the document substantially in the form attached as Exhibit F that will be sent to any Group 1 Class Member who receives a Notice of Denial from Wells Fargo. A copy of the Form will also be posted on the Settlement Website.

**1.42** **"Settlement Administrator"** means the company (or, if necessary, any replacement chosen by Wells Fargo with Class Counsel's knowledge and consent, which shall not be unreasonably withheld), that Wells Fargo will retain to oversee the provision of Notice to the Class as set forth in this Agreement, and the processing of: (a) Requests for Exclusion from

this Agreement, (b) Notices of Intention to Appear and Object to this Agreement, (c) Claim Forms as set forth in this Agreement, and (d) the administration of Monetary Benefits to Class Members as set forth in this Agreement.

**1.43** **"Trial Modification"** means a trial plan provided by Wells Fargo in connection with this Settlement to temporarily modify a Class Member's loan as described in Sections 3.1 and 3.2. Depending on investor requirements, the Class Member may be required to successfully complete a trial modification in order to receive a Permanent Modification. In such cases, Wells Fargo will send the borrower a Trial Modification and explain its terms. If a Class Member's receipt of a permanent modification is conditioned on making trial payments, Wells Fargo will have satisfied its obligations under this Agreement if the Class Member does not comply with the trial payment schedule or other conditions set forth in the trial plan. Where applicable, a trial plan that is accepted and signed by the Class Member shall be executed by Wells Fargo and a copy returned to the Class Member.

**1.44** **"Underlying Class Action"** means the counts filed in the Third Amended Complaint filed solely for settlement purposes, which will only include counts filed on behalf of Plaintiff Wigod and will not include any counts filed on behalf of Plaintiffs Dan Finlinson and Sandra Finlinson.

**2. REQUIRED EVENTS AND COOPERATION BY THE PARTIES**

**2.1** *Preliminary Approval*: Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court for its Preliminary Approval and shall move the Court to enter a Preliminary Approval Order. The proposed Preliminary Approval Order, by its terms shall:

(a) Appoint Class Counsel and Plaintiff Wigod as the Class Representative;

        (b)     Certify the Class under Federal Rule of Civil Procedure 23 for settlement purposes only and without prejudice to Wells Fargo's right to contest class certification on an adversarial basis if the Agreement is not approved;

        (c)     Preliminarily approve this Agreement for purposes of issuing Notice to the Class Members;

        (d)     Approve the form and contents of the Notice and Claim Forms and the method(s) of their dissemination to Class Members;

        (e)     Schedule the Fairness Hearing to review comments and/or objections regarding this Agreement and the application for an award of attorneys' fees and reimbursement of expenses, to consider their fairness, reasonableness and adequacy, and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for the Fee Award, and entering the Judgment dismissing this Action and the Underlying Class Action with prejudice;

        (f)     Stay all proceedings in the Action, until the Effective Date or termination of the Settlement, whichever occurs earlier, except as may be necessary to obtain and or effectuate final approval of the Settlement; and

        (g)     Enjoin Settlement Class Members from commencing or prosecuting any Released Claims against any Released Parties pending final approval of the Settlement.

    **2.2**    Final Approval: Class Counsel shall file a motion for final approval of the Agreement at least twenty-eight (28) calendar days prior to the date selected by the Court for the Fairness Hearing, and request the Court to enter the Judgment. Wells Fargo may file a response to the motion for final approval of the Agreement at least fourteen (14) calendar days prior to the

date selected by the Court for the Fairness Hearing. This Agreement is expressly contingent upon the entry of said order that by its terms shall:

(a)     Enter the Judgment contemplated by this Agreement finding that each Settlement Class Member has forever released and discharged each Released Party from liability for any and all Released Claims;

(b)     Direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions;

(c)     Find that the Notice and the notice methodology implemented pursuant to the Agreement constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice and met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court;

(d)     Find that Class Counsel and the Class Representative adequately represented the Class for purposes of entering into and implementing the Agreement;

(e)     Set the Fee Award to Class Counsel and incentive award to the Class Representative; and

(f)     Without affecting the finality of the Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and the Judgment and for any other necessary purpose.

**2.3**     *Cooperation*: The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court.

**2.4**     *Certification of Class*: Solely for purposes of effectuating this Settlement, the

Court shall certify the Class (defined above in Section 1.5) pursuant to Federal Rules of Civil

Procedure 23(b)(3). Certification of the Settlement Class as set forth in this Agreement shall not

be deemed a concession that certification of a litigation class is appropriate, nor would Wells

Fargo be precluded from challenging class certification in further proceedings in the Action or in

any other action if the Settlement is not finalized or finally approved. If the Settlement is not

finally approved by the Court for any reason whatsoever, the certification of the Settlement Class

will be void, the Parties and the Action shall be restored to the *status quo ante*, and no doctrine

of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the

Action or in any other action. No agreements made by or entered into by Wells Fargo in

connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, or

any other person to establish any of the elements of class certification in any litigated

certification proceedings, whether in the Action or any other judicial proceeding.

**3.      SETTLEMENT BENEFITS**

    **3.1      *Relief Available to Class Members in Group 1.*** For any Group 1 Class Member

who submits a complete loan modification application, Wells Fargo will review his or her

current eligibility for a loan modification under all available programs. To obtain such review,

the Group 1 Class Member must submit a completed and signed Group 1 Claim Form (see

Exhibit A-1) to the Settlement Administrator by the Claims Deadline. Group 1 Class Members

who submit a Claim Form and are deemed ineligible for a loan modification may enter into a

Relocation Agreement with Wells Fargo in exchange for a Monetary Benefit.  A Group 1 Class

Member who fails to submit a Claim Form, is not eligible for a loan modification (including for

failure to submit a timely and complete loan modification application) or who declines an offered

modification, may be subject to foreclosure proceedings.

(a)    *Applications for Loan Modification*.

(1)    <u>Group 1 Claim Form and Submission of Documents</u>. To be eligible for any relief under this Settlement, Group 1 Class Members must: (1) select the box on the Group 1 Claim Form indicating they wish to receive a new loan modification review based on a current application or, alternatively, select the box on the Group 1 Claim Form indicating that their loan is already under review for a loan modification (which will constitute the review that they are eligible for under the Settlement), (2) submit the Claim Form to the Settlement Administrator (via email, U.S. Mail, facsimile, or via the Settlement Website) by the Claims Deadline, and (3) submit all documents required in the Document Checklist to Wells Fargo by the Document Submission Deadline. If Wells Fargo determines that a loan modification application package is incomplete, within five (5) business days of receipt of the application package, Wells Fargo will send the Class Member by electronic mail or first class mail a Request for Additional Documents setting forth the additional required documents. The Class Member will have an additional thirty (30) calendar days to provide the requested information to Wells Fargo. Wells Fargo will provide notification to the Class Member of its decision on the application within thirty (30) calendar days of receiving all information and documentation necessary to complete its evaluation of the Class Member's eligibility.

(2)    <u>Group 1 Claim Form</u>. Group 1 Class Members shall submit a Claim Form in the form attached hereto as Exhibit A-1. Wells Fargo reserves the right to confirm that the information provided in the Claim Form is accurate. The Group 1 Claim Form will advise Group 1 Class Members that Class Counsel have been appointed by the Court to assist them in this case and in connection with the loan modification review process that is a part of this Settlement. The Group 1 Claim Form will also notify the Class Member that he or she may

choose to seek tax advice regarding the impact of any modification that may be offered as part of the Settlement.

For Group 1 Class Members that elect to submit a new application for a loan modification, the Settlement Administrator shall, within three (3) business days after the Claims Deadline, send a copy of such Group 1 Class Forms, along with an electronic file containing the names and contact information of such Group 1 Class Members, to Class Counsel and Wells Fargo's Counsel. Wells Fargo will then have seven (7) calendar days to provide Class Counsel with the contents of the Document Checklist that shall be sent to each Group 1 Class Member who elected to submit a new application for a loan modification. Within three (3) business days thereafter, Class Counsel shall send the Document Checklist to each such Group 1 Class Member by electronic or first class mail.

(3)    Modification Review Parameters. Wells Fargo agrees to review Group 1 Class Members for eligibility under current HAMP Tier 1 and 2 program guidelines and, if the Class Member is not eligible for HAMP, under any available proprietary modification program. Class Members may be required to participate in a trial period if required by applicable program or investor requirements.

(4)    Application Review Process. Dedicated personnel at Wells Fargo shall review all modification applications submitted by Group 1 Class Members. In reviewing an application under this Agreement, Wells Fargo may deny such application if it determines that the Class Member is ineligible under all available modification programs.

(5)    Appealing Wells Fargo's Decision On Class Member Applications. When a Group 1 Class Member desires to challenge a decision by Wells Fargo on his or her modification application, including the terms of any offered modification or the denial of a

18

modification, he or she may follow the appeal instructions that will be set forth in the Notice of Approval or Notice of Denial. In the instance where the Group 1 Class Member continues to dispute the validity of Wells Fargo's decision after going through the appeal process as set forth in the Notice of Approval or Notice of Denial, the dispute may be submitted to the Mediator for a final and binding determination.

(6)    <u>Lien Subordinations</u>. When Wells Fargo determines that one or more liens are recorded on the Class Member's property that must be subordinated so that any permanent modification may be recorded and maintain first lien position, Wells Fargo will provide the Class Member with a form Subordination Agreement that Wells Fargo will accept once it is fully and properly executed. The Class Member will be responsible for (1) ensuring that the lienholder executes the subordination agreement and (2) returning the executed agreement to Wells Fargo. The Class Member shall have forty-five (45) calendar days following receipt of the form subordination agreement from Wells Fargo to return the executed agreement to Wells Fargo.

(7)    <u>Receipt and Return of Loan Modification</u>. Group 1 Class Members who are determined to be eligible for a loan modification shall follow instructions in the Notice of Approval that will set forth the terms of the loan modification and how and when payments should be made. Class Members determined to be eligible for a loan modification will be provided with either a Trial Modification or Permanent Modification, depending on investor and program guidelines. Class Members who receive a Trial Modification will be provided with a Permanent Modification promptly after the Class Member makes all the required trial payments and satisfies the other conditions of the trial plan. To the extent applicable, Wells Fargo will promptly execute any Trial Modification provided to and accepted by a Class Member and return

19

a copy of such document to the Class Member. Where required, Wells Fargo will also promptly execute any Permanent Modification provided to and accepted by a Class Member and return a copy of such document to the Class Member.

        (b)    *Relocation Agreement*: Group 1 Class Members shall be eligible to receive a Monetary Benefit when the following criteria are met:

        (1)    the Class Member has submitted a completed application for a loan modification review under this Settlement and is determined ineligible for a modification under any available program; *and*

        (2)    the Class Member enters into a Relocation Agreement with Wells Fargo. The Relocation Agreement will require, among other things, that the Class Member vacate their property by a date certain.

