# Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LORI WIGOD, DAN FINLINSON and
SANDRA FINLINSON, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

        v.

WELLS FARGO BANK, N.A. d/b/a
WELLS FARGO HOME MORTGAGE,
f/k/a WACHOVIA MORTGAGE, FSB,
and d/b/a AMERICA'S SERVICING
COMPANY,

        Defendant.

Case No.: 10-cv-02348

Honorable Elaine E. Bucklo

## DECLARATION OF CHARLES MARR
## REGARDING NOTICE AND ADMINISTRATION

I, Charles Marr, Esq., hereby declare and state as follows:

        1.      I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc.

("Epiq"), the Claims Administrator, for the above captioned case. I am fully familiar with the

actions taken by Epiq with respect to the Settlement as described below, and am competent to

testify about them if called upon to do so.

2.      Epiq was established in 1968 as a client services and data processing company. Epiq has been administering bankruptcies since 1985 and settlements since 1993, including settlements of class actions, mass tort litigations, Securities and Exchange Commission and Federal Trade Commission disgorgement actions, and other major litigation. Epiq has administered over 600 settlements in complex cases, including some of the largest and most complex cases ever settled. Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment and implementation of notice fulfillment services, coordination with the United States Postal Service ("USPS"), notice website development and maintenance, dedicated phone lines with recorded information and/or live operators, receipt and processing of opt-outs, claims database management, claim adjudication, funds management, and award calculations and distribution services. Epiq works with the settling parties, the Court, and the Class Members in a neutral facilitation role to implement settlement administration services based on the negotiated terms of a settlement.

OVERVIEW OF EPIQ'S RESPONSIBILITIES

3.      The Court appointed Epiq as the Settlement Administrator in its June 27, 2014, Order preliminarily approving the proposed Settlement. Epiq's responsibilities to date include:

   a. printing the Court-approved Individual Claim Package and Long-Form Notice to be sent to potential Class Members;

   b. searching the National Change of Address database for a more current address for each Class Member;

   c. mailing the Settlement Class Notice and Individual Claim Package and, when required, re-mailing, by first-class mail to Class Members;

d. obtaining updated addresses, when possible, and re-mailing Notices and Claim Packages returned as undeliverable mail;

e. providing a post-office box to receive Claim Forms, Requests for Exclusion and other communications;

f. receiving, logging, and processing Claim Forms, Requests for Exclusion and other communications from potential Class Members;

g. establishing and maintaining a website to provide information regarding the proposed Settlement to potential Class Members; and

h. establishing and maintaining a toll-free number with a Voice Response Unit ("VRU"), providing an automated message with information regarding the proposed Settlement to potential Class Members as well as access to live operators.

### MAILING OF THE SETTLEMENT CLAIM PACKAGE

4. On August 4, 2014, Epiq mailed the Court-approved Individual Claim Package via first class U.S. Mail to all individuals identified by counsel, for a total of 835 Individual Claim Packages. A copy of the three Individual Claim Packages is attached as **Exhibit A**.

5. As of October 15, 2014, the USPS has returned 49 Individual Claim Packages to Epiq as undeliverable. Epiq submitted these addresses for research against the LexisNexis database and re-mailed to any updated addresses.

6. As of October 15, Epiq has remailed a total of 33 Individual Claim Packages, either by request of potential Class Members or due to address research. As a result, 16 of the 835 Individual Claim Packages (1.9%) remain undeliverable.

3

7. As of October 15, Epiq has mailed one (1) copy of the Long-Form Notice. A copy of the Long-Form Notice is attached as **Exhibit B**.

8. The noticing activities that Epiq performed were conducted in compliance with the terms of the Settlement Agreement.

### CLAIM FORMS AND REQUESTS FOR EXCLUSION RECEIVED

9. Epiq established a post-office box to receive communications from potential Class Members at the following address: Wigod v. Wells Fargo Bank Settlement Administrator, P.O. Box 4087, Portland, OR 97208-4087. The post-office box address was included in the Settlement Class Notice.

10. Epiq has received and continues to receive mail at this post-office box, including Claim Forms, Requests for Exclusion, and correspondence.

11. As of October 15, 2014, Epiq has received a total of 307 unique Claim Forms. Of the 307 unique Claim Forms, 263 are complete and 44 require additional information, which Epiq is following-up with the claimants to obtain.

12. As of October 15, 2014 Epiq has received three unique Requests for Exclusion, one of which was from a non-class member.

### CLASS ACTION SETTLEMENT INFORMATION WEBSITE

13. Epiq established a website to provide information to Class Members and others seeking information about the proposed Settlement. The website address reserved for this matter is www.WigodHAMPSettlement.com. The website went live on July 11, 2014, and is still operating.

14.     The website provides individuals with frequently asked questions and answers, the Long-Form Notice, Short-Form Notice, Group 1, 2, and 3 Claim Forms, and various court documents related to the Settlement, as well as the ability to submit a claim electronically. Class Counsel and Counsel for the Defendant approved all scripting used on the website.

15.     As of October 15, 2014, the website has received 21,244 hits, has registered 1,287 unique visitor sessions, and has had 13,331 total page views.

**CLASS ACTION INFORMATION CENTER AND TELEPHONE SUPPORT**

16.     Epiq established a Voice Response Unit ("VRU") to provide information to Class Members and others seeking information about the proposed Settlement. The toll-free number reserved for this matter is 1 (800) 572-1168. The phone line and VRU went live on July 11, 2014, and are still operating.

17.     Callers are connected with a VRU recorded message that provides a brief description of the case and the proposed Settlement, as well as answers to frequently asked questions, an option to speak with a live agent for additional information, and an option to request mailing of a Claim Package. Class Counsel and Counsel for the Defendant approved all scripting utilized on this line.

18.     As of October 15, 2014 the automated, toll free line has received 155 calls representing 769 total minutes of use. Of these, 86 calls have gone through to a live operator for a total of 675 minutes of use.

1        I declare under penalty of perjury under the laws of the United States and the State of

2   Oregon that the foregoing is true and correct and that this declaration was executed on October

3   17, 2014 in Beaverton, Oregon.

4

5

6   Charles Marr, Esq.

    Project Manager

7   Epiq Class Action & Claim Solutions, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# LEGAL NOTICE

## IF YOU RECEIVED A HAMP TRIAL PLAN (TPP) FROM WACHOVIA MORTGAGE, FSB (RALEIGH) IN 2009 AND MADE THREE OR MORE PAYMENTS BUT DID NOT RECEIVE A PERMANENT HAMP LOAN MODIFICATION FROM WELLS FARGO BANK, N.A., YOU MAY BE ENTITLED TO BENEFITS UNDER A CLASS ACTION SETTLEMENT.

*Wigod et al. v. Wells Fargo Bank, N.A.* Case No. 10-cv-02348 (N.D. Ill.)
***Visit www.WigodHAMPSettlement.com for more information***

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A nationwide settlement has been proposed in a class action lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo"). The lawsuit, called *Wigod v. Wells Fargo*, is pending in the United States District Court for the Northern District of Illinois. Your legal rights may be affected whether you act or don't act. Please read this Notice carefully. Please also visit **www.WigodHAMPSettlement.com** to learn more about the Settlement and access important case documents.

