# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| LORI WIGOD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE, f/k/a WACHOVIA MORTGAGE, FSB,<br><br>Defendant. | Case No: 1:10-cv-2348<br><br>Hon. Elaine E. Bucklo |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Court has considered the Class Action Settlement Agreement (the "Settlement") entered into by Plaintiff Lori Wigod, individually and as Class Representative of the Settlement Class, and Defendant Wells Fargo Bank, N.A. (dkt. 262-1), as well as Plaintiff's Motion for Final Approval of the Settlement Agreement (dkt. 274), Plaintiffs' Motion for Approval of Class Representative Incentive Award and Reasonable Attorneys' Fees (dkt. 270), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Fairness Hearing held on October 24, 2014, and the record in the Action, and good cause appearing, it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. Terms and phrases in this Order of Final Judgment shall have the same meaning as ascribed to them in the Settlement and papers filed in support thereof and the Court's Preliminary Approval Order. (dkt. 269.)

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. On June 27, 2014, the Court granted Preliminary Approval (dkt. 269) to the

Settlement and certified for settlement purposes the following Settlement Class:

> All borrowers (1) who received a HAMP TPP from Wachovia/Raleigh between March 1, 2009 and October 15, 2009 based on verified financial documentation, (2) whose HAMP TPP was signed by both the borrower and Wachovia (Raleigh), (3) who made all scheduled payments and satisfied all conditions set forth in the TPP and required by HAMP, (4) whose loan was transferred to Wells Fargo Home Mortgage for servicing in October 2009, and (5) who did not receive a permanent HAMP modification at any time after the transfer of servicing.
>
> Excluded from the Class are any Judge or Magistrate presiding over this Action and members of their immediate families, officers and directors (and members of their immediate families) of Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parent companies have a controlling interest, Persons who properly execute and file a timely Request for Exclusion from the Class, Persons who have already released their claims against Wells Fargo that are covered by this Settlement, and the legal representatives, successors or assigns of any such excluded persons.

4. The Court finds that the notice provided to the Settlement Class pursuant to the Agreement and order granting Preliminary Approval (dkt. 269), including (i) direct notice to the Settlement Class via U.S. Mail (ii) an interactive Settlement Website, (iii) Settlement Administrator call support and dedicated toll-free number, and (iv) supplemental direct telephone calls from Class Counsel fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement and their right to appear at the Fairness Hearing.

5. No Class Member has objected to any of the terms of the Settlement. The Court recognizes as valid opt out requests and hereby excludes the persons listed on Addendum A to this Order.

6. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. More than ninety (90) days have elapsed since Defendant provided

notice pursuant to CAFA.

7. This Court now gives final approval to the Settlement and finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims as set forth in Section 4.1 of the Settlement against the Released Parties. The Court finds that the consideration provided to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to the disputed factual and legal circumstances of and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arms' length negotiations between the Parties, including negotiations presided over by retired Magistrate Judge Morton J. Denlow of JAMS, support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement, implicit or otherwise.

8. The Court has specifically considered the factors relevant to class settlement approval, *see*, *e.g.*, *Synfuel Techs., Inc.* v. *DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006), including, *inter alia*, the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of Class Counsel, and the stage of the proceedings and amount of discovery completed at the time of settlement, and upon consideration of such factors finds that the settlement is fair, reasonable, and adequate to all concerned. The Parties are directed to consummate the Settlement

in accordance with its terms.

9. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement.

10. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11 This Court hereby dismisses the Action, as identified in the Settlement, on the merits and with prejudice.

12. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, from the beginning of time to the date of Preliminary Approval, that were or could have been alleged in the Complaint by Plaintiff Wigod on behalf of the Settlement Class arising out of or relating in any way to the servicing of their mortgage loan that falls within the Class Definition or the policies, systems, standards, practices, and procedures used by Wachovia/Raleigh and Wells Fargo for reviewing, providing, accepting, denying, or otherwise determining eligibility in connection with Class Members' HAMP loan modification applications, trial plans, and/or permanent modification agreements.

13. The release applies to claims that could have been raised in this Action by Plaintiff Wigod and that the Releasing Parties do not know or suspect to exist, which, if known by them, might have affected their decision to enter into this Agreement and to release the Released Parties or the Released Claims or might affect their decision to agree, object, or not object to the Settlement. The Releasing Parties shall be deemed to have, and shall have, by the date of Preliminary Approval, expressly waived and relinquished, to the fullest extent permitted by law all rights under 1542 of the California Civil Code and any comparable law.

14. The above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of the Class Representative and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

15. The Court has also considered Plaintiff's Motion for attorneys' fees to Class Counsel and adjudges that the payment of $3,450,000.00 is fair and reasonable under guiding Seventh Circuit precedent. *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994). This amount includes an award for Class Counsel's unreimbursed actual costs and expenses in the amount of $66,624.24. Such payments shall be made pursuant to and in the manner provided by the terms of the Settlement.

16. The Court has also considered Plaintiffs' Motion and Memorandum in Support of Final Approval (dkt. 274) and Motion for Class Member Incentive Award and Reasonable

Attorneys' Fees (dkt. 270) and supporting declarations for an incentive award to the Class Representative. The Court adjudges that provision of a loan modification to Lori Wigod for her efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. Such loan modification shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17. All payments made to Settlement Class Members pursuant to the Settlement that are not cashed within ninety (90) days of issuance shall remain the property of Wells Fargo except as provided for in the Agreement.

18. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

19. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all exhibits to the Settlement) so long as they are consistent in all material respects with this Judgment and do not limit the rights of Settlement Class Members.

20. Without affecting the finality of this Judgment for purposes of appeal, until the Effective Date, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement.

21. The Parties shall file a status report regarding the implementation of the Settlement by June 29, 2015.

22. Class Member Shelley Habetz shall have an additional 14 days from the entry of this Order to either file a claim or exclude herself from the Settlement. To the extent Ms. Habetz does not file any claim, she shall be deemed to have successfully excluded herself from the

Settlement.

23. Plaintiff's Motion for Leave to File a Third Amended Complaint (dkt. 264) is granted. The Third Amended Complaint shall be filed within 7 days.

24. This Court hereby directs entry of this Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Judgment.

Dated: Oct. 24, 2014

*Elaine E. Bucklo*

THE HONORABLE ELAINE E. BUCKLO

**ADDENDUM A**

*Wigod v. Wells Fargo Bank, N.A.*, 10-cv-2348 (N.D. Ill.)

The following Persons are excluded:

1. Q. Robinson, Sacramento, California

2. T. Robinson, Sacramento, California

3. A. Chinalski, Garfield, New Jersey