IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LORI WIGOD, on her own behalf and on behalf of the Settlement Class, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE, f/k/a WACHOVIA MORTGAGE, FSB, <br><br> Defendant. | Case No: 1:10-cv-02348 <br><br> Honorable Elaine E. Bucklo |

**JOINT STATUS REPORT REGARDING IMPLEMENTATION OF
CLASS ACTION SETTLEMENT**

Pursuant to the Court's entry of Final Judgment and Order of Dismissal With Prejudice (Dkt. 278 ¶ 21), Lori Wigod and the Settlement Class, by and through their counsel, and Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel (collectively the "Parties"), respectfully submit the following Joint Status Report regarding the implementation of the Class Action Settlement reached in this matter:

1. Since the Court's entry of the Final Judgment, Class counsel and counsel for Wells Fargo have worked diligently to guide class members through the settlement process.

2. Pursuant to the Settlement Agreement, the settlement class was divided into three groups:

    a. Group 1 was comprised of class members whose loans were still serviced by Wells Fargo but who were in default (more than 30 days past due). Group 1 class members were provided the opportunity to apply for loan modifications. If the class member submitted a complete loan modification application but was determined ineligible for a modification, the class member could request a "Relocation Agreement" that provided a monetary payment in exchange for the borrower's agreement to vacate the property;

    b. Group 2 was comprised of class members whose loans were still serviced by Wells Fargo and who were "current" on their loans (i.e., less than 31 days past due). Group 2 class members could apply for a loan modification or elect to receive a monetary payment. A Group 2 class member that submitted a complete loan modification and received an offer of a modification could accept the modification or request a monetary payment. Similarly, if Wells Fargo determined that the Group 2 class member was ineligible for a modification, the member could elect to receive a monetary payment.

    c. Group 3 was comprised of class members whose loans were no longer serviced by Wells Fargo due to foreclosure, short sale, deed-in-lieu, payoff, refinance, or servicing transfer. Group 3 members were eligible for monetary payments.

3. Promptly following the Court's Final Judgment, Class Counsel mailed written notices to each class member who submitted a timely claim form notifying class members of the next steps in the process. Since that time, Class Counsels' offices have received and fielded over 100 telephone calls, emails, and mail inquiries from settlement claimants.

4. During and in response to these inquiries, Class Counsel walked claimants through

the process. One of the most time-consuming aspects involved helping class members gather, assemble, and submit their loan modification application paperwork, which often consisted of hundreds of pages of documents. Class Counsel diligently reviewed class members' documents for completeness and assisted with the submission of such paperwork to Wells Fargo. Class Counsel further worked with Wells Fargo and the claimants individually to assist with the submission of any missing or further paperwork that Wells Fargo requested to complete the loan modification review process. This was a time consuming and borrower intensive process.

5. As further required under the Settlement, Class Counsel also reviewed the circumstances of each Group 3 claimant and, using a list of negotiated factors, determined the payments to each claimant. All told, approximately 42% of Group 3 Class Members were sent monetary payments under the Settlement, which in the aggregate exceeded $1 million.

6. Another component of the Settlement that has required substantial time and effort from Class Counsel and Wells Fargo's counsel is the voluminous email and telephone communications regarding specific circumstances affecting different claimants under the Settlement. Settlement Class Counsel and counsel for Wells Fargo worked cooperatively to address each class member's individual circumstances and, where reasonable and appropriate, made accommodations to ensure that as many class members as possible could obtain benefits under the Settlement.

7. A final area that required substantial time involved Class Counsel advising Settlement Class Members on their rights following a decision by Wells Fargo on their loan modification applications. Settlement Class Counsel advised dozens of claimants with respect to whether the offer from Wells Fargo was advantageous as compared to any available monetary benefit, and whether the Settlement Class Member should invest the necessary time and

resources appealing either: (1) the bank's decision that the claimant did not qualify for a modification offer, or (2) the terms of any modification offer that was made.

8. In addition to the Group 3 payments described above, 15 loan modification offers were extended to Group 1 and Group 2 Settlement Class Members (out of 32 class members who submitted completed loan modification applications). Another 77 Group 1 and Group 2 Settlement Class Members have elected to receive a monetary payment.

9. In total, 248 Settlement Class Members received either offers for loan modifications, monetary payments, or both because of the Settlement.

10. Settlement Class Counsel and counsel for Wells Fargo have worked diligently with the Settlement Administrator, Epiq Systems, to address inquiries promptly from Settlement Class Members and to ensure the timely submission of necessary paperwork. Counsel has also worked with Epiq to ensure the timely payment of settlement claims.

11. In sum, counsel believe that the Settlement has been implemented in accordance with its terms and will continue to resolve remaining claims. The Parties expect that the remaining settlement checks will be sent to class members in July 2015.

12. The Parties will provide any additional information requested by the Court.

- 5 -

Dated this 29th day of June, 2015            Respectfully submitted,

| | |
|---|---|
| LORI WIGOD and the Settlement Class, | WELLS FARGO BANK, N.A. |
| By:/s/ Steven L. Woodrow<br>One of the Plaintiffs' attorneys | By: *Irene C. Freidel*<br>One of its attorneys |
| Steven Lezell Woodrow<br>swoodrow@woodrowpeluso.com<br>**Woodrow & Peluso, LLC**<br>3900 East Mexico Ave.,<br>Suite 300<br>Denver, CO 80210<br><br>Jay Edelson<br>jedelson@edelson.com<br>Rafey S. Balabanian<br>rbalabanian@edelson.com<br>**Edelson PC**<br>350 North LaSalle Street, Suite 1300<br>Chicago, IL 60654 | Irene C. Freidel (N.D. Ill. Bar No. 559051)<br>irene.freidel@klgates.com<br>David D. Christensen (*pro hac vice*)<br>david.christensen@klgates.com<br>**K&L GATES LLP**<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>617.951.9154 (phone)<br>617.261.3175 (fax) |