The Settlement Administrator shall send a Request for Relocation Agreement to any Group 1 Class Member who receives a Notice of Denial. The Settlement Administrator shall send the Request for Relocation Agreement within seven (7) calendar days of the date the Notice of Denial is sent to the Group 1 Class Member. To receive a Relocation Agreement under this paragraph, the Group 1 Class Member must complete, sign, and return to the Settlement Administrator the Request for Relocation Agreement within twenty-one (21) calendar days of receipt. Or, where the Class Member has disputed Wells Fargo's decision regarding the Class Member's eligibility to receive a loan modification by following the appeals process set forth in the Notice of Denial, the Class Member must sign and return the Request for Relocation Agreement within twenty-one (21) calendar days of receipt of a final appeals decision. Wells Fargo shall thereafter send a Relocation Agreement to such Group 1 Class Members as set forth in Section 8(a) below. Group 1 Class Members will also be required to submit to the Settlement

Administrator, with the Request for Relocation Agreement, a fully executed IRS Form W-9 or an acceptable substitute.

    (c) The aggregate amount of funds available to cover all claims under Group 1 shall not exceed $700,000. The amount of Monetary Benefits available to be awarded to Group 1 Class Members shall be determined by Class Counsel after all Requests for Relocation Agreements are received and shall be based on objective criteria depending upon, among other factors, whether the Class Member previously received a permanent modification from Wells Fargo and the terms of any such modification. Payouts will be on a per loan basis, regardless of the number of individual borrowers on a given loan.

    (d) *Foreclosure Hold*. During the time when Wells Fargo is reviewing any Class Member's application for a loan modification under this Agreement up through thirty (30) days following a Notice of Denial, or where a Class Member appeals, up through thirty (30) calendar days following a final notice of the appeals decision, Wells Fargo shall implement and maintain a Foreclosure Hold with respect to the Class Member's loan (unless otherwise ordered by a court in an individual, existing judicial foreclosure proceeding).

   **3.2** ***Relief Available to Group 2 Class Members***. As set forth in the Group 2 Claim Form (see Group Exhibit A-2), Class Members whose loans are Current as of the date the Motion for Preliminary Approval is filed may either elect to submit an application for a loan modification or receive a monetary payment of $250 in lieu of submitting a loan modification application by checking the appropriate box on the Claim Form, in the form attached hereto as Group Exhibit A-2, and submitting the completed and signed Group 2 Claim Form to the Settlement Administrator via email, U.S. Mail, facsimile, or via the Settlement Website by the Claims Deadline. Wells Fargo reserves the right to confirm that the information provided on the

claim form is accurate.

The Group 2 Claim Form will advise Group 2 Class Members that Class Counsel have been appointed to assist them in this case and in connection with the loan modification process and that they may choose to seek tax advice with respect to the tax impact of any potential modification they may receive.

(a)     *Applications for Loan Modifications*. The process for applying for a loan modification is set forth in Section 3.1(a) above and applies equally to Group 2 Class Members who elect this option. Group 2 Class Members will be eligible to be considered for a loan modification review only if they are experiencing a financial hardship as determined by applicable investor and program guidelines.  The procedures and requirements set forth in Section 3.1(a)(2), with respect to the provision of the Document Checklist to Class Members who elect to receive a new loan modification review shall apply equally to Group 2 Class Members.

(b)     *Monetary Benefit For Persons Determined Ineligible For A Loan Modification or Who Do Not Wish To Accept An Offered Modification*. Group 2 Class Members who submit a loan modification application but are determined to be ineligible to receive a modification (including following any appeal) or who reject the modification offered by Wells Fargo shall be eligible to receive a Monetary Benefit in an amount to be determined by Class Counsel.

The Settlement Administrator shall send a Monetary Benefit Request Form to any Group 2 Class Member who either receives a Notice of Approval or Notice of Denial.  The Settlement Administrator shall send the Monetary Benefit Request Form within seven (7) calendar days of the date the Notice of Approval or Notice of Denial is sent to the Group 2 Class Member. To

receive a Monetary Benefit under this paragraph, the Group 2 Class Member must complete, sign, and return to the Settlement Administrator the Monetary Benefit Request Form within twenty-one (21) calendar days of receipt. Or, where the Class Member has disputed Wells Fargo's decision regarding the Class Member's eligibility to receive a loan modification or the terms of a loan modification that was offered by following the appeals process set forth in the Notice of Approval or Notice of Denial, the Class Member must sign and return the Monetary Benefit Request Form within twenty-one (21) calendar days of receipt of a final appeals decision. Where applicable, the Group 2 Class Member will also be required to submit to the Settlement Administrator, with the Monetary Benefit Request Form, a fully executed IRS Form W-9 or an acceptable substitute.

The amount of Monetary Benefits available to be awarded to such Group 2 Class Members shall be based on objective criteria including, among other factors, whether the Group 2 Class Member had previously received a permanent modification from Wells Fargo and the terms of any such modification. Payouts will be on a per loan basis, regardless of the number of individual borrowers on a given loan.

(c)     *$250 Payment In Lieu Of Application*. In lieu of applying for a loan modification, Group 2 Class Members may elect to receive a payment of $250. To receive this payment, Group 2 Class Members must select the box on the Group 2 Claim Form indicating they wish to receive the $250 Payment in lieu of submitting a loan modification application, sign the Claim Form, and submit the Claim Form to the Settlement Administrator by the Claims Deadline. Payouts will be on a per loan basis, regardless of the number of individual borrowers on a given loan.

(d)     The aggregate funds available to Group 2 Class Members shall not exceed

$100,000.00.

3.3    ***Relief Available to Group 3 Class Members.*** Group 3 Class Members are eligible to receive a Monetary Benefit, as explained on the Group 3 Claim Form attached as Group Exhibit A-3. Group 3 Class Members will have the ability to submit Claim Forms to the Settlement Administrator via email, U.S. Mail, facsimile, or through the Settlement Website, the numbers and addresses for which will be made available in the Notices, and on the Claim Forms and Settlement Website. Group 3 Class Members will be required to submit to the Settlement Administrator, with the Group 3 Claim Form, a fully executed IRS Form W-9 or an acceptable substitute.

The aggregate amount payable to all Group 3 Class Members shall not exceed $2,000,000.00 with the specific amount payable to each Class Member to be determined by Class Counsel after all claims are submitted. The amount of Monetary Benefits available to be awarded to individual Group 3 Class Members shall be based on objective criteria including, among other factors: (1) whether the Group 3 Class Member had previously received a permanent modification from Wells Fargo and the terms of any such modification, (2) whether the Group 3 Class Member experienced a foreclosure, deed-in-lieu, or short sale, (3) whether the servicing of the loan was transferred, or (4) whether the loan had been paid off in full. Payouts will be on a per loan basis, regardless of the number of individual borrowers on a given loan.

3.4    ***Relief Available To All Class Members.*** As an additional Settlement benefit, Wells Fargo will make holistic credit counseling available to all Class Members at Wells Fargo's expense. The counseling service will be provided through the Homeownership Preservation Foundation network and is designed to help borrowers work through, as needed, debt management plans, budget counseling, housing counseling, bankruptcy education, and credit

report reviews. Any Class Member who elects to obtain credit counseling through this Settlement may indicate his or her election in the appropriate section of the Claim Form.

3.5     The payments to be determined based on objective criteria by Class Counsel as described above in Sections 3.1(c), 3.2, and 3.3 after all claims are received shall be subject to terms set forth in a separate side letter dated and executed June 12, 2014. The side letter will be made available to the Court *in camera* upon request.

## 4.     THE RELEASE

4.1     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, from the beginning of time to the date of Preliminary Approval, that were or could have been alleged in the Complaint by Plaintiff Wigod on behalf of the Settlement Class arising out of or relating in any way to the servicing of their mortgage loan that falls within the Class Definition or the policies, systems, standards, practices, and procedures used by Wachovia/Raleigh and Wells Fargo for reviewing, providing, accepting, denying, or otherwise determining eligibility in connection with Class Members' HAMP loan modification applications, trial plans, and/or permanent modification agreements.

The release set forth in this Section 4.1 applies to claims that could have been raised in this Action by Plaintiff Wigod and that the Releasing Parties do not know or suspect to exist, which, if known by them, might have affected their decision to enter into this Agreement and to

release the Released Parties or the Released Claims or might affect their decision to agree,

object, or not object to the Settlement. Upon the date of Preliminary Approval, the Releasing

Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest

extent permitted by law, the provisions, rights and benefits of Section 1542 of the California

Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

Upon the date of Preliminary Approval, the Releasing Parties also shall be deemed to have, and

shall have, expressly waived any and all provisions, rights and benefits conferred by any law of

any state or territory of the United States, or principle of common law, or the law of any

jurisdiction outside of the United States, which is similar, comparable or equivalent to

Section 1542 of the California Civil Code. The Releasing Parties also acknowledge that they

may discover facts in addition to or different from those that they now know or believe to be true

with respect to the Released Claims and the dismissal with prejudice contained in the Judgment

or the law applicable to such claims may change, but that they expressly accept and assume the

risk of those possible differences and that it is their intention to expressly waive and finally and

forever to settle and release the Released Claims, notwithstanding any unknown claims they may

have, and that the releases set forth in this Settlement Agreement remain effective

notwithstanding such differences in fact.

The obligations incurred pursuant to this Agreement shall be a full and final disposition

of this Action and any and all Released Claims as against all Released Parties.

26

5.      **NOTICE**

**5.1**    Upon entry of the Order granting Preliminary Approval of this Agreement, the

Settlement Administrator shall give Notice or cause Notice to be given to all potential Class

Members as described below.

**5.2**    The Notice Plan shall include:

(a)    <u>Direct Notice</u>: Within forty-five (45) calendar days following the entry of

the Order granting Preliminary Approval of the Agreement, Wells Fargo shall cause the

Settlement Administrator to provide a "short form notice," substantially in the form attached

hereto as Exhibit B, via U.S. Mail to the Class Members on the Class List at the last-known

address in Wells Fargo's records, as updated using the National Change of Address registry. A

copy of the appropriate Claim Form shall be sent together with the Short Form Notice in

accordance with the Class Member's status (Group 1, 2, or 3) as determined by Wells Fargo

through its records as of the date the Motion for Preliminary Approval is filed.

(b)    <u>Settlement Website Notice</u>: Within fifteen (15) calendar days of entry of

the order granting Preliminary Approval to the Agreement, a traditional "long form" notice

substantially in the form attached as Exhibit C shall be posted on the Settlement Website, at a

domain name to be mutually agreed upon by the Parties, to be administered by the Settlement

Administrator. The Settlement Website shall include a method by which Class Members can

download Claim Forms and by which Group 2 Class Members who elect the "$250 Payment In

Lieu Of Application" and Group 3 Class Members may submit Claim Forms for Monetary

Benefits. The Settlement Website shall also make available for download the Third Amended

Complaint, an as-filed copy of this Agreement, any Motion for Preliminary Approval or Final

Approval, Class Counsel's petition for approval of reasonable attorneys' fees and Class

Representative incentive award, the Preliminary Approval Order, the Document Checklist, a

Monetary Benefit Request Form, and a form Request for Relocation Agreement, together with

any additional documents or information as agreed to by the Parties or Ordered by the Court. The

Settlement Website shall also clearly list the telephone numbers, facsimile numbers, email

addresses, and mail addresses for properly submitting Claim Forms, Requests for Exclusion,

Notices of Intention to Appear and Object, documents required by the Document Checklist,

Monetary Benefit Request Forms, Requests for Relocation Agreements, and Relocation

Agreements to the Settlement Administrator, Class Counsel, Wells Fargo's Counsel, and Wells

Fargo, as appropriate.