### What Is This Case About?

The lawsuit claims that Wells Fargo failed to provide permanent HAMP loan modifications to borrowers who made at least three trial period payments under a verified HAMP trial plan. A verified HAMP trial plan is one where the borrower's eligibility for a permanent HAMP modification is determined prior to the start of his or her HAMP trial plan based on verified financial documents provided by the borrower. Wells Fargo denies that it violated any law and maintains that it did nothing wrong. The Court has not determined who is right. Instead, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of further litigation.

### How Do I Know if I Am Included in the Settlement?

The Settlement includes a group of people called "Class Members." You are a Class Member if you are or were a U.S. borrower: (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation; (2) whose HAMP TPP was signed by both you and Wachovia (Raleigh); (3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP; (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009; and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing.

### What Can I Get from the Settlement?

If approved, Settlement Class Members who still own and reside in their homes, and whose loans are still serviced by Wells Fargo but are In Default or At Risk of Default (Group 1), are eligible to submit a new loan modification application and, if determined by Wells Fargo to be ineligible for a modification, may enter into a Relocation Agreement with Wells Fargo, which will entitle the Settlement Class Member to a monetary payment in exchange for agreeing to vacate the property by a date certain. Settlement Class Members who still own and reside in their homes, whose loans are still serviced by Wells Fargo, and are Current on their loans (Group 2), may submit a new loan modification application or elect to receive an alternative monetary payment of $250. Group 2 Class Members who are eligible to be reviewed for a loan modification, but whose application is denied (or who decline an offered modification), may request a Monetary Benefit. Settlement Class Members who no longer own their homes or no longer have a loan that is serviced by Wells Fargo (Group 3) may only claim a cash payment.

If your loan is already under review for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a Monetary Benefit under the terms set forth in the Settlement.

### How Can I Obtain a New Loan Modification Review?

Group 1 and Group 2 Class Members may elect to receive a new review to determine if they are eligible for a permanent loan modification by completing the included Claim Form, submitting it to the Settlement Administrator by **October 10, 2014**. If you submit a timely Claim Form requesting a modification review, in approximately two weeks following **October 10, 2014**, Class Counsel will send you a Document Checklist that sets forth the documents that you need to send to Wells Fargo in order for your loan to be reviewed for a modification. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. Wells Fargo will review new loan modification applications, under all available programs, within thirty (30) days of receiving all required documents. Class Members must sign the Claim Form under penalty of perjury, and Wells Fargo reserves the right to confirm that the information provided in the Claim Form is accurate.

### How Can I Receive a Cash Payment from the Settlement?

Group 1 Settlement Class Members who are determined to be ineligible for a loan modification (including after an appeal) can receive a cash payment by timely submitting a Request for Relocation Agreement form that will be provided by the Settlement Administrator and available

on the Settlement Website. The amount of cash payments will be determined after all claims are received. Group 1 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

Group 2 Settlement Class Members who are determined to be ineligible for any loan modification (including after appeal), or who reject a loan modification offered by Wells Fargo, can receive a cash payment by completing the Monetary Benefit Request Form provided by the Settlement Administrator and available on the Settlement Website. The amount of cash payments will be determined after all claims are received. As an alternative, Group 2 Settlement Class Members may elect to receive a $250 Payment in lieu of submitting a new loan modification application by checking the appropriate box on the Group 2 Claim Form and timely submitting it to the Settlement Administrator. Except for those electing a $250 payment, Group 2 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

Group 3 Settlement Class Members can receive a cash payment by timely submitting the Group 3 Claim Form to the Settlement Administrator. The amount of cash payments will be determined after all claims are received. Group 3 Settlement Class Members will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

A copy of the Claim Form applicable to your loan is enclosed with this Notice. If you wish to contest your group classification, you must contact Class Counsel within 15 days of receiving this Notice. Claim Forms for all groups, the Document Checklist, the Request for Relocation Agreement (Group 1), and Monetary Benefit Request Form (Group 2) are also available from the Settlement Website at **www.WigodHAMPSettlement.com**.

You can submit the applicable Claim Form to the Settlement Administrator by email, U.S. Mail, or through the Settlement Website. **Claim Forms must be submitted no later than October 10, 2014.**

Modifications and Payments will be made only if the Court approves the Settlement and the Settlement becomes Final.

### What Are My Other Options?

You may choose to stay in the lawsuit, request to exclude yourself from the lawsuit, object, and/or appear in court.

If you do nothing, you are choosing to stay in the Class. If the Settlement is approved and becomes Final, you will be bound by all orders and judgments of the Court and you will not be able to sue or continue to sue Wells Fargo regarding any claims arising from the servicing of your mortgage loan that fall within the Class Definition or Wachovia/Raleigh's or Wells Fargo's conduct with respect to HAMP.

If you stay in the lawsuit, you can object to the Settlement. You or your lawyer may also ask to appear before the Court. Your written objection and/or request to appear

must be submitted by **October 3, 2014** to the Settlement Administrator.

*If you want to keep your right to sue Wells Fargo for the claims that are being released in the Settlement, you must submit a Request for Exclusion by October 3, 2014.* If you exclude yourself, you cannot receive any of the benefits this Settlement provides, but you will keep your right to sue Wells Fargo in a different lawsuit. You will not be bound by any orders and judgments of the Court. Your Request for Exclusion must be submitted by **October 3, 2014**. The detailed Notice, available at **www.WigodHAMPSettlement.com**, explains all of your rights and options and how to act on them.

### Who Represents Me?

The Court has approved Jay Edelson, Steven Woodrow, and Megan Lindsey of Edelson PC to represent the Class as Class Counsel in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Class Counsel will ask the Court for attorneys' fees and expenses. They will also ask for an incentive award to be provided to the Class Representative for her services in this case. The Court may award less than the award requested. If approved, the award will be provided separately by Wells Fargo.

### The Court's Fairness Hearing

The Court will hold the Final Approval Hearing at **1:00 p.m.** on **October 24, 2014** at the U.S. District Court for the Northern District of Illinois located at United States Courthouse, Courtroom 2243, 219 South Dearborn Street, Chicago, IL 60604. At this hearing, the Court will consider whether to approve the terms of the Settlement, attorneys' fees and expenses, and the Class Representative incentive award, and it will hear any objections concerning the Settlement. You are not required to come to the Final Approval Hearing.

### How Do I Get More Information?

More information, including the Settlement Agreement, detailed Notice, and Claim Form, is available at **www.WigodHAMPSettlement.com**. You may also call the Settlement Administrator toll free at **1-800-572-1168**, or contact Class Counsel at the addresses or phone numbers below.

| CLASS COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|
| Jay Edelson | Wigod v. Wells Fargo Bank |
| Steven Woodrow | Settlement Administrator |
| Megan Lindsey | PO Box 4087 |
| Edelson PC | Portland, OR 97208-4087 |
| 999 West 18th Street | Tel: (800) 572-1168 |
| Suite 3000 | |
| Denver, CO 80202 | |
| Tel: (866) 354-3015 | |
| www.edelson.com | |

**1-800-572-1168**
**www.WigodHAMPSettlement.com**

*LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*

**Civil Action No. 1:10-cv-02348 (N.D. Ill.)**

# ***GROUP 1 CLAIM FORM***

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 1 IN CONNECTION WITH THE *WIGOD* SETTLEMENT. AS A GROUP 1 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM IF YOU WISH TO RECEIVE A NEW LOAN MODIFICATION REVIEW OR TO OBTAIN A MONETARY BENEFIT.**

**THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY <u>OCTOBER 10, 2014</u>.**

If you wish to apply for a loan modification or receive other benefits in connection with the *Wigod* Settlement you must complete and submit this Claim Form to the Settlement Administrator by **October 10, 2014**. If you submit a timely Claim Form requesting a loan modification review, a Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel that you will be sent in late October. **If there is more than one borrower on a single account, only one Claim Form may be submitted**. Please read the accompanying Notice and this Claim Form to understand all of your legal rights and options.