        (c)    <u>Notice under Class Action Fairness Act</u>. Wells Fargo shall cause notice of

the Agreement, together with all required documents, to be sent to the appropriate governmental

authorities in accordance with the Class Action Fairness Act.

**5.3**    No later than fourteen (14) calendar days before the Final Fairness Hearing, the

Settlement Administrator will provide affidavits to Class Counsel verifying that Wells Fargo

caused Notice to be sent to the Class Members in accordance with this Agreement, as approved

by the Court.

**6.**    **OPT-OUTS AND OBJECTIONS**

**6.1**    Any Class Member may request to be excluded from the Class at any time within

the Opt-Out/Objection Deadline by complying with the procedures for doing so as set forth in

the Court's Preliminary Approval Order and the Court-approved Notice. To exercise the right to

opt-out and be excluded from the Class, the Class Member seeking to do so must mail a Request

for Exclusion to the Settlement Administrator that is postmarked by the Opt-Out/Objection

Deadline. Requests for Exclusion post-marked after the Opt-Out/Objection Deadline will be

considered invalid and of no effect, and the Class Member who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court (including a Judgment approving the Agreement and implementing the Release contemplated thereby). All Settlement Class Members (exclusive of those who submit a valid Request for Exclusion) will be bound by this Agreement and the Judgment, including the Release contained herein. Any Class Member who timely and properly submits a Request for Exclusion shall not: (i) be bound by any orders or Judgment entered in this Litigation nor by the Release herein contained; (ii) be entitled to any Settlement Benefit under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement or this Litigation. Each Class Member who requests exclusion from the Class must personally sign his or her own individual Request for Exclusion. No Class Member may opt-out of the Class for any other person or be opted-out by any other person, and no Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Notwithstanding the above, when a loan is associated with more than one Class Member, a Request for Exclusion signed by one Class Member will serve to opt-out any other Class Member who is an obligor on the same loan.

**6.2**     Any Class Member who intends to object to this Agreement must file with the Court by the Opt-Out/Objection Deadline, either *pro se* or through counsel hired at the Class Member's own expense, a Notice of Intent to Appear and Object that includes (i) his or her personal signature, (ii) his or her full name and address, (iii) his or her objections to this Agreement, as well as all arguments, citations, and evidence supporting the objection, (iv) a statement that the Person submitting the Notice of Intent to Appear and Object is a Class Member, and (v) a statement indicating whether the objector intends to appear at the Fairness

Hearing, either with or without counsel. A copy of such Notice of Intention to Appear and Object and, where the Class member is represented by an attorney, the attorney's appearance, must also be sent to the Settlement Administrator, Class Counsel, and Wells Fargo's Counsel at the time of filing. Objections must be filed and postmarked by the Opt-Out/Objection Deadline. No Class Member shall be heard and no papers, briefs or pleadings submitted by such Class Member shall be received and considered by the Court unless the Court receives the Class Member's properly completed and signed Notice of Intent to Appear and Object by the Opt-Out/Objection Deadline. Any Class Member who fails to timely or properly file an appearance and Notice of Intent to Appear and Object shall be deemed to have waived his or her objections and be forever barred from making any such objections in this Action, the Underlying Class Action, any appeal or in any other action or proceeding. The Settlement Website Notice set forth in Section 5.2(b) above shall advise Class Members that they may, but are not required to, hire their own attorney.

**6.3** In the event that the number of loans for which Class Members submit a valid Request for Exclusion exceeds 100, then Wells Fargo, in its sole discretion, may at any time prior to seven (7) business days before the Fairness Hearing, notify Class Counsel in writing that Wells Fargo believes the Settlement cannot achieve its purpose. In that event, this Settlement Agreement shall become null and void for all purposes, the Parties and the Action shall be returned to the *status quo ante*, the Parties shall jointly move that any and all orders entered pursuant to this Settlement Agreement be vacated, and neither this Agreement nor the Parties' willingness to enter into the Settlement shall be used or referred to for any purpose.

**6.4** Any Class Member who believes that they have been misclassified under the Agreement (*e.g.*, they appear on the Class List as a Group 1 Class Member but they believe they belong in Group 2 or Group 3) should contact Class Counsel within fifteen (15) calendar days of

receiving the Short Form Notice. The Short Form Notice shall notify Class Members that they must contact Class Counsel within fifteen (15) calendar days if they wish to contest their classification and shall provide a phone number and email address where they may contact Class Counsel. The Class Member's classification will thereafter be reviewed by the Parties for potential reclassification and, if necessary, any remaining dispute as to the Class Member's classification shall be resolved by Class Counsel.

7.      **CLAIMS PROCESS & SETTLEMENT ADMINISTRATION**

    **7.1**    *Settlement Administrator's Duties*. The Settlement Administrator shall be selected by Wells Fargo subject to the approval of Class Counsel, which shall not be unreasonably withheld. The Settlement Administrator shall administer the relief provided by this Agreement by establishing the Settlement Website, disseminating the Notice, receiving Claim Forms containing requests to submit a new loan modification application, and processing Claim Forms for Monetary Benefits in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Wells Fargo's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Wells Fargo's Counsel with information concerning Notice, administration, claims handling and processing, and implementation of the Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts to be paid to Class Members whose

claims for Monetary Benefits are approved. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Receive Requests for Exclusion from Class Members seeking to exclude themselves from the Class and provide to Class Counsel and Wells Fargo's Counsel a copy thereof within three (3) calendar days of the Opt-Out/Objection Deadline. If the Settlement Administrator receives any exclusion forms or other requests from Class Members after the Opt-Out/Objection Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Wells Fargo's Counsel;

(b)     Provide reports to Class Counsel and Wells Fargo's Counsel on a reasonable basis that include without limitation the number of Claim Forms received and their type, the number of claims approved for payment of Monetary Benefits, and the categorization and description of Claim Forms approved and rejected by the Settlement Administrator; and

(c)     Make available for inspection by Class Counsel and Wells Fargo's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

**7.2**     *Review of Claim Forms.* The Settlement Administrator shall review Claims Forms for Monetary Benefits for completeness. For Group 1 Claim Forms and Group 2 Claim Forms that indicate the Class Member has elected to submit a new application for a loan modification, the Settlement Administrator shall, within three (3) business days after the Claims Deadline, record receipt of the Claim Form and send a copy to Class Counsel and Wells Fargo's Counsel.

**7.3**     *Settlement Administration Expenses.* Settlement Administration Expenses shall be paid solely by Wells Fargo.

**7.4** *Requests for Additional Information.* In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member.

## 8. SETTLEMENT PAYMENTS

**8.1** *Payment of Settlement Benefits.* The timing for paying Monetary Benefits is described below. Any monies remaining from settlement checks that are not cashed within 90 calendar days of issuance shall remain Wells Fargo's. In the event that the amount of any monies remaining from uncashed settlement checks exceeds $500,000, such funds above and beyond $500,000 shall be donated in equal parts to two *cy pres* recipients to be decided upon by the Parties (with each Party nominating one recipient), subject to the approval of the Court. Any Monetary Benefits due to a Settlement Class Member shall be reduced by any sums already received by the Settlement Class Member through the National Mortgage Settlement, the Independent Foreclosure Review, or any similar settlement or enforcement action, or as the result of financial assistance paid by Wells Fargo in connection with prior relocation agreements, short sales, deeds-in-lieu or other similar arrangements. In addition, any Class Member who has already provided Wells Fargo with a release of the claims that are the subject of this Settlement is not eligible to receive benefits herein ("Prior Settlement Benefits").

(a) <u>Group 1 Class Members</u>. No later than seven (7) calendar days following the last timely submission of any Request for Relocation Agreement, the Settlement Administrator shall provide to Class Counsel and Wells Fargo's Counsel the final list of Group 1 Class Members who have timely returned Requests for Relocation Agreements. No later than seven (7) calendar days thereafter, Class Counsel shall provide to Wells Fargo's Counsel and the Settlement Administrator the per claimant amounts that are to be included in each Relocation

Agreement. Within seven (7) calendar days of receipt, Wells Fargo's Counsel shall insert the specific amount to be paid to each Group 1 Class Member in the Relocation Agreements and cause two (2) copies of such Relocation Agreements to be sent to the appropriate Group 1 Class Members for their signatures. Group 1 Class Members shall thereafter have twenty-one (21) calendar days to sign and return one (1) copy of the Relocation Agreement to Wells Fargo. A duly authorized representative of Wells Fargo shall thereafter sign and return a copy of the Relocation Agreement to each Class Member, as applicable. Each Relocation Agreement shall set forth a "Vacate Date" by which the Group 1 Class Member must permanently vacate the property. The "Vacate Date" shall be ninety (90) calendar days following the date that the Relocation Agreement is sent to the Class Member for his or her signature. Wells Fargo shall, no later than fourteen (14) calendar days following the Vacate Date set forth in each Relocation Agreement, verify that the Group 1 Class Member has permanently vacated the property and notify the Settlement Administrator of the vacation. If permanent vacation has been verified, the Settlement Administrator shall send payment to the Class Member within seven (7) calendar days by check sent via U.S. Mail to the forwarding address supplied by the Group 1 Settlement Class Member in the Relocation Agreement.

        (b)     Group 2 Class Members.

        (1)     Monetary Benefit. No later than seven (7) calendar days following the receipt by the Settlement Administrator of the last timely Monetary Benefit Request Form, the Settlement Administrator shall provide to Class Counsel and Wells Fargo's Counsel all Monetary Benefit Request Forms. Within seven (7) calendar days thereafter, Class Counsel shall provide Wells Fargo's Counsel and the Settlement Administrator with the specific amounts to be paid to each approved Group 2 Class Member who submitted a Monetary Benefit Request Form.

No later than fourteen (14) calendar days after the Effective Date, the Settlement Administrator shall pay such claims by check and mail the checks to the claimants via U.S. Mail.

(2)     $250 Payment In Lieu Of Application. No later than seven (7) calendar days following the receipt by the Settlement Administrator of the last timely Request For $250 Payment In Lieu Of Application Form, the Settlement Administrator shall provide Class Counsel and Wells Fargo's Counsel with a list of all approved Group 2 Claim Forms where the Group 2 Class Member elected to receive a $250 payment in lieu of submitting a new application for a mortgage loan modification.  No later than fourteen (14) calendar days after the Effective Date, the Settlement Administrator shall distribute such payments via U.S. mail.

(c)     Group 3 Class Members. No later than seven (7) calendar days following the receipt by the Settlement Administrator of the last timely Group 3 Claim Form, the Settlement Administrator shall provide Class Counsel and Wells Fargo's Counsel with all approved Group 3 Claim Forms. No later than seven (7) calendar days thereafter, Class Counsel shall provide Wells Fargo's Counsel and the Settlement Administrator with the specific amounts to be paid to each approved Group 3 claimant. No later than fourteen (14) calendar days after the Effective Date, the Settlement Administrator shall distribute such payments via U.S. Mail.

**8.2**     Wells Fargo reserves the right to review and validate the information provided by each Settlement Class Member on the applicable Claim Form. Within twenty-one (21) calendar days of receiving the forms from the Settlement Administrator, Wells Fargo will notify Class Counsel if it has determined that any forms contain inaccurate information and/or if the Class Member has received Prior Settlement Benefits that may offset the payment of Monetary Benefits in this Settlement. In addition, Wells Fargo also will notify Class Counsel by that time if

any Settlement Class Member has already released Wells Fargo from the claims subject to this Settlement.