## INSTRUCTIONS FOR SUBMITTING CLAIM FORM

Fill out Part A on the next page by providing your contact and property information. As set forth in Part B, if you are currently the owner-occupier of the property, you may elect to have your loan reviewed to determine if it qualifies for a modification—*even if the loan has already been reviewed*—to receive holistic credit counseling services, or both. If your loan is currently being reviewed for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement. In Part C, include any necessary information and sign the Claim Form. Submit the signed Claim Form via the Settlement Website, U.S. Mail, or email to the Settlement Administrator at the addresses below. Mailed Claim Forms must be postmarked by **October 10, 2014**. Claim Forms submitted via the Settlement Website (www.WigodHAMPSettlement.com) or email must be transmitted by **October 10, 2014**. Keep a copy of the completed Claim Form for your records. <u>Unsigned Claim Forms will not be accepted</u>. If you are seeking a loan modification, you must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel, which you will receive approximately two weeks after October 10, 2014 if you submit a Claim Form.

> The Settlement Administrator's contact information:
>
> Wigod v. Wells Fargo Bank Settlement Administrator
> PO Box 4087
> Portland, OR 97208-4087
> 1-800-572-1168
>
> info@WigodHAMPSettlement.com

If you are approved for a loan modification based on the information you submit, Wells Fargo will send you a notice that will enclose either a trial or permanent modification, depending on applicable guidelines. If you wish to accept the modification that is offered, you may do so by following the instructions set forth in the approval notice. If your loan does not meet the requirements for modification, you will receive a Notice of Denial. If you wish to contest Wells Fargo's determination of your eligibility or the terms of any modification offered, you may do so by following the appeal instructions set forth in the Notice of Approval or Notice of Denial that you receive. If you are denied for a modification, and your appeal (if any) is thereafter denied, you will have the opportunity to enter into a Relocation Agreement with Wells Fargo, under which you will be required to vacate your property in exchange for a monetary payment. (If you are approved for a loan modification or appeal the terms of any offered modification, you are not eligible to receive a Relocation Agreement under the Settlement.) The amount of the payment will be determined once all claims are submitted. If your loan does not qualify for a Permanent Modification and you choose not to enter into a Relocation Agreement, your property may be subject to foreclosure proceedings.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

### *WIGOD SETTLEMENT GROUP 1 CLAIM FORM*

## PART A – CLAIMANT INFORMATION (All information in this section is required.)

First Name                                                                    MI        Last Name

Address

City                                                                    State     ZIP Code

Phone Number

Email Address (Class counsel will use this email to send you the Document Checklist)

Loan Number (if available)

Address of property securing the loan serviced or held by Wells Fargo (if different from address above)

City                                                                    State     ZIP Code

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court-ordered name change).*

## PART B – ELECTION OF SETTLEMENT RELIEF (One of the first two may be selected. The third box may be checked regardless of which of the first two boxes, if any, are selected.)

- ☐ **I elect to receive a new review to determine if my loan qualifies for a modification. I understand that I must submit to Wells Fargo all required documents on the Document Checklist that will be provided to me by Class Counsel after I submit this Claim Form.**

- ☐ **My mortgage loan is currently under review for a loan modification by Wells Fargo.**

- ☐ **I elect holistic credit counseling services through the Homeownership Preservation Foundation network.**

## PART C – CERTIFICATION

By signing this Claim Form, I verify:

- I am a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

- I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

- I made at least three (3) trial plan payments but never received a permanent HAMP modification.

- I am currently at least one month past due on my mortgage loan.

- I have not already entered into a legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

- If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you:

Amount                     Date

$ [ ][ ][ ][ ] . [ ][ ]     [ ][ ] - [ ][ ] - [ ][ ][ ][ ]
                            MM        DD       YYYY

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

Date [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
      MM       DD       YYYY

Signature of Claimant

Print Name of Claimant

*Only one (1) borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

## NOTIFICATIONS

**ATTENTION:** Class Counsel have been appointed by the Court to assist you in this case and in connection with the loan modification review process that is a part of this Settlement. You may contact Class Counsel with any questions toll free at (866) 354-3015. Additional information, including a copy of the Settlement Agreement, court filings, and the Document Checklist, can be obtained by visiting www.WigodHampSettlement.com.

***Class Members may choose to seek independent tax advice regarding the impact of any modification that may be offered as part of the Settlement.***

*LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*

**Civil Action No. 1:10-cv-02348 (N.D. Ill.)**

# ***GROUP 2 CLAIM FORM***

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 2 IN CONNECTION WITH THE WIGOD SETTLEMENT. AS A GROUP 2 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM IF YOU WISH TO RECEIVE A NEW LOAN MODIFICATION REVIEW OR TO OBTAIN A MONETARY BENEFIT.**

**THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY <u>OCTOBER 10, 2014</u>.**

If you wish to apply for a modification in connection with the *Wigod* Settlement you must complete and submit this Claim Form to the Settlement Administrator prior to **October 10, 2014** (at the address provided below). If you submit a timely Claim Form requesting a new loan modification review, a Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist. **If there is more than one borrower on a single account, only one Claim Form may be submitted.** Please read the accompanying Notice and this Claim Form to understand all of your legal rights and options under the Settlement.

| **INSTRUCTIONS FOR SUBMITTING CLAIM FORM** |
| --- |

Fill out Part A on the next page by providing your contact and property information. As set forth in Part B, if you are currently the owner-occupier of the property, you may elect to have your loan reviewed to determine if you are eligible for a modification, *even if the loan has already been reviewed*, or to receive an alternative monetary payment of $250. If your loan is currently being reviewed for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a monetary benefit under the terms set forth in the Settlement. You may also elect to receive holistic credit counseling services in addition to any other benefits. In Part C, include any necessary information and sign the Claim Form. <u>Submit the signed Claim Form via the Settlement Website, email, or via U.S. Mail to the Settlement Administrator at the addresses below</u>. Claim Forms must be postmarked, emailed, or submitted via the Settlement Website (www.WigodHAMPSettlement.com) by **October 10, 2014**. Keep a copy of the completed Claim Form for your records. <u>Unsigned Claim Forms will not be accepted</u>. If you are seeking a new loan modification review, you must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel, which you will receive in late October.