       **8.3**     On and after the Effective Date, Wells Fargo shall be solely responsible for ensuring that the Settlement Administrator at all times has adequate funds to pay approved claims from the Agreement.

**9.**     **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

       **9.1**     Subject to Court approval, Class Counsel shall be paid an amount not to exceed $3,500,000 as attorneys' fees and for the reimbursement of costs and expenses.

       **9.2**     Wells Fargo shall pay (by wire) to Class Counsel the Fee Award within fourteen (14) calendar days of the Effective Date. Class Counsel shall provide wiring instructions and a completed W-9 form to Wells Fargo's Counsel before the Effective Date.

       **9.3**     In addition to any award under the Agreement, and in recognition of her efforts on behalf of the Class, the Class Representative shall receive an incentive award consisting of a permanent modification of her mortgage loan, the terms of which have been agreed to by the parties. Wells Fargo shall ensure that the effective date of Plaintiff Wigod's permanent modification is no later than thirty (30) days following the Effective Date. Before the Effective Date, Class Counsel shall provide Wells Fargo's Counsel with a W-9 form for the Class Representative.

**10.**    **TERMINATION OF AGREEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

     **10.1**    Plaintiff Wigod, on behalf of the Class, or Wells Fargo, shall have the right to terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within fifteen (15) calendar days of: (i) the Court's declining to enter an Order granting Preliminary Approval in any material respect, (ii) the Court's refusal

to approve this Agreement, (iii) the Court's declining to enter the Judgment in any respect, or (iv) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**10.2**    If any of the Parties are in material breach of the terms of this Agreement, any of the opposing Parties, provided that they are in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties.

**10.3**    If this Agreement is terminated or fails to become Final for any of the reasons set forth above, the Parties shall be restored to their respective positions in this Action as of the date of signing this Agreement. In such event, the Judgment granted by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

**10.4**    Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Section 9.1 or the incentive award to Plaintiff Wigod set forth in Section 9.3 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event that the Court declines to award attorneys' fees, costs or incentive payments in the amounts sought by Plaintiff and Class Counsel, or at all, the remaining provisions of this Settlement Agreement shall remain in full force and effect.

## 11.    MISCELLANEOUS PROVISIONS

**11.1**    Class Counsel agrees that, apart from taking the necessary steps to conclude this Settlement as set forth herein, they shall not: (a) seek out or cooperate in any publication of the settlement or its terms, including, without limitation, through Internet, radio, television, magazines, journals, newspapers, or general circulation or publication of settlements or judgments; (b) issue a press release regarding the terms of the settlement; or (c) disclose to any

person or entity not a party to the settlement any of the prospective parts of the settlement or terms of settlement that were discussed in negotiations prior to the execution of the settlement agreement.

**11.2**    The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.

**11.3**    The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff Wigod and the Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.

**11.4**    Whether or not the Effective Date occurs or this Agreement is terminated, this Agreement (or any act performed or document executed pursuant to or in furtherance thereof):

(a)    Shall not be deemed, or used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff Wigod, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    Shall not be deemed, or used, offered or received against Wells Fargo, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

(c)    Shall not be deemed, or used, offered or received against Plaintiff Wigod or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or

strength of any claims raised in the Action, the truth or falsity of any fact alleged by Wells Fargo, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

(d)   Shall not be deemed, or used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, set aside, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)   Shall not be deemed, or construed against Plaintiff Wigod  and the Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)   Shall not be deemed, or construed as or received in evidence as an admission or concession against Plaintiff Wigod and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff Wigod's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**11.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect. Capitalized terms need not be capitalized to retain their defined meanings.

**11.6**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**11.7**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**11.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all the Parties to the Agreement or their respective successors-in-interest.

**11.9**    Except as otherwise provided herein, each Party shall bear its own costs and waive any rights to appeal.

**11.10**    Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so, that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms, and that none of their claims or rights under this Settlement Agreement have been assigned to any other person.

**11.11**   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court upon request.

**11.12**   This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**11.13**   This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of Illinois, and the rights and obligations of the Parties to this Agreement shall be construed and enforced in accordance with and governed by, the internal, substantive laws of the State of Illinois without giving effect to that State's choice of law principles.

**11.14**   The Court shall retain jurisdiction of the Action to enforce the terms of this Agreement, the Judgment, as well as any releases and bar to suits contemplated by the Agreement.

**11.15**   All notices to the Parties or Counsel required by the Agreement shall be made in writing and communicated by U.S. Mail and e-mail to the following:

If to Plaintiff Wigod or Class Counsel:

Jay Edelson
jedelson@edelson.com
Steve Woodrow
swoodrow@edelson.com
Megan Lindsey
mlindsey@edelson.com
Edelson PC
999 West 18th Street
Denver, Colorado 80202

If to Wells Fargo or Wells Fargo's Counsel:

41

Irene C. Freidel
Irene.Freidel@klgates.com
David Christensen
David.Christensen@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950

**11.16** This Agreement and the Exhibits thereto are deemed to have been prepared by

counsel for all Parties, as a result of negotiations among the Parties with the assistance of a

neutral mediator. Whereas all Parties have contributed substantially and materially to the

preparation of this Agreement, it shall not be construed more strictly against one Party than

another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

individually or by their duly authorized attorneys.

Dated: June **25**, 2014

By: _____

Jay Edelson
Edelson PC
350 North LaSalle, Suite 1300
Chicago, IL 60654

Counsel for Plaintiffs and the Class

Dated: June ___, 2014

By: _____

Lori Wigod, individually and on behalf of
the Class

Dated: June **25**, 2014

By: _Irene C. Freidel_

Irene C. Freidel
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Counsel for Wells Fargo Bank, N.A.

42

Irene C. Freidel
Irene.Freidel@klgates.com
David Christensen
David.Christensen@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950

**11.16**  This Agreement and the Exhibits thereto are deemed to have been prepared by

counsel for all Parties, as a result of negotiations among the Parties with the assistance of a

neutral mediator. Whereas all Parties have contributed substantially and materially to the

preparation of this Agreement, it shall not be construed more strictly against one Party than

another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

individually or by their duly authorized attorneys.

Dated: June ___, 2014                    By:_____

                                         Jay Edelson
                                         Edelson PC
                                         350 North LaSalle, Suite 1300
                                         Chicago, IL 60654

                                         Counsel for Plaintiffs and the Class

Dated: June 25, 2014                     By: _____

                                         Lori Wigod, individually and on behalf of
                                         the Class

Dated: June ___, 2014                    By:_____

                                         Irene C. Freidel
                                         K&L Gates LLP
                                         State Street Financial Center
                                         One Lincoln Street
                                         Boston, MA 02111-2950
                                         Counsel for Wells Fargo Bank, N.A.

42

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: June ___, 2014

By:_____

Jay Edelson
Edelson PC
350 North LaSalle, Suite 1300
Chicago, IL 60654

Counsel for Plaintiffs and the Class


Dated: June ___, 2014

By:_____

Lori Wigod, individually and on behalf of
the Class


Dated: June ___, 2014

By:_____

Irene C. Freidel
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Counsel for Wells Fargo Bank, N.A.


Dated: June 25, 2014

By:_____

On behalf of Wells Fargo Bank, N.A.

Michael J. DeVito
EVP, Head of Home Lending Servicing


42

# Group Exhibit A

# Exhibit A-1

DRAFT – CLAIM FORM – Grp 1

# ***GROUP 1 CLAIM FORM***

### *LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 1 IN CONNECTION WITH THE *WIGOD* SETTLEMENT. AS A GROUP 1 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM IF YOU WISH TO RECEIVE A NEW LOAN MODIFICATION REVIEW OR TO OBTAIN A MONETARY BENEFIT**

**THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY <u>OCTOBER 10, 2014</u>**

If you wish to apply for a loan modification in connection with the *Wigod* settlement, you must complete and submit this Claim Form to the Settlement Administrator by **October 10, 2014** (at the address provided below**).** If you submit a timely Claim Form requesting a loan modification review, a Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. **If there is more than one borrower on a single account, only one Claim Form may be submitted**. Please read the accompanying Notice and this Claim Form to understand all of your legal rights and options under the Settlement.

| INSTRUCTIONS FOR SUBMITTING CLAIM FORM |
|---|
| Fill out Part A on the next page by providing your contact and property information. As set forth in Part B, if you are currently the owner-occupier of the property, you may elect to have your loan reviewed to determine if it qualifies for a modification *even if the loan has already been reviewed*, to receive holistic credit counseling services, or both. If your loan is currently being reviewed for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement. In Part C, include any necessary information and sign the Claim Form. Submit the signed Claim Form via U.S. Mail, email, facsimile, or via the Settlement Website to the Settlement Administrator at the address below. Mailed Claim Forms must be postmarked by **October 10, 2014.** Claim forms submitted via email, facsimile, or via the Settlement Website (www.WigodHAMPSettlement.com) must be transmitted by **October 10, 2014**. Keep a copy of the completed Claim Form for your records. <u>Unsigned claim forms will not be accepted.</u> If you are seeking a new loan modification review, you must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel, which you will receive approximately two weeks after October 10, 2014 if you submit a Claim Form. |

> The Settlement Administrator's contact information is as follows:
>
> <<Settlement Administrator>>
> <<Address Line 1>>
> <<Address Line 2>>
> <<email address>>
> <<Facsimile number>>
> <<Toll free number>>

If you are approved for a loan modification based on the information you submit, Wells Fargo will send you a notice that will enclose either a trial or permanent modification, depending on investor and program guidelines. If you wish to accept the modification that is offered, you may do so by following the instructions set forth in the approval notice. If your loan does not meet the requirements for modification, you will receive a denial notice. If you wish to contest Wells Fargo's determination of your eligibility or the terms of any modification offered, you may do so by following the appeal instructions set forth in the notice of approval or denial that you receive from Wells Fargo. If you are denied for a modification, and your appeal (if any) is thereafter denied, you will have the opportunity to enter into a Relocation Agreement with Wells Fargo, under

DRAFT – CLAIM FORM – Grp 1

which you will be required to vacate your property in exchange for a monetary payment. (If you are approved for a loan modification or appeal the terms of any offered modification, you are not eligible to receive a Relocation Agreement under the Settlement.) The amount of the payment will be determined once all claims are submitted. If your loan does not qualify for a permanent modification and you choose not to enter into a Relocation Agreement, your property may be subject to foreclosure proceedings.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

## *WIGOD SETTLEMENT GROUP 1 CLAIM FORM*

### PART A - CLAIMANT INFORMATION (all information in this section is required)

Name: _____ _____ _____ *
     *(First)*              *(Middle)*         *(Last)*

Address: _____
       *(Street)*

_____ __ ___ _____ __ __ __
*(City)*                    *(State)*      *(Zip Code)*

Phone Number: **( ___ ___ ___) ___ ___ ___ − ___ ___ ___ ___**

Email Address:_____@_____

Loan Number (if available): _____

    Address of property securing the loan serviced or held by Wells Fargo (if different from address above):

_____
    *(Street*

_____     _____    ____ _____ ____
    *(City)*                   *(State)*        *(Zip Code)*

_____

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court ordered name change).*

### PART B – ELECTION OF SETTLEMENT RELIEF (both may be selected)

☐ I elect to receive a new review to determine if my loan qualifies for a modification. I understand that I must submit to Wells Fargo all required documents on the Document Checklist that will be provided to me by Class Counsel after I submit this claim form.