> The Settlement Administrator's contact information:
>
> Wigod v. Wells Fargo Bank Settlement Administrator
> PO Box 4087
> Portland, OR 97208-4087
> 1-800-572-1168
>
> info@WigodHAMPSettlement.com

If you are approved for a loan modification, Wells Fargo will send you a notice that will enclose either a trial or permanent modification, depending on investor and program guidelines. If you wish to accept the modification, you may do so by following the instructions set forth in the Notice of Approval. If your loan does not meet the requirements for modification, you will receive a Notice of Denial. If you wish to contest Wells Fargo's determination of your eligibility or the terms of any modification offered, you may do so by following the appeal instructions set forth in the Notice of Approval or Notice of Denial. If you are denied for a loan modification or if you decide not to accept the loan modification offered to you, you may thereafter complete and return a Monetary Benefit Request Form for a monetary payment. The amount of the payment will be determined once all claims are submitted. (If you reject a modification offered to you, the maximum you may receive is $250.) If you choose not to submit a new application for a loan modification review, you may simply elect to receive the alternative payment of $250. You will receive a check in the event that the Court approves the Settlement and the Settlement becomes Final.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

*WIGOD SETTLEMENT GROUP 2 CLAIM FORM*

**PART A – CLAIMANT INFORMATION (All information in this section is required.)**

First Name  MI  Last Name

Address

City  State  ZIP Code

Phone Number

Email Address @

Loan Number (if available)

Address of property securing the loan serviced or held by Wells Fargo (if different from address above)

City  State  ZIP Code

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court-ordered name change).*

**PART B – ELECTION OF SETTLEMENT RELIEF (You may check one of the first three options. You may additionally check the fourth option regardless of which of the first three options, if any, you select.)**

☐ **I elect to receive a new review to determine if my loan qualifies for a modification. I understand that I must submit to Wells Fargo all of the required documents on the Document Checklist that will be provided to me by Class Counsel after I submit this Claim Form.**

☐ **My mortgage loan is currently under review for a loan modification by Wells Fargo.**

☐ **Instead of a loan review, I elect the Monetary Benefit of $250.**

☐ **I elect holistic credit counseling services through the Homeownership Preservation Foundation network.**

## PART C – CERTIFICATION

By signing this Claim Form, I verify:

- I am a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

- I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

- I made at least three (3) trial plan payments but never received a permanent HAMP modification.

- I am current on my mortgage loan.

- I have not already entered into a legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

- If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you:

Amount                    Date

$ [ ][ ][ ][ ] . [ ][ ]    [ ][ ] - [ ][ ] - [ ][ ][ ][ ]

                           MM      DD      YYYY

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

[                                        ]     Date [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
Signature of Claimant                               MM      DD       YYYY

[                                        ]
Print Name of Claimant

*Only one (1) borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

## NOTIFICATIONS

**ATTENTION:** Class Counsel have been appointed by the Court to assist you in this case and in connection with the loan modification review process that is a part of this Settlement. You may contact Class Counsel with any questions toll free at (866) 354-3015.

***Class Members may choose to seek independent tax advice regarding the impact of any modification that may be offered as part of the Settlement.***

*LORI WIGOD ET AL. V. WELLS FARGO BANK, N.A. ET AL.,*

Civil Action No. 1:10-cv-02348 (N.D. Ill.)

# ***GROUP 3 CLAIM FORM***

**WELLS FARGO HAS DETERMINED THAT YOU ARE A MEMBER OF GROUP 3 IN CONNECTION WITH THE WIGOD SETTLEMENT. AS A GROUP 3 CLASS MEMBER, YOU MUST FILL OUT AND RETURN THIS CLAIM FORM TO BE ELIGIBLE FOR A MONETARY BENEFIT.**

**THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY <u>OCTOBER 10, 2014</u>.**

If you wish to obtain a monetary benefit from the *Wigod* Settlement you must complete and submit this Claim Form, along with a completed and signed IRS Form W-9, which is available on the Settlement Website (www. WigodHAMPSettlement.com), to the Settlement Administrator by **October 10, 2014**. You may submit this Claim Form and IRS Form W-9 via the Settlement Website or via mail or email to the Settlement Administrator at the addresses below. **If there is more than one borrower on a single loan, only one Claim Form may be submitted**. Please read the accompanying Notice and this Claim Form to understand all of your legal rights. The amount of the payment that you are eligible to receive will be determined after all claims are submitted.

## INSTRUCTIONS FOR SUBMITTING CLAIM FORM

Fill out Part A on the next page by providing your contact and property information. In Part B, check the box indicating your election to receive the Monetary Benefit, holistic credit counseling, or both. In Part C, include any necessary information and sign the Claim Form. You must also submit a completed and signed IRS Form W-9. For Claim Forms sent via mail or email, complete and sign IRS Form W-9, which is available on the Settlement Website, and submit it with the Claim Form. For Claim Forms submitted through the Settlement Website, you will be prompted to electronically provide the information for the IRS Form W-9 before your Claim Form can be submitted.

Mailed Claim Forms must be postmarked by **October 10, 2014**. Claim Forms submitted via the Settlement Website or email must be transmitted no later than **October 10, 2014**. Keep a copy of the completed Claim Form for your records. <u>Unsigned Claim Forms will not be accepted.</u>

> The Settlement Administrator's contact information:
>
> Wigod v. Wells Fargo Bank Settlement Administrator
> PO Box 4087
> Portland, OR 97208-4087
> 1-800-572-1168
>
> info@WigodHAMPSettlement.com

If the Court approves the Settlement and the Settlement becomes Final, and your claim is approved, you will receive a check in an amount to be determined after all claims are received.

Wells Fargo reserves the right to confirm that the information you provide on the Claim Form is accurate.

### *WIGOD SETTLEMENT GROUP 3 CLAIM FORM*

## PART A – CLAIMANT INFORMATION (All information in this section is required.)

First Name        MI    Last Name

Address

City      State    ZIP Code

Phone Number

Email Address (Class counsel will use this email to send you the Document Checklist)

Loan Number (if available)

Address of property securing the loan serviced or held by Wells Fargo (if different from address above)

City      State    ZIP Code

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court-ordered name change).*

## PART B – ELECTION OF SETTLEMENT RELIEF (Both may be checked.)

☐   **I elect the Monetary Benefit and I have enclosed a completed and signed IRS Form W-9.**

☐   **I elect holistic credit counseling services through the Homeownership Preservation Foundation network.**

## PART C – CERTIFICATION

By signing this Claim Form, I verify:

- I am a customer of Wells Fargo Bank, N.A. ("Wells Fargo").

- I received a signed trial plan from Wachovia/Raleigh under the Home Affordable Modification Program ("HAMP") in 2009.

- I made at least three (3) trial plan payments but never received a permanent HAMP modification.

- My loan was subject to a foreclosure sale, deed-in-lieu, short sale, was transferred to a new servicer other than Wells Fargo, or has been paid in full.

- I have not already entered into a legal settlement with Wachovia/Raleigh or Wells Fargo based on my HAMP trial plan.

- If you received a payment under the Independent Foreclosure Review (IFR), the National Mortgage Settlement (NMS), or otherwise from Wells Fargo in connection with your mortgage loan, identify the amount of the payment and the date it was received by you:

Amount     Date

$ [ ][ ][ ][ ] . [ ][ ]   [ ][ ] - [ ][ ] - [ ][ ][ ][ ]

                      MM   DD   YYYY

I declare under penalty of perjury that the statements set forth in this Claim Form are true and correct.

                                        Date [ ][ ] – [ ][ ] – [ ][ ][ ][ ]

                                             MM   DD   YYYY

Signature of Claimant

Print Name of Claimant

*Only one (1) borrower needs to fill out the Claim Form for each loan regardless of the number of borrowers on each loan.

Form **W-9**
(Rev. October 2007)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

Give form to the
requester. Do not
send to the IRS.

Print or type
See Specific Instructions on page 2.