☐ My mortgage loan is currently under review for a loan modification by Wells Fargo.

☐ I elect holistic credit counseling services through the Homeownership Preservation Foundation network.

DRAFT – CLAIM FORM – Grp 1

**PART C – CERTIFICATION**

By signing this Claim Form, I verify that:

- I am a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

- I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

- I made at least three (3) trial plan payments but never received a permanent HAMP modification.

- I am currently at least one month past due on my mortgage loan.

- I have not already entered into a legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

- If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you:$ _____/_____(date).

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

Signature: _____ Date: _____
_____

Print Name: _____

*Only 1 borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

**NOTIFICATIONS**

**ATTENTION:** Class Counsel have been appointed by the Court to assist you in this case and in connection with the loan modification review process that is a part of this Settlement. You may contact Class Counsel with any questions toll free at (866) 354-3015. Additional information, including a copy of the Settlement Agreement, court filings, and the Document Checklist, can be obtained by visiting www.WigodHampSettlement.com.

***Class Members may choose to seek independent tax advice regarding the impact of any modification that may be offered as part of the Settlement***

# Exhibit A-2

DRAFT – CLAIM FORM – Grp 2

# ***GROUP 2 CLAIM FORM***

### *LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 2 IN CONNECTION WITH THE *WIGOD* SETTLEMENT. AS A GROUP 2 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM IF YOU WISH TO RECEIVE A NEW LOAN MODIFICATION REVIEW OR TO OBTAIN A MONETARY BENEFIT**

**THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY <u>OCTOBER 10, 2014</u>.**

If you wish to apply for a modification in connection with the *Wigod* settlement, you must complete and submit this Claim Form to the Settlement Administrator prior to **October 10, 2014** (at the address provided below). If you submit a timely Claim Form requesting a loan modification review, a Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. **If there is more than one borrower on a single account, only one Claim Form may be submitted.** Please read the accompanying Notice and this Claim Form to understand all of your legal rights and options under the Settlement.

---

### INSTRUCTIONS FOR SUBMITTING CLAIM FORM

Fill out Part A on the next page by providing your contact and property information. As set forth in Part B, if you are currently the owner-occupier of the property, you may elect to have your loan reviewed to determine if you are eligible for a modification *even if the loan has already been reviewed*, or to receive an alternative monetary payment of up to $250. If your loan is currently being reviewed for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement. You may also elect to receive holistic credit counseling services in addition to all other benefits. In Part C, include any necessary information and sign the Claim Form. <u>Submit the signed Claim Form via U.S. Mail, email, facsimile, or via the Settlement Website to the Settlement Administrator at the address below.</u> Mailed Claim Forms must be postmarked by **October 10, 2014.** Claim forms submitted via email, facsimile, or via the Settlement Website (www.WigodHAMPSettlement.com) must be transmitted by **October 10, 2014**. Keep a copy of the completed Claim Form for your records. <u>Unsigned claim forms will not be accepted.</u> If you are seeking a new loan modification review, you must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel, which you will receive approximately two weeks after October 10, 2014 if you submit a Claim Form.

> The Settlement Administrator's contact information:
>
> <<Settlement Administrator>>
> <<Address Line 1>>
> <<Address Line 2>>
> <<email address>>
> <<Facsimile number>>
> <<Toll free number>>

If you are approved for a loan modification based on the information you submit, Wells Fargo will send you a notice that will enclose either a trial or permanent modification, depending on investor and program guidelines. If you wish to accept the modification that is offered, you may do so by following the instructions set forth in the approval notice. If your loan does not meet the requirements for modification, you will receive a denial notice. If you wish to contest Wells Fargo's determination of your eligibility or the terms of any

DRAFT – CLAIM FORM – Grp 2

modification offered, you may do so by following the appeal instructions set forth in the notice of approval or denial that you receive from Wells Fargo. If you are denied for a loan modification or if you decide not to accept the loan modification offered to you, you may thereafter complete and return a Monetary Benefit Request Form for a monetary payment. The amount of the payment will be determined once all claims are submitted. (If you reject a modification offered to you, the maximum you may receive is $250.) If you choose not to submit a new application for a loan modification review, you may simply elect to receive the alternative payment of $250. You will receive a check in the event that the Court approves the Settlement and the Settlement becomes Final.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

---

### *WIGOD SETTLEMENT GROUP 2 CLAIM FORM*

### PART A - CLAIMANT INFORMATION (all information in this section is required)

**Name**: _____ *
                  *(First)*                        *(Middle)*              *(Last)*

**Address**: _____
           *(Street)*

_____   _____   _____
*(City)*                             *(State)*         *(Zip Code)*

Phone Number: (___ ___ ___) ___ ___ ___ – ___ ___ ___ ___

Email Address: _____@_____

Loan Number (if available): _____

**Address of property securing the loan serviced or held by Wells Fargo** (if different from address above):

_____
        *(Street)*

_____   _____   _____
*(City)*                             *(State)*         *(Zip Code)*

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court ordered name change).*

### PART B – ELECTION OF SETTLEMENT RELIEF (You may check one of the first two options. You may additionally check the third option regardless of which of the first two options, if either, you select)

☐ I elect to receive a new review to determine if my loan qualifies for a modification. I understand that I must submit to Wells Fargo all of the required documents on the Document Checklist that will be provided to me by Class Counsel after I submit this claim form.

☐ My mortgage loan is currently under review for a loan modification by Wells Fargo.

☐ Instead of a loan review, I elect the Monetary Benefit of $250.

```
DRAFT – CLAIM FORM – Grp 2
```

☐ I elect holistic credit counseling services through the Homeownership Preservation Foundation network.

## PART C – CERTIFICATION

By signing this Claim Form I verify that:

- I am a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

- I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

- I made at least three (3) trial plan payments but never received a permanent HAMP modification.

- I am current on my mortgage loan.

- I have not already entered into a legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

- If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you: $ _____/_____(date).

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

Signature:_____ Date: _____

Print Name: _____

*Only 1 borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

## NOTIFICATIONS

**ATTENTION**: Class Counsel have been appointed by the Court to assist you in this case and in connection with the loan modification review process that is a part of this Settlement. You may contact Class Counsel with any questions toll free at (866) 354-3015.

***Class Members may choose to seek independent tax advice regarding the impact of any modification that may be offered as part of the Settlement***

# Exhibit A-3

DRAFT – CLAIM FORM – Grp 3

# ***GROUP 3 CLAIM FORM***

### *LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 3 IN CONNECTION WITH THE *WIGOD* SETTLEMENT.  AS A GROUP 3 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM TO BE ELIGIBLE FOR A MONETARY BENEFIT**

THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY <u>OCTOBER 10, 2014</u>.

If you wish to obtain a monetary benefit from the *Wigod* settlement, you must complete and mail this Claim Form, along with a completed and signed IRS Form W-9 which is available on the Settlement Website (www.WigodHAMPSettlement.com), to the Settlement Administrator by **October 10, 2014**.  You may submit this Claim Form and IRS Form W-9 via the Settlement Website or via mail, email, or facsimile to the Settlement Administrator at the addresses or number set forth below. **If there is more than one borrower on a single loan, only one claim form may be submitted**. Please read the accompanying Notice and this Claim Form to understand all of your legal rights and options under the Settlement. The amount of the payment that you are eligible to receive will be determined after all claims are submitted.

---

### INSTRUCTIONS FOR SUBMITTING CLAIM FORM

Fill out Part A on the next page by providing your contact and property information. In Part B, check the box indicating your election to receive the Monetary Benefit, holistic credit counseling, or both. In Part C, include any necessary information and sign the Claim Form. Additionally, you must submit a completed and signed IRS Form W-9.  For Claim Forms sent via mail, email, or facsimile, you must complete and sign IRS Form W-9, which is available on the Settlement Website, and submit it with the Claim Form.  For Claim Forms submitted through the Settlement Website, you will be prompted to electronically provide the information for the IRS Form W-9 before your Claim Form can be submitted.

Mailed Claim Forms must be postmarked by **October 10, 2014**.  Claim Forms submitted via email, facsimile, or via the Settlement Website must be transmitted no later than **October 10, 2014**.  Keep a copy of the completed Claim Form for your records. <u>Unsigned claim forms will not be accepted</u>.

The Settlement Administrator's contact information is as follows:

&lt;&lt;Settlement Administrator&gt;&gt;
&lt;&lt;Address Line 1&gt;&gt;
&lt;&lt;Address Line 2&gt;&gt;
&lt;&lt;email address&gt;&gt;
&lt;&lt;Facsimile number&gt;&gt;
&lt;&lt;Toll free number&gt;&gt;

If the Court approves the Settlement and the Settlement becomes Final, and your Claim is approved, you will receive a check in an amount to be determined after all claims are received.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

```
DRAFT – CLAIM FORM – Grp 3
```

## *WIGOD SETTLEMENT GROUP 3 CLAIM FORM*

### PART A - CLAIMANT INFORMATION (all information in this section is required)

**Name**: _____ _____

             *(First)*                   *(Middle)*                *(Last)*

**Address**: _____

        *(Street)*

_____  ___ ___ ___ ___ ___

*(City)*                  *(State)*       *(Zip Code)*

**Phone Number: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___**

**Email Address:**_____@_____

**Loan Number (if available):** _____

**Address of property that secured the loan serviced or held by Wells Fargo** (if different from address above):

_____

        *(Street)*

_____  ___ ___ ___ ___ ___

        *(City)*                *(State)*       *(Zip Code)*

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court ordered name change).*

### PART B – ELECTION OF SETTLEMENT RELIEF (both may be checked)

☐ I elect the Monetary Benefit.

☐ I elect holistic credit counseling services through the Homeownership Preservation Foundation network.

### PART C – CERTIFICATION

By signing this Claim Form I verify that:

•     I was a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

•     I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

•     I made at least three (3) trial plan payments but never received a permanent HAMP modification.

DRAFT – CLAIM FORM – Grp 3

•        My loan was subject to a foreclosure sale, deed-in-lieu, short sale, was transferred to a new servicer other than Wells Fargo, or has been paid-in-full.

•        I have not entered into another legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

•        If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you: $_____/_____(date).

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

Signature: _____ Date: _____

_____

Print Name: _____ _____

*Only 1 borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

# Exhibit B

# LEGAL NOTICE
## IF YOU RECEIVED A HAMP TRIAL PLAN (TPP) FROM WACHOVIA MORTGAGE, F.S.B. (RALEIGH) IN 2009 AND MADE THREE OR MORE PAYMENTS BUT DID NOT RECEIVE A PERMANENT HAMP LOAN MODIFICATION FROM WELLS FARGO BANK, N.A., YOU MAY BE ENTITLED TO BENEFITS UNDER A CLASS ACTION SETTLEMENT

*Wigod et al. v. Wells Fargo Bank, N.A.* Case No. 10-cv-02348 (N.D. Ill.)
*Visit www.WigodHAMPSettlement.com for more information*

A nationwide settlement has been proposed in a class action lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo"). The lawsuit, called *Wigod v. Wells Fargo*, is pending in the United States District Court for the Northern District of Illinois. Your legal rights may be affected whether you act or don't act. Please read this notice carefully. Please also visit **www.WigodHAMPSettlement.com** to learn more about the Settlement and access important case documents.