Name (as shown on your income tax return)

Business name, if different from above

Check appropriate box: ☐ Individual/Sole proprietor ☐ Corporation ☐ Partnership
☐ Limited liability company. Enter the tax classification (D=disregarded entity, C=corporation, P=partnership) ▶ _____
☐ Other (see instructions) ▶

☐ Exempt
payee

Address (number, street, and apt. or suite no.)

Requester's name and address (optional)

City, state, and ZIP code

List account number(s) here (optional)

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

**or**

Employer identification number

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. See the instructions on page 4.

Sign
Here

Signature of
U.S. person ▶

Date ▶

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

# Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

● An individual who is a U.S. citizen or U.S. resident alien,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

● An estate (other than a foreign estate), or

● A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

● The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X

Form **W-9** (Rev. 10-2007)

● The U.S. grantor or other owner of a grantor trust and not the trust, and

● The U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person, do not use Form W-9. Instead, use the appropriate Form W-8 (see Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

*Example.* Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity not subject to backup withholding, give the requester the appropriate completed Form W-8.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 28% of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the Part II instructions on page 3 for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions below and the separate Instructions for the Requester of Form W-9.

Also see *Special rules for partnerships* on page 1.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

# Specific Instructions

## Name

If you are an individual, you must generally enter the name shown on your income tax return. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your individual name as shown on your income tax return on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name" line.

**Limited liability company (LLC).** Check the "Limited liability company" box only and enter the appropriate code for the tax classification ("D" for disregarded entity, "C" for corporation, "P" for partnership) in the space provided.

For a single-member LLC (including a foreign LLC with a domestic owner) that is disregarded as an entity separate from its owner under Regulations section 301.7701-3, enter the owner's name on the "Name" line. Enter the LLC's name on the "Business name" line.

For an LLC classified as a partnership or a corporation, enter the LLC's name on the "Name" line and any business, trade, or DBA name on the "Business name" line.

**Other entities.** Enter your business name as shown on required federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name" line.

**Note.** You are requested to check the appropriate box for your status (individual/sole proprietor, corporation, etc.).

## Exempt Payee

If you are exempt from backup withholding, enter your name as described above and check the appropriate box for your status, then check the "Exempt payee" box in the line following the business name, sign and date the form.

Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends.

**Note.** If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.

The following payees are exempt from backup withholding:

1. An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2),

2. The United States or any of its agencies or instrumentalities,

3. A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities,

4. A foreign government or any of its political subdivisions, agencies, or instrumentalities, or

5. An international organization or any of its agencies or instrumentalities.

Other payees that may be exempt from backup withholding include:

6. A corporation,

7. A foreign central bank of issue,

8. A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States,

9. A futures commission merchant registered with the Commodity Futures Trading Commission,

10. A real estate investment trust,

11. An entity registered at all times during the tax year under the Investment Company Act of 1940,

12. A common trust fund operated by a bank under section 584(a),

13. A financial institution,

14. A middleman known in the investment community as a nominee or custodian, or

15. A trust exempt from tax under section 664 or described in section 4947.

The chart below shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 15.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
|---|---|
| Interest and dividend payments | All exempt payees except for 9 |
| Broker transactions | Exempt payees 1 through 13. Also, a person registered under the Investment Advisers Act of 1940 who regularly acts as a broker |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 5 |
| Payments over $600 required to be reported and direct sales over $5,000 [1] | Generally, exempt payees 1 through 7 [2] |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation (including gross proceeds paid to an attorney under section 6045(f), even if the attorney is a corporation) and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, and payments for services paid by a federal executive agency.

# Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see *How to get a TIN* below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are a single-member LLC that is disregarded as an entity separate from its owner (see *Limited liability company (LLC)* on page 2), enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note.** See the chart on page 4 for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office or get this form online at *www.ssa.gov*. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/businesses* and clicking on Employer Identification Number (EIN) under Starting a Business. You can get Forms W-7 and SS-4 from the IRS by visiting *www.irs.gov* or by calling 1-800-TAX-FORM (1-800-829-3676).

If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note.** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** *A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.*

# Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if items 1, 4, and 5 below indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). Exempt payees, see *Exempt Payee* on page 2.

**Signature requirements.** Complete the certification as indicated in 1 through 5 below.

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship or disregarded entity owned by an individual | The owner [3] |

| For this type of account: | Give name and EIN of: |
|---|---|
| 6. Disregarded entity not owned by an individual | The owner |
| 7. A valid trust, estate, or pension trust | Legal entity [4] |
| 8. Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 9. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 10. Partnership or multi-member LLC | The partnership |
| 11. A broker or registered nominee | The broker or nominee |
| 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or "DBA" name on the second name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships* on page 1.

**Note.** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records from Identity Theft

Identity theft occurs when someone uses your personal information such as your name, social security number (SSN), or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:
- Protect your SSN,
- Ensure your employer is protecting your SSN, and
- Be careful when choosing a tax preparer.

Call the IRS at 1-800-829-1040 if you think your identity has been used inappropriately for tax purposes.

Victims of identity theft who are experiencing economic harm or a system problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to *phishing@irs.gov.* You may also report misuse of the IRS name, logo, or other IRS personal property to the Treasury Inspector General for Tax Administration at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at: *spam@uce.gov* or contact them at *www.consumer.gov/idtheft* or 1-877-IDTHEFT(438-4338).

Visit the IRS website at *www.irs.gov* to learn more about identity theft and how to reduce your risk.

---

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons who must file information returns with the IRS to report interest, dividends, and certain other income paid to you, mortgage interest you paid, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA, or Archer MSA or HSA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. The IRS may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, the District of Columbia, and U.S. possessions to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 28% of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to a payer. Certain penalties may also apply.

# EXHIBIT B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**IF YOU RECEIVED A HAMP TRIAL PLAN (TPP) FROM WACHOVIA MORTGAGE, FSB (RALEIGH) IN 2009 AND MADE THREE OR MORE PAYMENTS BUT DID NOT RECEIVE A PERMANENT HAMP LOAN MODIFICATION FROM WELLS FARGO BANK, N.A., YOU MAY BE ENTITLED TO BENEFITS UNDER A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- A nationwide settlement has been proposed in a class action lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo"). The lawsuit, called *Wigod v. Wells Fargo*, is pending in the United States District Court for the Northern District of Illinois.

- Your legal rights are affected whether or not you act. Please read this Notice carefully. This Notice relates to the pendency of a class action lawsuit, and, if you are a Settlement Class Member, contains important information about your rights to make a Claim under the Settlement, to object to the Settlement, or request to be excluded from the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment or loan modification review as part of the Settlement. |
| **EXCLUDE YOURSELF** | Receive no payment or loan modification review as a part of the Settlement. This is the only option that allows you to pursue claims that will be released by the Settlement against the Defendant by filing your own lawsuit at your own expense. |
| **COMMENT** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **ATTEND A HEARING** | Ask to speak to the Court about the fairness of the Settlement. *(The date and time of the Fairness Hearing is subject to change by Court Order. See Question No. 10 below.)* |
| **DO NOTHING** | Receive no payment or loan modification review as a part of the Settlement, and give up your rights to sue. |

- These rights and options, **and the deadlines to exercise them**, are explained in this Notice.

- The Court overseeing this case still has to decide whether to approve the Settlement. Where applicable, loans will be reviewed to determine if they are currently eligible for modification, and payments will be made if the Court approves the Settlement and after any appeals are finally resolved and the Settlement becomes Final. Please be patient. It may be some time before the Settlement becomes Final.