### What is This Case About?
The lawsuit claims that Wells Fargo failed to provide permanent HAMP loan modifications to borrowers who made at least three trial period payments under a verified HAMP trial plan. A verified HAMP trial plan is one where the borrower's eligibility for a permanent HAMP modification is determined prior to the start of his or her HAMP trial plan based on verified financial documents provided by the borrower. Wells Fargo denies that it violated any law and maintains that it did nothing wrong. The Court has not determined who is right. Instead, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of further litigation.

### How Do I Know if I am Included in the Settlement?
The settlement includes a group of people called "Class Members." You are a Class Member if you are or were a U.S. borrower: (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation, (2) whose HAMP TPP was signed by both you and Wachovia (Raleigh), (3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009, and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing.

### What Can I Get From the Settlement?
If approved, Settlement Class Members who still own and reside in their homes, and whose loans are still serviced by Wells Fargo, but are in default or at risk of default (Group 1) are eligible to submit a new loan modification application and, if determined by Wells Fargo to be ineligible for a modification, may enter into a Relocation Agreement with Wells Fargo, which will entitle the Settlement Class Member to a monetary payment in exchange for agreeing to vacate the property by a date certain. Settlement Class Members who still own and reside in their homes, whose loans are still serviced by Wells Fargo, and are current on their loans (Group 2), may submit a new loan modification application or elect to receive an alternative monetary payment of $250. Group 2 Class Members who are eligible to be reviewed for a loan modification but whose application is denied (or who decline an offered modification) may request a monetary benefit. Settlement Class Members who no longer own their homes or no longer have a loan that is serviced by Wells Fargo (Group 3) may only claim a cash payment.

If your loan is already under review for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement.

### How Can I Obtain a New Loan Modification Review?
Group 1 and Group 2 Class Members may elect to receive a new review to determine if they are eligible for a permanent loan modification by completing the included Claim Form, submitting it to the Settlement Administrator by **October 10, 2014.** If you submit a timely Claim Form requesting a modification review, in approximately two weeks following October 10, 2014, Class Counsel will send you a Document Checklist that sets forth the documents that you need to send to Wells Fargo in order for your loan to be reviewed for a modification. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel . Wells Fargo will review new loan modification applications, under all available programs, within thirty (30) days of receiving all required documents. Class Members must sign the Claim Form under penalty of perjury, and Wells Fargo reserves the right to confirm that the information provided in the Claim Form is accurate.

**How Can I Receive a Cash Payment from the Settlement?**

Group 1 Settlement Class Members who are determined to be ineligible for a loan modification (including after an appeal) can receive a cash payment by timely submitting a Request for Relocation Agreement form that will be provided by the Settlement Administrator and available on the Settlement Website. The amount of cash payments will be determined after all claims are received. Group 1 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

Group 2 Settlement Class Members who are determined to be ineligible for any loan modification (including after appeal) or who reject a loan modification offered by Wells Fargo can receive a cash payment by completing the Monetary Benefit Request Form provided by the Settlement Administrator and available on the Settlement Website. The amount of cash payments will be determined after all claims are received. As an alternative, Group 2 Settlement Class Members may elect to receive a $250 Payment in lieu of submitting a new loan modification application by checking the appropriate box on the Group 2 Claim Form and timely submitting it to the Settlement Administrator. Except for those electing a $250 payment, Group 2 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

Group 3 Settlement Class Members can receive a cash payment by timely submitting the Group 3 Claim Form to the Settlement Administrator. The amount of cash payments will be determined after all claims are received. Group 3 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

A copy of the Claim Form applicable to your loan is enclosed with this Notice. If you wish to contest your group classification, you must contact Class Counsel within 15 days of receiving this notice. Claim Forms for all groups, the Document Checklist, the Request for Relocation Agreement (Group 1), and Monetary Benefit Request Form (Group 2) are also available from the Settlement Website at **www.WigodHAMPSettlement.com**.

You can submit the applicable Claim Form to the Settlement Administrator by email, U.S. Mail, facsimile, or through the Settlement Website. **Claim Forms must be submitted no later than October 10, 2104.**

Modifications and Payments will be made only if the Court approves the Settlement and the Settlement becomes Final.

**What Are My Other Options?**

You may choose to stay in the lawsuit, request to exclude yourself from the lawsuit, object, and/or appear in court.

If you do nothing, you are choosing to stay in the Class. If the Settlement is approved and becomes Final, you will be bound by all orders and judgments of the Court and you will not be able to sue or continue to sue Wells Fargo regarding any claims arising from the servicing of your mortgage loan that fall within the Class Definition or Wachovia/Raleigh's or Wells Fargo's conduct with respect to HAMP.

If you stay in the lawsuit, you can object to the Settlement. You or your lawyer may also ask to appear before the Court. Your written objection and/or request to appear must be submitted by **October 3, 2014** to the Settlement Administrator.

*If you want to keep your right to sue Wells Fargo for the claims that are being released in the Settlement, you must submit a request for exclusion by October 3, 2014.* If you exclude yourself, you cannot receive any of the benefits this settlement provides, but you will keep your right to sue Wells Fargo in a different lawsuit. You will not be bound by any orders and judgments of the Court. Your exclusion request must be submitted by **October 3, 2014.** The detailed notice, available at **www.WigodHAMPSettlement.com**, explains all of your rights and options and how to act on them.

**Who Represents Me?**

The Court has approved Jay Edelson, Steven Woodrow, and Megan Lindsey of Edelson PC to represent the Class as Class Counsel in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Class Counsel will ask the Court for attorneys' fees and expenses. They will also ask for an incentive award to be provided to the Class Representative for her services in this case. The Court may award less than the award requested. If approved, the award will be provided separately by Wells Fargo.

**The Court's Fairness Hearing.**

The Court will hold the Final Approval Hearing at __:__ __.m. on _____, 2014 at the U.S. District Court for the Northern District of Illinois located at United

States Courthouse, Courtroom 2243, 219 South Dearborn Street, Chicago, IL 60604. At this hearing, the Court will consider whether to approve the terms of the Settlement, attorneys' fees and expenses and the Class Representative incentive award, and it will hear any objections concerning the Settlement. You are not required to come to the Final Approval Hearing.

**How Do I Get More Information?**

More information, including the Settlement Agreement, detailed notice and Claim Form is available at **www.WigodHAMPSettlement.com.** You may also call the Settlement Administrator toll free at **1-8\_\_-\_\_\_-\_\_\_\_,** or contact Class Counsel at the addresses or phone numbers below.

| **CLASS COUNSEL** | **SETTLEMENT ADMIN** |
|---|---|
| Jay Edelson | <NAME> |
| Steven Woodrow | <Address Line 1> |
| Megan Lindsey | <Address Line 2> |
| Edelson PC | <Address Line 3> |
| 999 West 18th Street | Fax: |
| Suite 3000 | Email: |
| Denver, CO 80202 | |
| Tel: (866) 354-3015 | |
| www.edelson.com | |

**1-8\_\_-\_\_\_-\_\_\_\_**
**www.WigodHAMPSettlement.com**

Exhibit C

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

***Wigod, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-CV-02348**
**(U.S. District Court for the Northern District of Illinois)**

**You may be entitled to obtain a new review for a mortgage loan modification or to receive payment from a class action settlement if you obtained a signed HAMP trial plan (TPP) from Wachovia Mortgage, F.S.B. in 2009, made three or more trial payments, but did not receive a permanent loan modification from Wells Fargo Bank, N.A.**

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT,
AND IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT, TO OBJECT TO THE SETTLEMENT, OR REQUEST
TO BE EXCLUDED FROM THE SETTLEMENT

(*A federal court authorized this notice. It is <u>not</u> a solicitation from a lawyer.*)

Your legal rights are affected whether or not you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY OCTOBER 10, 2014** | The only way to receive a payment or loan modification review as part of the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY OCTOBER 3, 2014** | Receive no payment or loan modification review as a part of the Settlement. This is the only option that allows you to pursue claims that will be released by the Settlement against the Defendant by filing your own lawsuit at your own expense. |
| **COMMENT BY OCTOBER 3, 2014** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **ATTEND A HEARING ON [DATE]** | Ask to speak to the Court about the fairness of the Settlement. (*The date and time of the final fairness hearing is subject to change by Court Order. See Section 10 below.*) |
| **DO NOTHING** | Receive no payment or loan modification review as a part of the Settlement, and give up your rights to sue. |

● These rights and options, and the deadlines to exercise them, are explained in this notice.

● The Court overseeing this case still has to decide whether to approve the Settlement. Where applicable, loans will be reviewed to determine if they are currently eligible for modification and payments will be made if the Court approves the Settlement and after any appeals are finally resolved and the Settlement becomes Final. Please be patient. It may be some time before the Settlement becomes Final.

| 1. What is this notice and why should I read it? |
| --- |

This notice is to inform you of the settlement of a class action lawsuit entitled *Wigod, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-cv-02348 (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of Illinois. You need not live in Illinois to receive a benefit under the Settlement if you are eligible. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on [date and time] in the United States Courthouse, 219 South Dearborn Street, Courtroom 2243, Chicago, IL 60604, to determine if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the Class Representative. This Notice explains the nature of the Action, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Your legal rights are affected regardless of whether you act.

| 2. What is a class action lawsuit and what is this lawsuit about? |
| --- |

A class action is a lawsuit in which one or more plaintiffs—in this case, the individual Lori Wigod ("Plaintiff")—sue on behalf of themselves and other people who have allegedly similar claims. Here, the Plaintiff has decided to settle the claims against the Defendant on behalf of all members of the Settlement Class by entering into a written settlement agreement entitled "Class Action Settlement Agreement." The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (*i.e.*, the Settlement Class Members) are described in section 4 below.

The Settlement has already been preliminarily approved by the Court. However, as the settlement of a class action determines the rights of all members of the proposed class, the Court in which this lawsuit is pending must give final approval to the Settlement before it can take effect. The Court has conditionally certified the Settlement Class for settlement purposes only so that members of the Settlement Class can be given this notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to final approval of the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get the relief offered by the Settlement. If the Settlement is not given final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no Settlement or certification of the Settlement Class.

In this case, the Plaintiff is Lori Wigod, a resident of the state of Illinois. The Defendant is Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). Together the Plaintiff and Defendant are referred to in this notice as the "Parties." Wells Fargo is a participant in the federal government's Home Affordable Modification Program ("HAMP"). In 2009, Wells Fargo acquired the mortgage servicing rights for certain loans serviced by Wachovia Mortgage, F.S.B. ("Wachovia/Raleigh"). Plaintiff alleges that in 2009 she applied for a HAMP loan modification, was approved, and received a signed HAMP trial plan (also known as a "TPP") based on verified financial documentation from Wachovia/Raleigh prior to the transfer of her loan to Wells Fargo. A verified HAMP TPP is one where the borrower's eligibility for a permanent HAMP modification is determined prior to the start of his or her HAMP TPP based on financial documentation provided by the borrower reflecting all of the borrower's income, which the servicer has verified. Following the transfer of Plaintiff's loan from Wachovia/Raleigh to Wells Fargo in October 2009, Wells Fargo did not provide Plaintiff with a permanent HAMP loan modification.