## 1. WHAT IS THIS NOTICE AND WHY SHOULD I READ IT?

This Notice is to inform you of the settlement of a class action lawsuit, entitled *Wigod, et al. v. Wells Fargo Bank, N.A.*, Case No. 10-cv-02348 (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of Illinois. You need not live in Illinois to receive a benefit under the Settlement if you are otherwise eligible. The Court has granted Preliminary Approval of the Settlement and has set a Fairness Hearing to take place on October 24, 2014 at 1:00 p.m. in the United States Courthouse, 219 South Dearborn Street, Courtroom 2243, Chicago, IL 60604, to determine if the Settlement is fair, reasonable, and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the Class Representative. This Notice explains the nature of the Action, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read this Notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this Notice. Your legal rights are affected regardless of whether you act.

## 2. WHAT IS A CLASS ACTION LAWSUIT AND WHAT IS THIS LAWSUIT ABOUT?

A class action is a lawsuit in which one or more plaintiffs—in this case, the individual Lori Wigod ("Plaintiff")—sue on behalf of themselves and other people who have allegedly similar claims. Here, the Plaintiff has decided to settle the claims against the Defendant on behalf of all members of the Settlement Class by entering into a written settlement agreement entitled "Class Action Settlement Agreement." The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (i.e., the Settlement Class Members) are described in Question No. 4 below.

The Settlement has already been preliminarily approved by the Court. However, as the settlement of a class action determines the rights of all members of the proposed Class, the Court in which this lawsuit is pending must give final approval to the Settlement before it can take effect. The Court has conditionally certified the Settlement Class for settlement purposes only so that members of the Settlement Class can be given this Notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to final approval of the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get the relief offered by the Settlement. If the Settlement is not given final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no Settlement or certification of the Settlement Class.

In this case, the Plaintiff is Lori Wigod, a resident of the state of Illinois. The Defendant is Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). Together the Plaintiff and Defendant are referred to in this Notice as the "Parties." Wells Fargo is a participant in the federal government's Home Affordable Modification Program ("HAMP"). In 2009, Wells Fargo acquired the mortgage servicing rights for certain loans serviced by Wachovia Mortgage, FSB ("Wachovia/Raleigh"). Plaintiff alleges that in 2009 she applied for a HAMP loan modification, was approved, and received a signed HAMP trial plan (also known as a "TPP") based on verified financial documentation from Wachovia/Raleigh prior to the transfer of her loan to Wells Fargo. A verified HAMP TPP is one where the borrower's eligibility for a permanent HAMP modification is determined prior to the start of his or her HAMP TPP based on financial documentation provided by the borrower reflecting all of the borrower's income, which the servicer has verified. Following the transfer of Plaintiff's loan from Wachovia/Raleigh to Wells Fargo in October 2009, Wells Fargo did not provide Plaintiff with a permanent HAMP loan modification.

On April 15, 2010, Plaintiff filed a class action lawsuit against Defendant in the United States District Court for the Northern District of Illinois on behalf of mortgage borrowers who had received HAMP trial plans in 2009 signed by Wachovia/Raleigh based on verified financial documentation, made the required trial plan payments, but who did not receive a permanent loan modification from Wells Fargo following the transfer of their loans from Wachovia/Raleigh. After repeated meetings between the Parties discussing the merits of Plaintiff's claims, extensive litigation that included an appeal to the United States Court of Appeals for the Seventh Circuit, and settlement discussions overseen by a Mediator, the Parties were able to reach this Class Action Settlement Agreement.

## 3. WHY IS THERE A SETTLEMENT?

The Court has not decided in favor of either side in the case. Defendant denies all allegations of wrongdoing or liability against it and believes that it has meritorious defenses to Plaintiff's claims. Defendant has agreed to this Settlement in order to resolve this matter without the expense and uncertainties of litigation. Plaintiffs and their attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class Members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

M3812 v.11 07.31.2014    QUESTIONS? VISIT WWW.WIGODHAMPSETTLEMENT.COM OR CALL 1-800-572-1168.

2

## 4.  WHO IS INCLUDED IN THE SETTLEMENT?

The Class covered by the Settlement is defined as follows: all U.S. borrowers: (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation, (2) whose HAMP TPP was signed by both the borrower and Wachovia (Raleigh), (3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009, and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing. **Excluded** from the Settlement Class are the following: any (i) Judge or Magistrate presiding over this Action and members of their immediate families, (ii) officers and directors (and members of their immediate families) of Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parent companies have a controlling interest, (iii) Persons who properly execute and file a timely Request for Exclusion from the Class, (iv) Persons who have already released their claims against Wells Fargo that are covered by this Settlement, and (v) the legal representatives, successors, or assigns of any such excluded persons.

## 5.  WHAT DOES THE SETTLEMENT PROVIDE?

**A. Relief Available to Group 1 Class Members (In Default or At Risk of Default on Their Mortgage Loans on Their Primary Residences Serviced by Wells Fargo).** Group 1 consists of Class Members whose loans were In Default (more than 60 days past due) or At Risk of Default (between 31-59 days past due) when the Motion for Preliminary Approval was filed on June 17, 2014. Group 1 Class Members will be eligible to receive a new review of their eligibility for a loan modification by timely submitting a complete and accurate Group 1 Claim Form to the Settlement Administrator by the Claims Deadline of October 10, 2014, and by submitting all documents required by the Document Checklist to Wells Fargo. If you submit a timely Claim Form requesting a loan modification review, the Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. If you provide an email address on your Claim Form, the Document Checklist will be emailed to that address. A copy of the Document Checklist is also available on the Settlement Website. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. If additional documents are needed, Wells Fargo will so notify Class Members. Once all documents are received, Wells Fargo will review the loan under all available programs to determine whether it is eligible for a modification. If your loan is already under review for a loan modification, that review will constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a Monetary Benefit under the terms set forth in the Settlement.

If the Group 1 Settlement Class Member is determined to be eligible for a loan modification, Wells Fargo will send a notice to the borrower that will set forth the terms of the modification, including how and when payments should be made. The Notice will include the appropriate trial plan or Permanent Modification agreement. If Wells Fargo determines that the Group 1 Settlement Class Member's loan is ineligible for a modification, Wells Fargo will send the Group 1 Settlement Class Member a notice stating the reasons for denial. A Group 1 Settlement Class Member may appeal Wells Fargo's determination by following the instructions set forth in the Notice received. If the appeal is unsuccessful, the Class Member will still be eligible for a Relocation Agreement (explained below). A borrower who rejects a modification, however, will not be eligible for a Relocation Agreement.

Each Group 1 Settlement Class Member who is determined ineligible for a loan modification will have the opportunity to enter into a Relocation Agreement with Wells Fargo. Under the Relocation Agreement, the Class Member will vacate their property in exchange for a monetary payment. The amount set forth in the Relocation Agreement shall be determined by Class Counsel based upon objective criteria and shall be paid after the Court approves the Settlement and the Settlement becomes Final. The total amount of Monetary Benefits available collectively to Group 1 Settlement Class Members under the Settlement is $700,000. A borrower who does not accept the Relocation Agreement may be subject to continued foreclosure proceedings.