On April 15, 2010, Plaintiff filed a class action lawsuit against Defendant in the United States District Court for the Northern District of Illinois on behalf of mortgage borrowers who had received HAMP trial plans in 2009 signed by Wachovia/Raleigh based on verified financial documentation, made the required trial plan payments, but who did not receive a permanent loan modification from Wells Fargo following the transfer of their loans from Wachovia/Raleigh. After repeated meetings between the Parties discussing the merits of Plaintiff's claims, extensive litigation that included an appeal to the United States Court of Appeals for the Seventh Circuit, and settlement discussions overseen by a mediator, the Parties were able to reach this Class Action Settlement Agreement.

### 3.  Why is there a settlement?

The Court has not decided in favor of either side in the case. Defendant denies all allegations of wrongdoing or liability against it and believes that it has meritorious defenses to Plaintiff's claims. Defendant has agreed to this Settlement in order to resolve this matter without the expense and uncertainties of litigation.  Plaintiffs and their attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

### 4.  Who is included in the settlement?

The class covered by the Settlement is defined as follows: all U.S. borrowers: (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation, (2) whose HAMP TPP was signed by both the borrower and Wachovia (Raleigh), (3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009, and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing, *except that* excluded from the Settlement Class are the following: any (i) Judge or Magistrate presiding over this Action and members of their immediate families, (ii) officers and directors (and members of their immediate families) of Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity

3

in which Defendant or its parent companies have a controlling interest, (iii) Persons who properly execute and file a timely Request for Exclusion from the Class, (iv) Persons who have already released their claims against Wells Fargo that are covered by this Settlement, and (v) the legal representatives, successors or assigns of any such excluded persons.

| 5. What does the settlement provide? |
| --- |

**A.     Relief Available to Group 1 Class Members (In Default or At Risk of Default on Their Mortgage Loans on Their Primary Residences Serviced By Wells Fargo).** Group 1 consist of Class Members whose loans were in default (more than 60 days past due) or at risk of default (between 31-59 days past due) when the Motion for Preliminary Approval was filed on June 13, 2014. Group 1 Class Members will be eligible to receive a new review of their eligibility for a loan modification by timely submitting a complete and accurate Group 1 Claim Form to the Settlement Administrator by the Claims Deadline of **October 10, 2014** and by submitting all documents required by the Document Checklist to Wells Fargo. If you submit a timely Claim Form requesting a loan modification review, the Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. If additional documents are needed, Wells Fargo will so notify Class Members.  Once all documents are received, Wells Fargo will review the loan under all available programs to determine whether it is eligible for a modification. If your loan is already under review for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement.

If the Group 1 Settlement Class Member is determined to be eligible for a loan modification, Wells Fargo will send a notice to the borrower that will set forth the terms of the modification, including how and when payments should be made.  The notice will include the appropriate trial plan or permanent modification agreement.  If Wells Fargo determines that the Group 1 Settlement Class Member's loan is ineligible for a modification, Wells Fargo will send the Group 1 Settlement Class Member a notice stating the reasons for denial. A Group 1 Settlement Class Member may appeal Wells Fargo's determination by following the instructions set forth in the notice received.

Each Group 1 Settlement Class Member who is determined ineligible for a loan modification will have the opportunity to enter into a Relocation Agreement with Wells Fargo. Under the Relocation Agreement, the Class Member will vacate their property in exchange for a monetary payment. The amount set forth in the Relocation Agreement shall be determined by Class Counsel based upon objective criteria and shall be paid after the Court approves the Settlement and the Settlement becomes Final. The total amount of monetary benefits available collectively to Group 1 Settlement Class Members under the Settlement is $700,000. A borrower who does not accept the Relocation Agreement may be subject to continued foreclosure proceedings.

**B.     Relief Available to Group 2 Class Members (Current on Their Mortgage**

**Loans on Their Primary Residences Serviced By Wells Fargo).** Group 2 Class Members consist of borrowers whose loans were current (not in default or at risk of default) when the Motion for Preliminary Approval was filed on June 13, 2014. Group 2 Class Members may be eligible to receive a new review of their eligibility for a loan modification by timely submitting a complete and accurate Group 2 Claim Form to the Settlement Administrator by the Claims Deadline of **October 10, 2014** and by submitting all documents required by the Document Checklist to Wells Fargo. If you submit a timely Claim Form requesting a loan modification review, the Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. If additional documents are needed, Wells Fargo will so notify Class Members. Once all documents are received, Wells Fargo will determine if the Class Member is eligible for a loan modification review and, if so, the loan will be reviewed under all programs available. If your loan is already under review for a loan modification, you may elect to have that current modification review constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement.

If the Group 2 Settlement Class Member is determined to be eligible for a loan modification, Wells Fargo will send him or her a notice setting forth the terms of the modification, including how and when payments should be made. Wells Fargo will also send to the Class Member the appropriate trial plan or permanent modification agreement. If Wells Fargo determines that the Group 2 Settlement Class Member's loan is ineligible for a modification, Wells Fargo will send the Class Member a notice stating the reasons for denial. A Group 2 Settlement Class Member may appeal Wells Fargo's decision by following the instructions set forth in the notice. The Settlement Administrator shall send a "Monetary Benefit Request Form" to each Group 2 Settlement Class Member who receives either a Notice of Approval or Notice of Denial. Group 2 Settlement Class Members may thereafter submit the Monetary Benefit Request Form to the Settlement Administrator, along with a IRS Form W-9, which will be available on the Settlement Website. Upon receipt and after the Court approves the Settlement and the Settlement becomes Final, a check shall be issued to the Group 2 Settlement Class Member in an amount determined by Class Counsel based upon objective criteria.

In lieu of seeking a new loan modification review, any Group 2 Settlement Class Members may elect to receive a payment of up to $250 by checking the appropriate box on the Group 2 Claim Form and submitting the form to the Settlement Administrator by October 10, 2014.

The total amount of monetary benefits available collectively to Group 2 Settlement Class Members under the Settlement is $100,000.

**C.    Relief Available to Group 3 Class Members (Borrowers Whose Loans Are No Longer Serviced By Wells Fargo).** Group 3 Class Members consist of borrowers whose mortgage loans on their primary residences are no longer held or serviced by Wells Fargo due to a foreclosure, deed-in-lieu, or short sale, loan pay off, or servicing transfer. Group 3 Class Members will be eligible to receive monetary benefits by signing and submitting a complete and

accurate Group 3 Claim Form, along with a IRS Form W-9, which will be available on the Settlement Website, by the Claims Deadline of **October 10, 2014**. Upon receipt and after the Court approves the Settlement and the Settlement becomes Final, a check shall be issued to the Group 3 Settlement Class Member in an amount determined by Class Counsel based upon objective criteria. The total amount of monetary benefits available collectively to Group 3 Settlement Class Members under the Settlement is $2,000,000.

Any payment amounts to any Settlement Class Members, regardless of group, shall be offset by any amounts previously paid to the Settlement Class Member in connection with the National Mortgage Settlement, the Independent Foreclosure Review, or any other settlement or agreement with Wells Fargo. Further, payouts will be on a per loan basis, regardless of the number of individual borrowers on a given loan.

**D.    Credit Counseling**

Wells Fargo will make holistic credit counseling services available to all members of the Settlement Class, regardless of group classification, at Wells Fargo's expense, through the Homeownership Preservation Foundation network. To receive such credit counseling services, Settlement Class Members must check the box on the appropriate Claim Form.

| **6.  Who represents the Settlement Class?** |
| --- |

**A.    Class Representatives**.  For purposes of the Settlement, the Court has appointed Plaintiff Lori Wigod to serve as the Class Representative.

**B.    Settlement Class Counsel.**  The Court has approved the appointment of Jay Edelson, Steven Woodrow, and Megan Lindsey of Edelson PC as Settlement Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in April 2010 to the present, Settlement Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. The Court has appointed the attorneys listed above to represent the Settlement Class. At the fairness hearing described herein, Class Counsel will be seeking final approval of the Settlement and request approval by the Court of an award of attorneys' fees and litigation costs.

If the Court approves the attorneys' fee application, it will be paid by Wells Fargo. The Settlement Class members will not have to pay anything toward the fees or expenses of Settlement Class Counsel. Settlement Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

In recognition of her efforts on behalf of the Settlement Class, the Class Representative, Lori Wigod, shall, subject to Court approval, receive an Incentive Award that consists of a permanent loan modification for her time and effort serving the Class in the Action.

| 7. How can I exclude myself from the Settlement Class? |
| --- |

You can exclude yourself (or "opt-out") from the Settlement. If you do so, you will not be able to submit a Claim Form, and you will not be entitled to claim any of the relief offered by the Settlement. If you choose to exclude yourself from the Settlement Class, you may pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class. Your exclusion request must include your name, address, telephone number, signature, and a signed statement to the effect that: "I hereby request to be excluded from the proposed Settlement Class in *Wigod v. Wells Fargo Bank*." **Your exclusion request must be postmarked no later than October 3, 2014, and sent to the Settlement Administrator at the following address: [insert address/email address].**

A request for exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not postmarked on time, will not be valid and the person asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Class Member by the Settlement.

If you elect to opt-out, you will (i) <u>not</u> have any rights as a member of the Settlement Class pursuant to the Settlement, (ii) <u>not</u> be able to receive any payments as provided herein, (iii) <u>not</u> be bound by any further orders or judgments in this case, and (iv) remain able to pursue the claims alleged in the case against Defendant by filing your own lawsuit at your own expense. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under this Settlement, or no benefit at all.

| 8. How can I tell the Court what I think about the Settlement? |
| --- |

If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so**. Your objection to or comment on the Settlement or your intent to appear before the Court must be submitted in writing to the Settlement Administrator at the following address: [insert], and be postmarked by October 3, 2014.** You must also send copies of your comment or objection to the Court and the attorneys for the Parties at the following addresses:

**Clerk of the Court**                    **Settlement Class Counsel**    **Defendant's Counsel**

7

| Thomas G. Bruton, Clerk of Court | Jay Edelson | Irene C. Freidel |
| Everett McKinley Dirksen | Steven Woodrow | David Christensen |
| United States District Court for | Megan Lindsey | K&L Gates LLP |
| the Northern District of Illinois | Edelson PC | State Street Financial Center |
| 219 South Dearborn Street | 999 W. 18th Street | One Lincoln Street |
| Chicago, IL 60604 | Suite 3000 | Boston, MA 02111 |
| | Denver, CO 80202 | |

The objection or comment or intent to appear must be in writing and signed and include the case name ***Wigod et al. v. Wells Fargo Bank, N.A.*, Case No. 10-cv-02348 (N.D. Ill.)**, and: (a) the Settlement Class Member's full name and current address; (b) a statement that he or she is a member of the Settlement Class; (c) the specific grounds for the objection or comment; (d) all arguments, citations, evidence, and documents or writings that such Settlement Class member desires the Court to consider; and (e) notice of the Class Member's intention to appear (if any). The Court will consider all objections and comments from Settlement Class Members. If you intend to appear at the fairness hearing through counsel, your objection or comment must also state the identity of all attorneys representing you who will appear at the fairness hearing.

If you do not submit a written objection or comment on the proposed Settlement or the application of Plaintiffs' counsel for incentive awards and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the fairness hearing.