**B. Relief Available to Group 2 Class Members (Current on Their Mortgage Loans on Their Primary Residences Serviced by Wells Fargo).** Group 2 Class Members consist of borrowers whose loans were Current (not In Default or At Risk of Default) when the Motion for Preliminary Approval was filed on June 17, 2014. Group 2 Class Members may be eligible to receive a new review of their eligibility for a loan modification by timely submitting a complete and accurate Group 2 Claim Form to the Settlement Administrator by the Claims Deadline of October 10, 2014, and by submitting all documents required by the Document Checklist to Wells Fargo. If you submit a timely Claim Form requesting a loan modification review, the Document Checklist will be provided in a separate communication from Class Counsel approximately two weeks after October 10, 2014. You must submit all required documents on the Document Checklist to Wells Fargo by the date set forth in the communication from Class Counsel. If you provide an email address on your Claim Form, the Document Checklist will be emailed to that address. A copy of the Document Checklist is also available on the Settlement Website. If additional documents are needed, Wells Fargo will so notify Class Members.

M3813 v.11 07.31.2014    QUESTIONS? VISIT WWW.WIGODHAMPSETTLEMENT.COM OR CALL 1-800-572-1168.

3

Once all documents are received, Wells Fargo will determine if the Class Member is eligible for a loan modification review and, if so, the loan will be reviewed under all programs available. If your loan is already under review for a loan modification, you may elect to have that current modification review constitute the review that you are eligible for under the Settlement. If you elect to continue with your current modification review, you will still be eligible for a Monetary Benefit under the terms set forth in the Settlement.

If the Group 2 Settlement Class Member is determined to be eligible for a loan modification, Wells Fargo will send him or her a notice setting forth the terms of the modification, including how and when payments should be made. Wells Fargo will also send to the Class Member the appropriate trial plan or Permanent Modification agreement. If Wells Fargo determines that the Group 2 Settlement Class Member's loan is ineligible for a modification, Wells Fargo will send the Class Member a Notice of Denial stating the reasons for denial. A Group 2 Settlement Class Member may appeal Wells Fargo's decision by following the instructions set forth in the Notice of Denial. The Settlement Administrator shall send a "Monetary Benefit Request Form" to each Group 2 Settlement Class Member who receives either a Notice of Approval or Notice of Denial. Group 2 Settlement Class Members may thereafter submit the Monetary Benefit Request Form to the Settlement Administrator, along with an IRS Form W-9, which will be available on the Settlement Website. Upon receipt and after the Court approves the Settlement and the Settlement becomes Final, a check shall be issued to the Group 2 Settlement Class Member in an amount determined by Class Counsel based upon objective criteria.

In lieu of seeking a new loan modification review, any Group 2 Settlement Class Members may elect to receive a payment of up to $250 by checking the appropriate box on the Group 2 Claim Form and submitting the form to the Settlement Administrator by October 10, 2014.

The total amount of Monetary Benefits available collectively to Group 2 Settlement Class Members under the Settlement is $100,000.

**C. Relief Available to Group 3 Class Members (Borrowers Whose Loans Are No Longer Serviced by Wells Fargo).** Group 3 Class Members consist of borrowers whose mortgage loans on their primary residences are no longer held or serviced by Wells Fargo due to a foreclosure, deed-in-lieu, or short sale, loan pay off, or servicing transfer. Group 3 Class Members will be eligible to receive Monetary Benefits by signing and submitting a complete and accurate Group 3 Claim Form, along with an IRS Form W-9, which will be available on the Settlement Website, by the Claims Deadline of October 10, 2014. Upon receipt and after the Court approves the Settlement and the Settlement becomes Final, a check shall be issued to the Group 3 Settlement Class Member in an amount determined by Class Counsel based upon objective criteria. The total amount of Monetary Benefits available collectively to Group 3 Settlement Class Members under the Settlement is $2,000,000.

Any payment amounts to any Settlement Class Members, regardless of group, shall be offset by any amounts previously paid to the Settlement Class Member in connection with the National Mortgage Settlement, the Independent Foreclosure Review, or any other settlement or agreement with Wells Fargo. Further, payouts will be on a per-loan basis, regardless of the number of individual borrowers on a given loan.

There is a range of recovery available to each member of each Settlement group, and there is a cap on the total amount you may recover. We invite you to contact Class Counsel at the contact information below for details regarding the possible payment range. In addition, depending on the claims that are submitted, payments may be below cap limits and/or Wells Fargo may not pay out the full amounts designated for each Settlement group.

**D. Credit Counseling.** Wells Fargo will make holistic credit counseling services available to all members of the Settlement Class, regardless of group classification, at Wells Fargo's expense, through the Homeownership Preservation Foundation network. To receive such credit counseling services, Settlement Class Members must check the box on the appropriate Claim Form.

**E. Foreclosure Holds.** During the time that any Group 1 or Group 2 Settlement Class Member is being reviewed for a loan modification or during any appeal, Wells Fargo will implement a foreclosure hold with respect to the Settlement Class Member's loan. This means that except as otherwise ordered by a court in an existing individual judicial foreclosure action, Wells Fargo will suspend any scheduled foreclosure sale, will not refer any loan to foreclosure, record a notice of default, notice of trustee's sale, or similar notice, move for foreclosure judgment or order of sale, or seek a foreclosure sale while the hold is in place, but any pending foreclosure action will not be dismissed and may be resumed from the point at which it was suspended when the hold is lifted, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action.

## 6. WHO REPRESENTS THE SETTLEMENT CLASS?

**A.** Class Representatives. For purposes of the Settlement, the Court has appointed Plaintiff Lori Wigod to serve as the Class Representative.

M3814 v.11 07.31.2014   QUESTIONS? VISIT WWW.WIGODHAMPSETTLEMENT.COM OR CALL 1-800-572-1168.

4

**B.** Settlement Class Counsel. The Court has approved the appointment of Jay Edelson, Steven Woodrow, and Megan Lindsey of Edelson PC as Settlement Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in April 2010 to the present, Settlement Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. The Court has appointed the attorneys listed above to represent the Settlement Class. At the Fairness Hearing described herein, Class Counsel will be seeking final approval of the Settlement and request approval by the Court of an award of attorneys' fees and litigation costs. Under the terms of the Settlement, Class Counsel may request a total amount of up to $3,500,000, which is subject to Court Approval.

If the Court approves the attorneys' fee application, it will be paid by Wells Fargo. The Settlement Class Members will not have to pay anything toward the fees or expenses of Settlement Class Counsel. Settlement Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

In recognition of her efforts on behalf of the Settlement Class, the Class Representative, Lori Wigod, shall, subject to Court approval, receive an Incentive Award that consists of a permanent loan modification for her time and effort serving the Class in the Action.

## 7.  HOW CAN I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?

You can exclude yourself (or "opt-out") from the Settlement. If you do so, you will not be able to submit a Claim Form, and you will not be entitled to claim any of the relief offered by the Settlement. If you choose to exclude yourself from the Settlement Class, you may pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class. Your Request for Exclusion must include your name, address, telephone number, signature, and a signed statement to the effect that: "I hereby request to be excluded from the proposed Settlement Class in *Wigod v. Wells Fargo Bank*." **Your Request for Exclusion must be postmarked no later than October 3, 2014, and sent to the Settlement Administrator at the following address: *Wigod v. Wells Fargo Bank* Settlement Administrator, PO Box 4087, Portland, OR 97208-4087.**

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not postmarked on time, will not be valid and the person asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Class Member by the Settlement.