***If you do not exclude yourself from the Settlement Class by filing a Request for Exclusion by October 3, 2014, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and to have released the Released Claims (as defined in the Settlement Agreement).***

| **9. What is the effect of final settlement approval?** |
| --- |

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment, and dismiss the case. The release by Settlement Class Members will take effect. All members of the Settlement Class will release any and all rights, duties, obligations, claims, actions, causes of actions, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, from the beginning of time to the date of Preliminary Approval that that were or could have been alleged in the Complaint by Plaintiff Wigod on behalf of the Settlement Class arising out of or relating in any way to the servicing of their mortgage loans that falls within the Class Definition or the policies, systems, standards, practices, and procedures used by Wachovia/Raleigh and Wells Fargo for reviewing, providing, accepting, denying, or otherwise determining eligibility in connection with Class Members' HAMP loan modification applications, trial plans, and/or permanent modification agreements. Please refer to Section 4 of the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not timely exclude themselves (or "opt-out") from the Settlement Class will <u>not</u> be permitted to continue to assert released claims in any other litigation against Defendant or other persons and entities covered by the release. You can obtain a copy of the Settlement Agreement from the Clerk of the Court, online at www.WigodHAMPSettlement.com, or by writing to the Settlement Administrator at [insert]. If you do not wish to be a Settlement Class member, you must exclude yourself from the Settlement Class (see Question No. 7, above).

**If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes that the Settlement Class will recover more than is provided for under the Settlement or that it will recover anything at all.**

| 10. When and where will the Court hold a hearing on the fairness of the Settlement? |
|---|

A fairness hearing has been set for [date & time], before Judge Elaine Bucklo in her courtroom (2243) at the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. **At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed settlement, including the amount requested by Settlement Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.**

<u>Note</u>: The date and time of the fairness hearing are subject to change by Court Order.

| 11. Do I have to come to the fairness hearing? May I speak at the hearing? |
|---|

You do not need to attend the fairness hearing to remain a class member or submit a claim for a cash payment. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Settlement Class counsel for attorneys' fees and expenses by following the instructions in number 8 above.

| 12. How do I receive my share of the Settlement? |
|---|

**If you do not exclude yourself from the Settlement Class and would like to be considered for a permanent modification or receive money, you must submit a timely and valid claim form as set forth in the answer to Question No. 5 above. The claim form you submit must be for the Settlement Group (1-3) to which you have been assigned based on the status of your loan.** To be eligible for a payment or loan modification review pursuant to the Settlement, a Settlement Class member must submit a Claim Form that (i) is submitted online via the settlement website, emailed, faxed, or postmarked by October 10, 2014, (ii) contains all of the required information and documentation set forth in the Claim Form, and (iii) is signed under penalty of perjury by the member of the Settlement Class submitting the claim. Settlement Class

Members who wish to receive a cash payment will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

You can download a Claim Form from the Settlement Administrator by going to www.WigodHAMPSettlement.com and following the instructions provided on the website. You can also get a claim form by writing to the Settlement Administrator at [address] or calling toll-free [phone number]. Your Claim Form must be emailed, faxed, postmarked, or completed online by October 10, 2014.

- **Claims must be submitted to the Settlement Administrator by email at [address], by facsimile at [number], or through the settlement website at [website address] by October 10, 2014, or by mail at [address] postmarked by October 10, 2014.**

| **13. What happens if I do nothing at all?** |
| --- |

If you do nothing, you will receive no payment from the Settlement. You will still be part of the Settlement Class, however, and, subject to the release described in Section 4 of the Settlement Agreement; this means you will not be permitted to continue to assert released claims in any other case against Wells Fargo or other persons and entities covered by the release. Please refer to Sections 1.36, 1.37, and 4 of the Settlement Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

| **14. Where do I get additional information?** |
| --- |

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information at www.WigodHAMPSettlement.com. You can also get more information by calling toll-free [number]. The Settlement Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of Illinois at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Clerks Office, Chicago, IL 60604.

If you would like additional information, you can write to Settlement Class Counsel at the address listed in Question No. 8.

PLEASE DO NOT CONTACT THE COURT OR THE JUDGE
WITH QUESTIONS ABOUT THE SETTLEMENT

# Exhibit D

***LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,***
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

# MONETARY BENEFIT REQUEST FORM

You are receiving this Monetary Benefit Request Form, allowing you to request a Monetary Benefit in connection with the *Wigod* settlement, because you are a Group 2 Settlement Class Member whose loan has been reviewed as part of the settlement and has been determined ineligible to be modified under available programs. If you have been offered a modification but choose to reject it, you may also submit this form and request a payment. If you would like to receive a cash payment, please fill out and return the form to the Settlement Administrator, along with a completed and signed IRS Form W-9 which is available on the Settlement Website (www.WigodHAMPSettlement.com), **within twenty-one (21) days** of the later of (1) your receipt of this Monetary Benefit Request Form; or (2) the date you receive a written decision regarding your appeal, if you decide to appeal, of the decision on your loan modification application made in connection with the *Wigod* settlement. The amounts of the payments distributed will be determined by Class Counsel after all Claim Forms are received. This Monetary Benefit Request Form may be submitted via U.S. Mail, email, or facsimile to the Settlement Administrator at the following addresses/number:

<<Settlement Administrator>>
<<Address Line 1>>
<<Address Line 2>>
<<email address>>
<<Facsimile number>>
<<Toll free number>>

----------------------------------------------------------------------------------------------------------------

**Select box, sign, and provide property address. Choose one.**

☐      Because my loan is not eligible for a loan modification, I am electing to receive a Monetary Benefit, and I have enclosed a completed and signed IRS Form W-9.

☐      I am rejecting the modification that was offered to me and am electing to receive a Monetary Benefit, and I have enclosed a completed and signed IRS Form W-9.

_____      _____
     Borrower Name                                       Date

_____
Property Address (street address, city, state, and zip code)

*** Only 1 borrower needs to fill out this Monetary Benefit Request Form for each loan regardless of the number of borrowers on each loan.

**ATTENTION**: Class Counsel with the law firm of Edelson PC have been appointed by the Court to assist you in this case. You may contact Class Counsel with any questions toll free at (866) 354-3015.

# Exhibit E

## RELOCATION AGREEMENT

This Relocation Agreement (the "Agreement") is entered into by and between [**Insert Borrower Name(s)**] (the "Borrower(s)") and Wells Fargo Bank, N.A. ("Wells Fargo"). The Borrower(s) are/is a Settlement Class Member(s) in connection with the Class Action Settlement Agreement and Release (the "Class Settlement Agreement") approved by the Court on [**Insert Date**] in the class action lawsuit styled *Wigod, et al. v. Wells Fargo Bank, N.A.*, C.A. No. 10-cv-2348 (N.D. Ill.) (the "Litigation"), pending in the United States District Court for the Northern District of Illinois (the "Court"). The Borrower(s) and Wells Fargo are collectively referred to as the "Parties" and may individually be referred to as "Party."

The Borrowers financed their home with a mortgage loan currently serviced by Wells Fargo (the "Loan") and secured by property located at [PROPERTY ADDRESS]. The Borrowers have elected to receive a settlement cash payment of $_____ (the "Payment") in exchange for, among other items, an agreement by the Borrowers to vacate the Property under the terms of Paragraph _____ of the Class Settlement Agreement.

Accordingly, the Parties agree as follows:

1.      The Property is to be turned over to Wells Fargo or its designated agent no later than [90 days following date agreement is sent to class member];

2.      The Property is to be turned over in broom clean condition, with all trash, debris and personal property removed from the interior and exterior of the premises;

3.      All keys, garage door openers, community keys, gate openers, cards, etc. (collectively, the "keys") where applicable, will be turned over to Wells Fargo or its designated agent;

4.      All attached fixtures and installed appliances will remain, as installed, in addition to landscape;

5.      Pursuant to Paragraph ___ of the Class Settlement Agreement, the Payment will be made to the Borrowers or their attorneys within 21 days of the delivery of the keys to Wells Fargo or its designated agent, and the Property being vacated in the condition as outlined above. The Payment is contingent on, among other things, Wells Fargo's receipt of an executed IRS form W-9 from the Borrower(s).

6.      Counsel for the Parties shall meet and confer with respect to any disputes regarding the condition of or vacation of the Property prior to the delivery of the Payment.

7.      The Payment is in lieu of, and not in addition to, any other relocation assistance payment that may otherwise have been available through Wells Fargo.

8.      Any personal property that remains on the Property after it has been vacated will be abandoned property and will be disposed of accordingly.

9.      The Borrowers agree that they will not contest any foreclosure proceedings regarding the Property that commence after execution of this Agreement. If the Property is not vacated by [DATE], Wells Fargo reserves all of its rights in connection with the Property, including through legal eviction.

10.      The Class Settlement Agreement, including all applicable releases, is expressly incorporated herein.

AGREED:


Wells Fargo Bank, N.A.,


By: _____
      [signatory]
      [Title]
      Wells Fargo Bank, N.A.


Date: _____


**By our signatures, we acknowledge and accept the terms of this Agreement:**


_____
Borrower #1

Date: _____


_____
Borrower #2

Date: _____

# Exhibit F

*LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*
Civil Action No. 1:10-cv-02348 (N.D. Ill.)

# REQUEST FOR RELOCATION AGREEMENT

You are receiving this Relocation Agreement Request Form because you are a Group 1 Settlement Class Member who has submitted a loan modification application in connection with the *Wigod* settlement, but whose loan is not eligible to be modified under available programs. You are eligible to receive a Relocation Agreement, under which you would receive a monetary payment in exchange for your agreement to vacate your property by a date certain, among other conditions set forth in the Relocation Agreement. The form Relocation Agreement is available for your review on the Settlement Website at (www.WigodHAMPSettlement.com). If you are interested in receiving a Relocation Agreement, please fill out and return the below form to the Settlement Administrator, along with a completed and signed IRS Form W-9 which is available on the Settlement Website, within **twenty-one (21) days** of the later of (1) your receipt of this Request for Relocation Agreement; or (2) the date you receive a written decision denying your appeal, if you decide to appeal, of the decision on your loan modification application made in connection with the *Wigod* settlement. This Request for Relocation Agreement may be submitted via U.S. Mail, email, or facsimile to the Settlement Administrator at the following addresses/number:

<<Settlement Administrator>>
<<Address Line 1>>
<<Address Line 2>>
<<email address>>
<<Facsimile number>>
<<Toll free number>>

---------------------------------------------------------------------------------------------------------------

**Select box, sign, and provide property address.**

☐    I wish to enter into a Relocation Agreement, and I have enclosed a completed and signed IRS Form W-9. (If you select this option, a Relocation Agreement will be sent to you within 90 days).

☐    I do not wish to enter into a Relocation Agreement. I understand that foreclosure proceedings may continue against my property and I will not be eligible for a cash payment in connection with the *Wigod* settlement.


_____      _____
Borrower Name                                 Date

_____
Property Address (street address, city, state, and zip code)

\*\*\* Only 1 borrower needs to fill out this Request for Relocation Agreement for each loan regardless of the number of borrowers on each loan.

**ATTENTION**: Class Counsel have been appointed by the Court to assist you in this case. You may contact Class Counsel with any questions toll free at (866) 354-3015.