If you elect to opt-out, you will (i) not have any rights as a member of the Settlement Class pursuant to the Settlement, (ii) not be able to receive any payments as provided herein, (iii) not be bound by any further orders or judgments in this case, and (iv) remain able to pursue the claims alleged in the case against Defendant by filing your own lawsuit at your own expense. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under this Settlement, or no benefit at all.

***If you do not exclude yourself from the Settlement Class by filing a Request for Exclusion by October 3, 2014, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and to have released the Released Claims (as defined in the Settlement Agreement).***

## 8.  HOW CAN I TELL THE COURT WHAT I THINK ABOUT THE SETTLEMENT?

If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so. **Your objection to or comment on the Settlement or your intent to appear before the Court must be submitted in writing to the Settlement Administrator at the following address: *Wigod v. Wells Fargo Bank* Settlement Administrator, PO Box 4087, Portland, OR 97208-4087, and be postmarked by October 3, 2014.** You must also send copies of your comment or objection to the Court and the attorneys for the Parties at the following addresses:

| Clerk of the Court | Settlement Class Counsel | Defendant's Counsel |
|---|---|---|
| Thomas G. Bruton, Clerk of Court | Jay Edelson | Irene C. Freidel |
| Everett McKinley Dirksen | Steven Woodrow | David Christensen |
| United States District Court for the Northern | Megan Lindsey | K&L Gates LLP |
| District of Illinois | Edelson PC | State Street Financial Center |
| 219 South Dearborn Street | 999 W. 18th Street | One Lincoln Street |
| Chicago, IL 60604 | Suite 3000 | Boston, MA 02111 |
| | Denver, CO 80202 | |

M3815 v.11 07.31.2014     **QUESTIONS? VISIT WWW.WIGODHAMPSETTLEMENT.COM OR CALL 1-800-572-1168.**

The objection or comment or intent to appear must be in writing and signed and include the case name ***Wigod et al. v. Wells Fargo Bank, N.A.***, **Case No. 10-cv-02348 (N.D. Ill.)**, and: (a) the Settlement Class Member's full name and current address; (b) a statement that he or she is a member of the Settlement Class; (c) the specific grounds for the objection or comment; (d) all arguments, citations, evidence, and documents or writings that such Settlement Class Member desires the Court to consider; and (e) notice of the Class Member's intention to appear (if any). The Court will consider all objections and comments from Settlement Class Members. If you intend to appear at the Fairness Hearing through counsel, your objection or comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not submit a written objection or comment on the proposed Settlement or the application of Plaintiffs' counsel for incentive awards and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the Fairness Hearing.

## 9. WHAT IS THE EFFECT OF FINAL APPROVAL?

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment, and dismiss the case. The release by Settlement Class Members will take effect. All members of the Settlement Class will release any and all rights, duties, obligations, claims, actions, causes of actions, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, from the beginning of time to the date of Preliminary Approval, that were or could have been alleged in the Complaint by Plaintiff Wigod on behalf of the Settlement Class, arising out of or relating in any way to the servicing of their mortgage loans, that falls within the Class Definition or the policies, systems, standards, practices, and procedures used by Wachovia/Raleigh and Wells Fargo for reviewing, providing, accepting, denying, or otherwise determining eligibility in connection with Class Members' HAMP loan modification applications, trial plans, and/or Permanent Modification agreements. Please refer to Section 4 of the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not timely exclude themselves (or "opt-out") from the Settlement Class will <u>not</u> be permitted to continue to assert Released Claims in any other litigation against Defendant or other persons and entities covered by the release. You can obtain a copy of the Settlement Agreement from the Clerk of the Court, online at www.WigodHAMPSettlement.com, or by writing to the Settlement Administrator at: *Wigod v. Wells Fargo* Bank Settlement Administrator, PO Box 4087, Portland, OR 97208-4087. If you do not wish to be a Settlement Class Member, you must exclude yourself from the Settlement Class (see Question No. 7, above).

**If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes that the Settlement Class will recover more than is provided for under the Settlement or that it will recover anything at all.**

## 10. WHEN AND WHERE WILL THE COURT HOLD A HEARING ON THE FAIRNESS OF THE SETTLEMENT?

A Fairness Hearing has been set for October 24, 2014 at 1:00 p.m., before Judge Elaine Bucklo in Courtroom 2243 at the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. **At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Settlement Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.**

<u>Note</u>: The date and time of the Fairness Hearing are subject to change by Court Order.

## 11. DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING?

You do not need to attend the Fairness Hearing to remain a Class Member, apply for a loan modification review, or submit a claim for a cash payment. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Settlement Class Counsel for attorneys' fees and expenses by following the instructions in Question No. 8 above.

M3816 v.11 07.31.2014   QUESTIONS? VISIT WWW.WIGODHAMPSETTLEMENT.COM OR CALL 1-800-572-1168.

6

## 12. HOW DO I RECEIVE MY SHARE OF THE SETTLEMENT?

**If you do not exclude yourself from the Settlement Class and would like to be considered for a Permanent Modification or receive money, you must submit a timely and valid Claim Form as set forth in the answer to Question No. 5 above. The Claim Form you submit must be for the Settlement Group (1-3) to which you have been assigned based on the status of your loan.** To be eligible for a payment or loan modification review pursuant to the Settlement, a Settlement Class Member must submit a Claim Form that (i) is submitted online via the Settlement Website, emailed, or postmarked by October 10, 2014; (ii) contains all of the required information and documentation set forth in the Claim Form; and (iii) is signed under penalty of perjury by the member of the Settlement Class submitting the claim. Settlement Class Members who wish to receive a cash payment will also be required to submit to the Settlement Administrator a fully executed IRS Form W-9 or an acceptable substitute, copies of which will be available on the Settlement Website.

You can download a Claim Form from the Settlement Administrator by going to www.WigodHAMPSettlement.com and following the instructions provided on the website. You can also get a Claim Form by writing to the Settlement Administrator at: *Wigod v. Wells Fargo Bank* Settlement Administrator, PO Box 4087, Portland, OR 97208-4087, or calling toll-free 1-800-572-1168.

**Claims must be submitted to the Settlement Administrator by email or through the Settlement Website at www.WigodHAMPSettlement.com by October 10, 2014, or by mail to Wigod v. Wells Fargo Bank Settlement Administrator, PO Box 4087, Portland, OR 97208-4087 postmarked by October 10, 2014.**

## 13. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will receive no payment from the Settlement. You will still be part of the Settlement Class, however, and subject to the release described in Section 4 of the Settlement Agreement; this means you will not be permitted to continue to assert Released Claims in any other case against Wells Fargo or other persons and entities covered by the release. Please refer to Sections 1.36, 1.37, and 4 of the Settlement Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

## 14. WHERE DO I GET ADDITIONAL INFORMATION?

This Notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information at www.WigodHAMPSettlement.com. You can also get more information by calling toll-free 1-800-572-1168. The Settlement Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of Illinois at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Clerks Office, Chicago, IL 60604.

If you would like additional information, you can write to Settlement Class Counsel at the address listed in Question No. 8.

### Please Do <u>Not</u> Contact the Court or the Judge
### with Questions about the Settlement.

M3817 v.11 07.31.2014   QUESTIONS? VISIT WWW.WIGODHAMPSETTLEMENT.COM OR CALL 1-800-572-1168.

7